1  Alejandro S. Angulo (State Bar No. 217823)
   aangulo@rutan.com
2  Joelle Leib (State Bar No. 340215)
   jleib@rutan.com
3  RUTAN & TUCKER, LLP
   18575 Jamboree Road, 9th Floor
4  Irvine, California 92612
   Telephone: 714-641-5100
5  Facsimile: 714-546-9035

6  Attorneys for Defendants
   ANDREW POLSKY, and SEFED
7

8             UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 | WINGSAIL HOLDINGS, LLC, a        | Case No. 8:23-CV-02398-JWH-DFM
   | Washington Corporation, and YUNFEI|
12 | "KRISTY" BAI, an individual,      | Judge: Hon. John W. Holcomb
13 |          Plaintiffs,              |
14 |     vs.                           | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO MOVE TRIAL DATE AND EXTEND DISCOVERY CUTOFF**
15 | ANDREW POLSKY, an individual, and |
   | SEFED, a California Corporation, and |
16 | DOES 1 through 10,                |
17 |          Defendants.              | [*Filed Concurrently with the Declaration of Alejandro S. Angulo*]
18 |                                   | Date Action Filed: December 18, 2023
   |                                   | Trial Date:        December 1, 2025
19

20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

-1-

Rutan & Tucker, LLP
attorneys at law

2998/037539-0004
22492656.1 a07/15/25

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION TO
CONTINUE TRIAL AND DISCOVERY CUT-OFF DATES

## I. INTRODUCTION

Discovery in this case began in November of 2024. (Angulo Decl. at ¶ 2.) During that time, plaintiffs Wingsail Holdings, LLC ("Wingsail") and Yunfei "Kristy" Bai ("Bai," and collectively with Wingsail, "Plaintiffs") have propounded just one set of requests for production of documents to each defendant, noticed one deposition (for three days before the discovery cut-off), and filed zero discovery motions. (Angulo Decl. at ¶¶ 2-6.)

Now, on their third set of attorneys and second amended complaint, Plaintiffs move *ex parte* (just days before the discovery cut-off), asking the Court to move the trial date, the discovery cut-off, and other related dates despite having spent the last eight months doing virtually nothing to prosecute this case. ([ECF No. 75], the "Application.")

For the reasons explained below, the Application should be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

On December 18, 2023, Wingsail filed the original complaint in this case—alleging, among other things, that defendants Andrew Polsky and SEFED (collectively, "Defendants") had breached their fiduciary duties and engaged in fraud. ([ECF No. 1], "Original Complaint".) Then, on March 15, 2024, the Court granted Wingsail's original counsel's motion for leave to withdraw as counsel and subsequently ordered their Original Complaint stricken in June of 2024 after Wingsail failed to obtain new counsel. ([ECF Nos. 30, 35].) On June 6, 2024, the Court entered "Judgment" in favor of Defendants. ([ECF 36], "Judgment".)

Eventually, on June 28, 2024, Wingsail obtained new counsel. ([ECF Nos. 37, 38].) On August 2, 2024, the Court vacated its Judgment and allowed Plaintiffs to filed an amended complaint. ([ECF No. 44], "Order Granting Motion for Reconsideration".) Accordingly, on August 23, 2024, Plaintiffs filed their First Amended Complaint.[1] ([ECF No. 46], "FAC".)

---

[1] The Court may recall that Plaintiffs' theory of the case changed dramatically

Rutan & Tucker, LLP
attorneys at law

2998/037539-0004
22492656.1 a07/15/25

-2-

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION TO
CONTINUE TRIAL AND DISCOVERY CUT-OFF DATES

On December 23, 2024, the Court entered its Scheduling Order, whereby it scheduled trial to begin on December 1, 2025 (the "Trial Date") and set the discovery cut-off date as July 25, 2025 (the "Discovery Cut-Off"). (Scheduling Order, [ECF No. 63].) On January 13, 2025, Plaintiffs filed their Second Amended Complaint. ([ECF No. 64], "Second Amended Complaint".) Fourteen days later, Defendants filed their motion to dismiss the Second amended Complaint. ([ECF No. 68, "Motion to Dismiss".) Then, on May 21, 2025, Plaintiffs again changed counsel. ([ECF No. 74], "Order Granting Substitution of Attorney".) On July 15, 2025, the Court denied Defendants' Motion to Dismiss and ordered their Answer due by August 1, 2025. ([ECF No. 76].)

### III. THE *EX PARTE* APPLICATION SHOULD BE DENIED

Plaintiffs argue that the Trial Date, the Discovery Cut-Off, and related dates should be continued *ex parte* because: (A) its new counsel needs additional time to get up to speed on the case; (B) it needs additional time to conduct discovery; (C) its new counsel is unavailable for the currently set December 1, 2025 trial date and will be on vacation for the July 22, 2025 deposition of Defendant Polsky (a deposition that Plaintiffs' current counsel noticed for that date); and (D) Defendants' Motion to Dismiss was not decided until July 15, 2025. None of these proffered justifications warrant granting the Application. ([ECF No. 75-2] at 1-2.)

Indeed, "[t]o justify *ex parte* relief, the moving party must make two showings: (1) 'the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures'; and (2) 'it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a

---

between its Original Complaint and First Amended Complaint. While Plaintiffs' initial theory largely revolved around allegations that Defendants had used an unsigned operating agreement to "string" Wingsail along, Plaintiffs entire theory of the case changed when Defendants confronted them with a signed copy of the operating agreement at issue. (*Compare e.g.*, Original Complaint [ECF No. 1] at ¶ 58 *with* Second Amended Complaint [ECF No. 64] at ¶ 13.)

-3-

2998/037539-0004
22492656.1 a07/15/25

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION TO
CONTINUE TRIAL AND DISCOVERY CUT-OFF DATES

Rutan & Tucker, LLP
attorneys at law

result of excusable neglect.'" *Valadez v. Cnty. of Los Angeles*, 2022 WL 19914191, at *1 (C.D. Cal. Nov. 18, 2022) (Holcomb, J.) (quoting *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Similarly, reaching the merits of the Application, a case's scheduling order should "only be modified 'for good cause and with the judge's consent.' Good cause is shown if the party seeking an extension acts with reasonable diligence." *Sadowski v. Hollywood Unlocked, Inc.*, 2020 WL 10506032, at *2 (C.D. Cal. Dec. 8, 2020) (citations omitted).

Plaintiffs fail both of these standards.

### A. Hiring New Counsel Who Is Not Available For The Trial Of This Matter Does Not Justify the Requested Relief

Plaintiffs request that the Court move the scheduled Trial Date, the Discovery Cut-Off, and related dates to give its "new[ly]" hired counsel additional time to get up to speed in this case. ([ECF No. 75-2] at 2.) However, this argument is without merit as this Court (along with many others) have long noted that, "*the arrival of new counsel . . . . does not warrant ex parte relief amending the trial schedule or reopening discovery.*" *12909 Cordary, LLC v. Berri*, 2024 WL 2037413, at *1 (C.D. Cal. Feb. 21, 2024) (Holcomb, J.) (citations omitted).

Furthermore, Plaintiffs obtaining new counsel this late in the case is entirely of their doing. Not only is this Plaintiffs' *third* set of attorneys in this case (*see* ECF Nos. 30, 74) but Plaintiffs' current attorneys have been on this case since May 21, 2025. Meanwhile, the Trial Date in this case is set for December 1, 2025—giving Plaintiffs' new attorneys more than enough time to get up to speed on this straightforward – and misguided – case.

### B. Plaintiffs Have Had Eight Months to Conduct Discovery

Plaintiffs also argue that the Application should be granted because their new counsel needs additional time to conduct discovery. However, discovery in this case has been ongoing since November of 2024 and is not set to close until July 25, 2025.

([ECF No. 63], the "Scheduling Order"; Angulo Decl. at ¶ 2.)

During this time, Plaintiffs have only propounded a single set of requests for production to each Defendant and noticed one deposition (for three days before the Discovery Cut-Off). (Angulo Decl. at ¶¶ 2-6.) Plaintiffs have not filed a single discovery motion in this case to date. (*Id.*)

Eight months was more than enough for Defendants to complete their discovery in this case. The fact that Plaintiffs chose to sit on their hands during this same period is entirely of their own doing. Now, on the eve of the Discovery Cut-Off, Plaintiffs shout "fire" and ask the Court to move the Discovery Cut-Off on an *ex parte* basis because its new attorneys want do conduct more discovery. But Plaintiffs complete lack of reasonable diligence in pursuing discovery over the last eight months forecloses any such relief. *See 12909 Cordary, LLC*, 2024 WL 2037413, at *1 (denying *ex parte* application to reopen discovery because "the arrival of new counsel . . . does not entitle parties to . . . otherwise set aside valid and binding order of the court, regardless of the efficiency of any new strategy counsel seeks to follow."); *Sadowski v. Hollywood Unlocked, Inc.*, 2020 WL 10506032, at *2 (C.D. Cal. Dec. 8, 2020) (Denying ex parte application to extend discovery cut-off date where "[moving parties] fail to show that they acted with reasonable diligence during the discovery process" because "[moving parties] waited to seek discovery until the eve of the discovery cutoff, even though they had ample time to do so beforehand.").

### C. The Supposed Unavailability of New Counsel Does Not Justify the Requested Relief

Similarly, Plaintiffs argue that the Application should be granted because their new counsel: is not available on the Trial Date and will be on a "family vacation" for the July 22, 2025 deposition of Defendant Polsky (a deposition that Plaintiffs' current counsel noticed). ([ECF No. 75-2] at 2.) Once again, these "crises" are entirely of Plaintiffs own making. *See Valadez*, 2022 WL 19914191, at

Rutan & Tucker, LLP
attorneys at law

2998/037539-0004
22492656.1 a07/15/25

-5-

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION TO
CONTINUE TRIAL AND DISCOVERY CUT-OFF DATES

\*1 ("To justify *ex parte* relief . . . it must be established that the moving party is without fault in creating the crisis that requires ex parte relief . . . .") (citations omitted).

The Trial Date has been set since December 23, 2024. (Scheduling Order, [ECF No. 63].) Plaintiffs were aware of this Trial Date when it hired new counsel, as was their new counsel. Now, months after retaining new counsel and on the eve of the Discovery Cut-Off, Plaintiffs suddenly claim to have discovered this conflict in dates. Additionally, the Application, Memorandum of Points and Authorities, and Deceleration of Plaintiffs' Counsel in Support Thereof all fail to actually provide the name or case number of this supposedly conflicting trial. (*See* [ECF Nos. 75, 75-1, 75-2.)

Again, the fact that Plaintiffs chose to hire counsel who are unavailable on the long-scheduled Trial Date is a problem of their own making. Defendants and their counsel have relied on this Trial Date for months now while planning their own schedules for the upcoming year. Plaintiffs should not be allowed to move this Trial Date by simply hiring counsel who are "unavailable" on those days. *Valadez*, 2022 WL 19914191, at \*1 (denying ex parte application to continue trial date where moving party claimed its attorneys were unavailable due to "other trials" because "[non-moving parties] have reasonable relied upon this trial date while planning their own trial schedule for the upcoming year.").

Relatedly, the assertion by Plaintiffs' attorney ("Mr. Buus") that he will be on a "family vacation" during the July 22, 2025 deposition of Defendant Polsky strains credulity given that *Mr. Buus is the one who noticed the deposition for that date*. ([ECF No. 75-1] at ¶ 4; Angulo Decl. at ¶ 4, Ex. A.) The fact that Mr. Buus "would prefer to spend time with my wife and children" should have been something he thought about before noticing a deposition during his "family vacation" and is not Defendants' problem. ([ECF No. 75-1] at 4.)

Rutan & Tucker, LLP
attorneys at law

2998/037539-0004
22492656.1 a07/15/25

-6-

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION TO
CONTINUE TRIAL AND DISCOVERY CUT-OFF DATES

### D. The Recently Decided Motion to Dismiss Does Not Warrant *Ex Parte* Relief

Lastly, Plaintiffs argue that the Application should be granted because Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (filed January 27, 2025) was not decided until July 15, 2025. However, moving the Trial Date, Discovery Cut-Off, and related dates at this stage is unwarranted for two reasons.

First, Plaintiffs have not acted with "reasonable diligence" in that they have done next to nothing to prosecute this case since discovery began, propounding only one set of requests for production per Defendant, noticing only one deposition (set for three days before the Discovery Cut-Off), and not filing any discovery motions in the past eight months. (Angulo Decl. at ¶¶ 2-6.) *See Sadowsk*, 2020 WL 10506032, at *2 (holding that scheduling order should only be modified if "the party seeking an extension acts with reasonable diligence."); *In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F. Supp. 2d 1005, 1017 (C.D. Cal. 2003) (denying *ex parte* application to continue discovery cut-off because, while discovery had been stayed for several months leading up to the discovery cut-off, the moving party had failed to "diligently purse discovery during the more than one year . . . when discovery was not stayed."); *Netlist Inc. v. Samsung Elecs. Co.*, 2021 WL 6103541, at *1 (C.D. Cal. July 7, 2021) ("If the party seeking the modification [of the scheduling order] 'was not diligent, the inquiry should end' and the motion to modify should not be granted.").

Indeed, this case has been pending since 2023 and the Plaintiffs have known this case's material issues and factual disputes all along. Defendants have worked diligently these past eight months to complete their discovery and prepare for the Trial Date. Plaintiffs could have and should have done the same, propounding the discovery requests necessary to investigate their theory of the case as outlined in the Second Amended Complaint. The fact that Plaintiffs may not have known exactly

what all of Defendants' affirmative defenses might be does not excuse them from seeking even the most basic discovery necessary to prove their own allegations. The Court should not step in to "save" Plaintiffs from their own indolence based solely on their specious argument that the lack of an operative answer in this case somehow prevented them from prosecuting their case entirely.

Second, Plaintiffs have long known about the now-impending Discovery Cut-Off and failed to bring a regularly notice motion for a continuance. *See Valadez*, 2022 WL 19914191, at *1 ("To justify *ex parte* relief . . . it must be established that the moving party is without fault in creating the crisis that requires ex parte relief . . . .") (citations omitted). Indeed, Defendants' timely filed their Motion to Dismiss on January 27, 2025—just 14 days after Plaintiffs' Filed their Second Amended Complaint. (ECF Nos. 64, 68.) There was ample time for Plaintiffs' to seek to continue the Trial Date and the Discovery Cut-Off date via a regularly noticed motion—in say late June or early July. *See, e.g.*, *Stone v. Signode Indus. Grp. LLC*, 2022 WL 3574287, at *1 (C.D. Cal. May 25, 2022) ("There is no basis for an ex parte application here, given Plaintiff's delay in filing the Motion"); *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("[F]iling an ex parte motion . . . is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire."). Instead, Plaintiffs' have knowingly waited until it is too late to file a regularly notice motion and then gone running to the Court for emergency relief. The Court should not indulge this behavior.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**IV. CONCLUSION**

    For the forgoing reasons, the Court should deny Plaintiffs' *Ex Parte* Application to Continue the Trial Date, Discovery Cut-Off, and related dates.

Dated: July 15, 2025        RUTAN & TUCKER, LLP

By: _____
Alejandro S. Angulo
Attorneys for Defendants
ANDREW POLSKY and SEFED