UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINGSAIL HOLDINGS, LLC, a Washington limited liability company, and YUNFEI "KRISTY" BAI, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>ANDREW POLSKY, an individual; ALTER MANAGEMENT, LLC, a California limited liability company; ALTER HEALTH GROUP, INC., a California corporation; ALTER LIFE SCIENCES, INC., a California corporation; ALTER LIFE SCIENCES, LLC, a California limited liability company; CAMBRIDGE MENTAL HEALTH MANAGEMENT LLC, a California limited liability company; SEFED, a California corporation; and DOES 1 through 10, and<br><br>    Defendants. | Case No. 8:23-cv-02398-JWH-DFM<br><br>**ORDER GRANTING PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO CONTINUE TRIAL AND RELATED DATES AND DEADLINES [ECF No. 75]** |

Before the Court is the *ex parte* application of Plaintiffs Wingsail Holdings, LLC, and Yunfei "Kristy" Bai to continue the trial date and to extend all related dates and deadlines.[1]  Defendants Andrew Polsky and SEFED (jointly, "Defendants") oppose the Application.[2]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons explained below, Plaintiffs' instant Application is **GRANTED**.

## I.  BACKGROUND

On December 23, 2024, the Court issued a Scheduling Order setting this action for trial on December 1, 2025, at 9:00 a.m.[3]  Plaintiffs filed the operative Amended Complaint in January 2025, and Defendants moved to dismiss.[4]  On July 14, 2025, Plaintiffs filed the instant Application.[5]  Plaintiffs ask the Court to continue the trial date and to grant a three-and-a-half month extension for three reasons:  (1) the Court had not yet issued an order on Defendants' Motion to Dismiss, and, therefore, Defendants had not yet filed an answer; (2) Plaintiffs recently changed attorneys, with new counsel substituting in as counsel of record on May 21, 2025, and the new counsel desired to conduct additional discovery; and (3) new counsel already has trial scheduled in a case pending in Los Angeles County Superior Court.[6]

The Court denied Defendants' motion to dismiss on July 15, 2025, and directed Defendants to file their respective answers to Plaintiffs' Amended

---

[1]  Pls.' *Ex Parte* Appl. to Amend Scheduling Order (the "Application") [ECF No. 75].

[2]  Defs.' Opp'n to the Application (the "Opposition") [ECF No. 77].

[3]  Scheduling Order [ECF No. 63].

[4]  Defs.' Mot. to Dismiss [ECF No. 68].

[5]  *See* Application.

[6]  *Id.* at 1:28-2:20.

Complaint no later than August 1, 2025.[7]  Also on July 15, 2025, Defendants filed an opposition to the Application.[8]  On July 16, 2025, Plaintiffs filed an additional declaration in support of their Application.[9]

## II.  LEGAL STANDARD

"The opportunities for legitimate *ex parte* applications are extremely limited."  *Lum v. Mercedes-Benz USA, LLC*, 2012 WL 13012454, at *1 (C.D. Cal. Jan. 5, 2012).  To justify *ex parte* relief, the moving party must make two showings:  (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect."  *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## III.  ANALYSIS

The second and third reasons that Plaintiffs raise in support of their instant request for a modification of the case schedule are not persuasive.  The mere fact that a party hires new counsel does not constitute good cause, nor does the fact that new counsel has a conflict with this case's trial date.  Indeed, perhaps new counsel should not have accepted the engagement, in view of that conflict.

Plaintiffs' first reason, however, is persuasive.  In view of the recently issued Order denying Defendants' motion to dismiss, the Court finds that, to avoid prejudice, Plaintiffs will require additional time for discovery following

---

[7]  Order Denying Defs.' Mot. to Dismiss [ECF No. 76]
[8]  *See* Opposition.
[9]  Decl. of William L. Buus in Supp. of the Application (the "Buus Declaration") [ECF No. 78].

their receipt of Defendants' answers. Accordingly, a three-and-a-half-month continuance is reasonable in this instance.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** that the Scheduling Order [ECF No. 63] is amended as follows:

| EVENT | DEADLINE |
|---|---|
| **Jury Trial** (Monday at 9:00 a.m.) | Monday, March 16, 2026 |
|  | 5 days |
| **Final Pretrial Conference** [L.R. 16] (Friday at 1:00 p.m.) | Friday, February 27, 2026 |
| **Hearing on Motions in Limine** (Friday at 9:00 a.m.) | Friday, February 20, 2026 |
| **Last Date to Hear Dispositive Motions** (Friday at 9:00 a.m.) | Friday, January 16, 2026 |
| **Last Date to Conduct Settlement Conference** | Friday, December 5, 2025 |
| **All Discovery Cut-Off** (including hearing all discovery motions) | Friday, November 7, 2025 |
| **Expert Disclosure** (Rebuttal) | Friday, October 24, 2025 |
| **Expert Disclosure** (Initial) | Friday, October 10, 2025 |

IT IS SO ORDERED.

Dated: July 22, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-4-