Alejandro S. Angulo (State Bar No. 217823)
aangulo@rutan.com
Joelle Leib (State Bar No. 340215)
jleib@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendants
ANDREW POLSKY and SEFED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINGSAIL HOLDINGS, LLC, a Washington Corporation, and YUNFEI "KRISTY" BAI, an individual, | Case No. 8:23-CV-02398-JWH-DFM |
| Plaintiffs, | Judge: Hon. John W. Holcomb |
| vs. | **DEFENDANTS ANDREW POLSKY AND SEFED'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| ANDREW POLSKY, an individual, and SEFED, a California Corporation, and DOES 1 through 10, | |
| Defendants. | Date Action Filed: August 23, 2024<br>Trial Date: None Set |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

1063/037539-0004
22507665.2 a08/01/25

-1-

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

Defendants ANDREW POLSKY and SEFED ("Defendants"), by and through their attorneys, Rutan & Tucker, LLP, answer the second amended complaint ("SAC") of plaintiffs WINGSAIL HOLDINGS, LLC ("Wingsail") and YUNFEI "KRISTY" BAI ("Bai", and collectively with Wingsail, "Plaintiffs") as follows:

## I.    <u>JURISDICTION AND VENUE</u>

1.    Defendants admit that Defendants are domiciled California and that this Court has subject matter jurisdiction over this action.  Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 1 of the SAC, and on that basis deny the remaining allegations of paragraph 1.

2.    Defendants admit that venue is proper in this district, as Defendants both reside in this judicial district.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 2 of the SAC.

## II.    <u>NATURE OF THE ACTION</u>

3.    Defendants admit that on or about July 31, 2018, Wingsail entered into a "Management and Investments Agreement" with MCAP Holdings, LLC ("MCAP") and that the document speaks for itself.  A copy of the Management and Investments Agreement is attached hereto as <u>Exhibit A</u>.  Defendants further admit that on or about October 13, 2018, Wingsail and MCAP amended the Management and Investments Agreement via the "First Amendment to the Management and Investments Agreement" and that the document speaks for itself.  A copy of the First Amendment to the Management and Investments Agreement is attached hereto as <u>Exhibit B</u>.  Defendants further admit that that on or about July 22, 2019, Wingsail; Syzygy Management Group, LLC ("Syzygy"); Pan Pacific Strategies, LLC ("Pan Pacific"); and Medify Management, LLC ("Medify") executed the "Alter Operating Agreement" (which was retroactively effective back to July 27, 2018) and that the document speaks for itself.  A copy of the Alter Operating Agreement is attached hereto as <u>Exhibit C</u>.  Defendants further admit that on or

about July 16, 2019, Wingsail and SEFED entered into a "Promissory Note" and "Loan and Pledge Agreement" and that the documents speak for themselves. Copies of the Promissory Note and Loan and Pledge Agreement are respectively attached hereto as <u>Exhibits D and E</u>.  Defendants further admit that thereinafter Wingsail defaulted on the Promissory Note and Loan and Pledge Agreement and that on or about April 6, 2020, SEFED and Wingsail executed an "Agreement to Accept Collateral in Full Satisfaction of Obligations" that was "effective December 31, 2019" and the document speaks for itself.  A true and correct coy of the Agreement to Accept Collateral in Full Satisfaction of Obligations is attached hereto as <u>Exhibit F</u>.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 3 of the SAC.

### III.    PARTIES

4.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the SAC, and on that basis deny the allegations of paragraph 4.

5.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the SAC, and on that basis deny the allegations of paragraph 5.

6.    Defendants admit the allegations of paragraph 6 of the SAC.

7.    Defendants admit the allegations of paragraph 7 of the SAC.

8.    Defendants deny the allegations of paragraph 8 of the SAC.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Rutan & Tucker, LLP**
*attorneys at law*

1063/037539-0004
22507665.2 a08/01/25

-3-

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

# IV.  GENERAL ALLEGATIONS

9.    Defendants admit the allegations of paragraph 9 of the SAC.

10.    Defendants admit that they were introduced to Plaintiffs in or around April of 2018 by Fu-Shen "Max" Chang ("Chang"), that Chang was a manager of MCAP at this time, and that Polsky was seeking capital investments for a behavioral and mental healthcare and drug rehabilitation business.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10 of the SAC, and on that basis deny the remaining allegations of paragraph 10 of the SAC.

11.    Defendants admit that that on or about July 22, 2019, Wingsail; Syzygy; Pan Pacific; and Medify executed the Alter Operating Agreement (which was retroactively effective back to July 27, 2018) and that the document speaks for itself.  Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief about the what Plaintiffs were "expecting" and on that basis denies all such allegations in paragraph 11 of the SAC.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 11 of the SAC.

12.    Defendants admit that that on or about July 22, 2019, Wingsail; Syzygy; Pan Pacific; and Medify executed the Alter Operating Agreement (which was retroactively effective back to July 27, 2018) and that the document speaks for itself.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 12 of the SAC.

13.    Defendants admit that that on or about July 22, 2019, Wingsail; Syzygy; Pan Pacific; and Medify executed the Alter Operating Agreement (which was retroactively effective back to July 27, 2018) and that the document speaks for itself.  Defendants further admit that by the end of March 2019, Wingsail had invested ~$730,000 into Alter under the Alter Operating Agreement.  Except as expressly admitted herein, Defendants lack knowledge or information sufficient to

Rutan & Tucker, LLP
attorneys at law

1063/037539-0004
22507665.2 a08/01/25

-4-

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

form a belief regarding what Plaintiffs "based" their investments on or "relied" upon, and on that basis denies all such allegations in paragraph 13 of the SAC. Except as expressly admitted herein, Defendants deny the allegations of paragraph 13 of the SAC.

14.    Defendants admit that on August 16, 2019, Wingsail and SEFED entered into the Promissory Note and Loan and Pledge Agreement and that the documents speak for themselves. Defendants further admit that a this time, Polsky controlled SEFED. Except as expressly admitted herein, Defendants deny the allegations of paragraph 14 of the SAC. .

15.    Defendants admit that on August 16, 2019, Wingsail and SEFED entered into the Promissory Note and Loan and Pledge Agreement, and that the documents speak for themselves. Defendants further admit that Wingsail defaulted on said agreements. Except as expressly admitted herein, Defendants deny the allegations of paragraph 15 of the SAC.

16.    Defendants admit that while SEFED may have been willing to work with Wingsail to help it avoid defaulting on the Promissory Note and Loan and Pledge Agreement, the Promissory Note and Loan and Pledge Agreement were fully integrated agreements that could only be modified via a written and signed amendment (which never occurred). Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief regarding what Plaintiffs were "concerned" about and on that basis denies all such allegations in paragraph 16 of the SAC. Except as expressly admitted herein, Defendants deny the allegations of paragraph 16 of the SAC.

/ / /

/ / /

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

1063/037539-0004
22507665.2 a08/01/25

-5-

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

17.    Defendants admit that in or about October 2019, Wingsail transferred approximately $200,000 to repay a loan Wingsail had taken from Jordan Mallin ("Mallin") in April 2019.  Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief regarding what Plaintiffs "understood" or "believed" this money would be used for and on that basis denies all such allegations in paragraph 17 of the SAC.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 17 of the SAC.

18.    Defendants admit that in total, Wingsail invested ~$731,840 into Alter. Except as expressly admitted herein, Defendants deny the allegations of paragraph 18 of the SAC.

19.    Defendants deny that the October 2019 transfer of $199,980 was for Alter, but allege that it was instead to repay a loan Wingsail had taken from Mallin in April 2019.  Defendants admit that while SEFED may have been willing to work with Wingsail to help it cure its defaults on Promissory Note and Loan and Pledge Agreement, the Promissory Note and Loan and Pledge Agreement were fully integrated agreements that could only be modified via a written and signed amendment (which never occurred).  Except as expressly admitted herein, Defendants deny the allegations of paragraph 19 of the SAC.

20.    Defendants admit that while SEFED may have been willing to work with Wingsail to help it cure its defaults on the Promissory Note and Loan and Pledge Agreement, the Promissory Note and Loan and Pledge Agreement were fully integrated agreements that could only be modified via a written and signed amendment (which never occurred).  Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief regarding how changes in the ownership of Alter would have affected Bai's immigration status and on that basis denies all such allegations in paragraph 20 of the SAC.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 20 of the SAC.

Rutan & Tucker, LLP
attorneys at law

1063/037539-0004
22507665.2 a08/01/25
-6-
DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

21.    Defendants admit that on or about October 8, 2020, Bai texted Polsky "How is the Business?" and Polsky texted Bai "Business is going ok" but that raising money and producing additional revenue opportunities "will make the existing business more profitable so we can return capital to you hopefully sooner than later."  Defendants further admit that Polsky texted Bai "Do you intend to file your e2?" Except as expressly admitted herein, Defendants deny the allegations of paragraph 21 of the SAC.

22.    Defendants admit that on or about October 8, 2020, Polsky texted Bai that "we have to do two things for you[.] Have to pay you back, and get you your E2 if you want it" and that Bai texted Polsky "Yes."  Defendants further admit that on or about April 6, 2020, SEFED and Wingsail executed an Agreement to Accept Collateral in Full Satisfaction of Obligations that was "effective December 31, 2019" and that the document speaks for itself.  Defendants further admit Alter has not returned the money that Wingsail invested in it.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 22 of the SAC.

23.    Defendants admit that while SEFED may have been willing to work with Wingsail to help it cure its defaults on the Promissory Note and Loan and Pledge Agreement, the Promissory Note and Loan and Pledge Agreement were fully integrated agreements that could only be modified via a written and signed amendment (which never occurred).  Except as expressly admitted herein, Defendants deny the allegations of paragraph 23 of the SAC.

24.    Defendants admit that on or about August 31, 2021 Polsky stated in an email to Chang that SEFED was still willing to work with Wingsail help it cure its defaults on the Promissory Note and Loan and Pledge Agreement so that it could ultimately reacquire its membership interest in Alter.  Defendants further admit that shortly thereafter, Polsky and Chang had a phone call to the same effect.  Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief regarding Chang's statements to Plaintiffs or what effect those

Rutan & Tucker, LLP
attorneys at law

1063/037539-0004
22507665.2 a08/01/25

-7-

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

statements had on Plaintiffs, and on that basis deny all such allegations in paragraph 24 of the SAC. Except as expressly admitted herein, Defendants deny the allegations of paragraph 24 of the SAC.

25.     Defendants admit that on or about April 6, 2020, SEFED and Wingsail executed an Agreement to Accept Collateral in Full Satisfaction of Obligations that was "effective December 31, 2019" and that the document speaks for itself. Except as expressly admitted herein, Defendants deny the allegations of paragraph 25 of the SAC.

26.     Defendants admit that Wingsail's October 2019 transfer of $199,980 was to repay a loan Wingsail had taken from Mallin in April 2019. Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief regarding what Plaintiffs are "[]aware" of, and on that basis denies all such allegations in paragraph 26 of the SAC. Except as expressly admitted herein, Defendants deny the allegations of paragraph 26 of the SAC.

27.     Defendants deny the allegations of paragraph 27 of the SAC.

28.     Defendants admit that Wingsail defaulted on the Promissory Note and Loan and Pledge Agreement. Defendants further admit that on or about April 6, 2020, SEFED and Wingsail executed an Agreement to Accept Collateral in Full Satisfaction of Obligations that was "effective December 31, 2019" and that the document speaks for itself. Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief regarding Bai's immigration status, how that status may have changed under different hypothetical circumstances, and what motivated her investments in Alter, and on that basis denies all such allegations in paragraph 28 of the SAC. Except as expressly admitted herein, Defendants deny the allegations of paragraph 28 of the SAC.

/ / /

/ / /

/ / /

## V.   DISCOVERY RULE & FRAUDULENT CONCEALMENT

29.   Defendants admit that while SEFED may have been willing to work with Wingsail to help it cure its defaults on the Promissory Note and Loan and Pledge Agreement, the Promissory Note and Loan and Pledge Agreement were fully integrated agreements that could only be modified via a written and signed amendment (which never occurred).  Defendants further admit that on or about April 6, 2020, SEFED and Wingsail executed an Agreement to Accept Collateral in Full Satisfaction of Obligations that was "effective December 31, 2019" and that the document speaks for itself.  Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiffs' beliefs, impressions, or intent and on that basis denies all such allegations in paragraph 29 of the SAC.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 29 of the SAC.

30.   Defendants deny the allegations of paragraph 30 of the SAC.

## VI.   RELATION TO PRIOR CLAIMS

31.   Defendants admit Polsky and Change have been involved in a separate lawsuit *Polsky v. Chang, et al.*, Case No. 8:23-CV-00225-CJC-ADS(x).  Except as expressly admitted herein, Defendants deny the allegations of paragraph 31 of the SAC.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Breach of Fiduciary Duty

### (By Plaintiffs Against Polsky)

32.   Defendants incorporate by reference each of their responses in the proceeding paragraphs as though fully set forth herein.

33.   Defendants deny the allegations of paragraph 33 of the SAC.

34.   Defendants admit that on or about July 31, 2018, Wingsail entered into Management and Investments Agreement with MCAP and that the document speaks

Rutan & Tucker, LLP
attorneys at law

1063/037539-0004
22507665.2 a08/01/25

-9-

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

1  for itself.  Except as expressly admitted herein, Defendants lack knowledge or
2  information sufficient to form a belief regarding Plaintiffs' understandings, beliefs,
3  or intent and on that basis denies all such allegations in paragraph 34 of the SAC.
4  Except as expressly admitted herein, Defendants deny the allegations of paragraph
5  34 of the SAC.

6       35.    Defendants admit that on August 16, 2019, Wingsail and SEFED
7  entered into the Promissory Note and Loan and Pledge Agreement and that the
8  documents speak for themselves.  Except as expressly admitted herein, Defendants
9  lack knowledge or information sufficient to form a belief regarding Plaintiffs'
10  understandings, beliefs, or what they relied upon and on that basis denies all such
11  allegations in paragraph 35 of the SAC.  Except as expressly admitted herein,
12  Defendants deny the allegations of paragraph 35 of the SAC.

13       36.    Defendants deny the allegations of paragraph 36 of the SAC.

14       37.    Defendants admit that on August 16, 2019, Wingsail and SEFED
15  entered into the Promissory Note and Loan and Pledge Agreement and that the
16  documents speak for themselves.  Defendants further admit that while SEFED may
17  have been willing to work with Wingsail to help it cure its defaults on the
18  Promissory Note and Loan and Pledge Agreement, the Promissory Note and Loan
19  and Pledge Agreement were fully integrated agreements that could only be modified
20  via a written and signed amendment (which never occurred).  Except as expressly
21  admitted herein, Defendants deny the allegations of paragraph 37 of the SAC.

22       38.    Defendants deny the allegations in paragraph 38 of the SAC.

23       39.    Defendants deny the allegations in paragraph 39 of the SAC.

24       40.    Defendants deny the allegations of paragraph 40 of the SAC.

25       41.    Defendants deny the allegations of paragraph 41 of the SAC.

26  / / /
27  / / /
28  / / /

Rutan & Tucker, LLP
attorneys at law

1063/037539-0004
22507665.2 a08/01/25

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

## **SECOND CLAIM FOR RELIEF**

### **Constructive Fraud (Cal. Civ. Code § 1573)**

### **(By Plaintiffs Against All Defendants)**

42.    Defendants incorporate by reference each of their responses in the proceeding paragraphs as though fully set forth herein.

43.    Defendants deny the allegations of paragraph 43 of the SAC.

44.    Defendants lack sufficient information and knowledge to form a belief regarding the allegations of paragraph 44 of the SAC, and on that basis deny the allegations of paragraph 44 of the SAC.

45.    Defendants admit that on or about July 31, 2018, Wingsail entered into Management and Investments Agreement with MCAP and that the document speaks for itself.  Defendants further admit that at this time, Polsky was the president of MCAP.  Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief regarding Bai's "overarching purpose" for investing in Alter and what her immigration status would be under various hypothetical scenarios, and on that basis denies all such allegations in paragraph 45 of the SAC.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 45 of the SAC.

46.    Defendants admit that on August 16, 2019, Wingsail and SEFED entered into the Promissory Note and Loan and Pledge Agreement and that the documents speak for themselves.  Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief regarding what Plaintiffs understood, believed, or relied on and on that basis denies all such allegations in paragraph 46 of the SAC.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 46 of the SAC.

47.    Defendants deny the allegations of paragraph 47 of the SAC.

48.    Defendants deny the allegations of paragraph 48 of the SAC.

/ / /

Rutan & Tucker, LLP
attorneys at law

1063/037539-0004
22507665.2 a08/01/25

-11-

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

49.     Defendants admit that on or about April 6, 2020, SEFED and Wingsail executed an Agreement to Accept Collateral in Full Satisfaction of Obligations that was "effective December 31, 2019" and that the document speaks for itself. Defendants further admit that while SEFED may have been willing to work with Wingsail to help it cure its defaults on the Promissory Note and Loan and Pledge Agreement—the Promissory Note, the Loan and Pledge Agreement, and the Agreement to Accept Collateral in Full Satisfaction of Obligations were fully integrated agreements that could only be modified via a written and signed amendment (which never occurred).  Except as expressly admitted herein, Defendants deny the allegations of paragraph 49 of the SAC.

50.     Defendants deny the allegations in paragraph 50 of the SAC.

51.     Defendants deny the allegations of paragraph 51 of the SAC.

52.     Defendants admit that Wingsail's October 2019 transfer of $199,980 was made to repay a loan Wingsail had taken out from Mallin in April of 2019. Except as expressly admitted herein, Defendants deny the allegations of paragraph 52 of the SAC.

53.     Defendants deny the allegations of paragraph 53 of the SAC.

54.     Defendants lack sufficient knowledge regarding Bai's immigration status, how her immigration status would change under various hypothetical scenarios, and Plaintiffs' purposes for investing in Alter and on that basis deny such allegations of paragraph 54 of the SAC.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 54 of the SAC.

55.     Defendants deny the allegations of paragraph 55 of the SAC.

56.     Defendants deny the allegations of paragraph 56 of the SAC.

57.     Defendants deny the allegations of paragraph 57 of the SAC.

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

1063/037539-0004
22507665.2 a08/01/25

-12-

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

### **THIRD CLAIM FOR RELIEF**

**Fraud (Cal. Civ. Code § 1710)**

**(By Plaintiffs Against All Defendants)**

58.    Defendants incorporate by reference each of their responses in the proceeding paragraphs as though fully set forth herein.

59.    Defendants admit that Polsky owns and controls SEFED.  Defendants further admit that on or about April 6, 2020, SEFED and Wingsail executed an Agreement to Accept Collateral in Full Satisfaction of Obligations that was "effective December 31, 2019" and that the document speaks for itself.  Defendants further admit that while SEFED may have been willing to work with Wingsail to help it cure its defaults on the Promissory Note and Loan and Pledge Agreement— the Promissory Note, the Loan and Pledge Agreement, and the Agreement to Accept Collateral in Full Satisfaction of Obligations were fully integrated agreements that could only be modified via a written and signed amendment (which never occurred). Except as expressly admitted herein, Defendants deny the allegations of paragraph 59 of the SAC.

60.    Defendants deny the allegations of paragraph 60 of the SAC.

61.    Defendants deny the allegations of paragraph 61 of the SAC.

62.    Defendants deny the allegations of paragraph 62 of the SAC.

63.    Defendants admit that on or about April 6, 2020, SEFED and Wingsail executed an Agreement to Accept Collateral in Full Satisfaction of Obligations that was "effective December 31, 2019" and that the document speaks for itself.  Except as expressly admitted herein, Defendants lack sufficient knowledge to form a belief regarding Bai's immigration status, how her immigration status would change under various hypothetical scenarios, and Plaintiffs' purposes for investing in Alter and on that basis deny such allegations of paragraph 63 of the SAC.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 63 of the SAC.

/ / /

Rutan & Tucker, LLP
attorneys at law

1063/037539-0004
22507665.2 a08/01/25                                            -13-

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

64.    Defendants deny the allegations of paragraph 64 of the SAC.

65.    Defendants deny the allegations of paragraph 65 of the SAC.

66.    Defendants deny the allegations of paragraph 66 of the SAC.

## FOURTH CLAIM FOR RELIEF

### Promissory Estoppel/Waiver

### (By Plaintiffs Against All Defendants)

67.    Defendants incorporate by reference each of their responses in the proceeding paragraphs as though fully set forth herein.

68.    Defendants admit that on or about April 6, 2020, SEFED and Wingsail executed an Agreement to Accept Collateral in Full Satisfaction of Obligations that was "effective December 31, 2019" and that the document speaks for itself. Defendants further admit that while SEFED may have been willing to work with Wingsail to help it cure its defaults on the Promissory Note and Loan and Pledge Agreement—the Promissory Note, the Loan and Pledge Agreement, and the Agreement to Accept Collateral in Full Satisfaction of Obligations were fully integrated agreements that could only be modified via a written and signed amendment (which never occurred).  Except as expressly admitted herein, Defendants deny the allegations of paragraph 68 of the SAC

69.    Defendants admit that on August 16, 2019, Wingsail and SEFED entered into the Promissory Note and Loan and Pledge Agreement and that the documents speak for themselves.  Except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief regarding what Plaintiffs understood, believed, or relied on and on that basis denies all such allegations in paragraph 69 of the SAC.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 69 of the SAC.

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

1063/037539-0004
22507665.2 a08/01/25

-14-

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

70.   Defendants admit that under the Management and Investments Agreement, MCAP was required to "Maintain the assets and businesses of the Company in good standing, order and operating condition."  Except as expressly admitted herein, Defendants deny the allegations of paragraph 70 of the SAC.

71.   Defendants deny the allegations in paragraph 71 of the SAC.

72.   Defendants admit that on or about April 6, 2020, SEFED and Wingsail executed an Agreement to Accept Collateral in Full Satisfaction of Obligations that was "effective December 31, 2019" and that the document speaks for itself. Defendants further admit that while SEFED may have been willing to work with Wingsail to help it cure its defaults on the Promissory Note and Loan and Pledge Agreement—the Promissory Note, the Loan and Pledge Agreement, and the Agreement to Accept Collateral in Full Satisfaction of Obligations were fully integrated agreements that could only be modified via a written and signed amendment (which never occurred).  Except as expressly admitted herein, Defendants deny the allegations of paragraph 72 of the SAC.

73.   Defendants deny the allegations of paragraph 73 of the SAC.

74.   Defendants deny the allegations of paragraph 74 of the SAC.

75.   Defendants admit that Wingsail's October 2019 transfer of $199,980 was made to repay a loan Wingsail had taken out from Mallin in April of 2019. Except as expressly admitted herein, Defendants deny the allegations of paragraph 75 of the SAC.

76.   Defendants deny the allegations of paragraph 76 of the SAC.

77.   Defendants admit that on or about April 6, 2020, SEFED and Wingsail executed an Agreement to Accept Collateral in Full Satisfaction of Obligations that was "effective December 31, 2019" and that the document speaks for itself.  Except as expressly admitted herein, Defendants lack sufficient knowledge to form a belief regarding Bai's immigration status, how her immigration status would change under various hypothetical scenarios, and Plaintiffs' purposes for investing in Alter and on

1  that basis deny such allegations of paragraph 77 of the SAC.  Except as expressly

2  admitted herein, Defendants deny the allegations of paragraph 77 of the SAC.

3      78.    Defendants deny the allegations of paragraph 78 of the SAC.

4      79.    Defendants deny the allegations of paragraph 79 of the SAC.

5      80.    Defendants deny the allegations of paragraph 80 of the SAC.

6  **FIFTH CLAIM FOR RELIEF**

7  **Rescission and Declaratory Relief**

8  **(By Plaintiffs Against All Defendants)**

9      81.    Defendants incorporate by reference each of their responses in the

10 proceeding paragraphs as though fully set forth herein.

11     82.    Defendants deny the allegations of paragraph 82 of the SAC.

12     83.    Defendants deny the allegations of paragraph 83 of the SAC.

13     84.    Defendants deny the allegations of paragraph 84 of the SAC.

14     85.    Defendants deny the allegations of paragraph 85 of the SAC.

15 **SIXTH CLAIM FOR RELIEF**

16 **Conversion**

17 **(By Plaintiffs Against All Defendants)**

18     86.    Defendants incorporate by reference each of their responses in the

19 proceeding paragraphs as though fully set forth herein.

20     87.    Defendants admit that that on or about July 22, 2019, Wingsail;

21 Syzygy; Pan Pacific; and Medify executed the Alter Operating Agreement (which

22 was retroactively effective back to July 27, 2018) and that the document speaks for

23 itself.  Defendants further admit that on or about April 6, 2020, SEFED and

24 Wingsail executed an Agreement to Accept Collateral in Full Satisfaction of

25 Obligations that was "effective December 31, 2019" and that the document speaks

26 for itself.  Except as expressly admitted herein, Defendants deny the allegations of

27 paragraph 87 of the SAC.

28 / / /

Rutan & Tucker, LLP
attorneys at law

1063/037539-0004
22507665.2 a08/01/25

-16-

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

88.     Defendants deny the allegations of paragraph 88 of the SAC.

89.     Defendants admit that on or about April 6, 2020, SEFED and Wingsail executed an Agreement to Accept Collateral in Full Satisfaction of Obligations that was "effective December 31, 2019" and that the document speaks for itself.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 89 of the SAC.

90.     Defendants deny the allegations of paragraph 90 of the SAC.

91.     Defendants deny the allegations of paragraph 91 of the SAC.

92.     Defendants deny the allegations of paragraph 92 of the SAC.

93.     Defendants deny the allegations of paragraph 93 of the SAC.

## SEVENTH CLAIM FOR RELIEF

### Theft – Cal. Pen. Code § 4296(c)

### (By Plaintiffs Against All Defendants)

94.     Defendants incorporate by reference each of their responses in the proceeding paragraphs as though fully set forth herein.

95.     Defendants deny the allegations of paragraph 95 of the SAC.

96.     Defendants admit that on or about April 6, 2020, SEFED and Wingsail executed an Agreement to Accept Collateral in Full Satisfaction of Obligations that was "effective December 31, 2019" and that the document speaks for itself.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 96 of the SAC.

97.     Defendants deny the allegations of paragraph 97 of the SAC.

98.     Defendants deny the allegations of paragraph 98 of the SAC.

/ / /

/ / /

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

1063/037539-0004
22507665.2 a08/01/25

-17-

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

## EIGHTH CLAIM FOR RELIEF

### Restoration of Property Pursuant to Cal. Civ. Code § 1712

### (By Bai Against All Defendants)

99.    Defendants incorporate by reference each of their responses in the proceeding paragraphs as though fully set forth herein.

100.    Defendants deny the allegations of paragraph 100 of the SAC.

101.    Defendants admit that on or about April 6, 2020, SEFED and Wingsail executed an Agreement to Accept Collateral in Full Satisfaction of Obligations that was "effective December 31, 2019" and that the document speaks for itself.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 101 of the SAC.

102.    Defendants deny the allegations of paragraph 102 of the SAC.

103.    Defendants deny the allegations of paragraph 103 of the SAC.

## NINTH CLAIM FOR RELIEF

### Unjust Enrichment/ Constructive Trust

### (By Plaintiffs Against All Defendants)

104.    Defendants incorporate by reference each of their responses in the proceeding paragraphs as though fully set forth herein.

105.    Defendants admit that on or about April 6, 2020, SEFED and Wingsail executed an Agreement to Accept Collateral in Full Satisfaction of Obligations that was "effective December 31, 2019" and that the document speaks for itself.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 105 of the SAC.

106.    Defendants deny the allegations of paragraph 106 of the SAC.

107.    Defendants deny the allegations of paragraph 107 of the SAC.

108.    Defendants deny the allegations of paragraph 108 of the SAC.

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

1063/037539-0004
22507665.2 a08/01/25

-18-

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

**TENTH CLAIM FOR RELIEF**

**Accounting**

**(By Plaintiffs Against All Defendants)**

109.   Defendants incorporate by reference each of their responses in the proceeding paragraphs as though fully set forth herein.

110.   Defendants admit that on or about April 6, 2020, SEFED and Wingsail executed an Agreement to Accept Collateral in Full Satisfaction of Obligations that was "effective December 31, 2019" and that the document speaks for itself.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 110 of the SAC.

111.   Defendants deny the allegations of paragraph 111 of the SAC.

112.   Defendants deny the allegations of paragraph 112 of the SAC.

113.   Defendants deny the allegations of paragraph 113 of the SAC.

114.   Defendants deny the allegations of paragraph 114 of the SAC.

115.   Defendants deny the allegations of paragraph 115 of the SAC.

116.   Defendants deny the allegations of paragraph 116 of the SAC.

117.   Defendants deny the allegations of paragraph 117 of the SAC.

**ELEVENTH CLAIM FOR RELIEF**

**Unfair, Unlawful, and Fraudulent Business Practices**

**(Cal. Bus. & Prof. Code § 17200 et seq.)**

**(By Plaintiffs Against All Defendants)**

118.   Defendants incorporate by reference each of their responses in the proceeding paragraphs as though fully set forth herein.

119.   Defendants admit the allegations of paragraph 119 of the SAC.

120.   Defendants deny the allegations of paragraph 120 of the SAC.

121.   Defendants deny the allegations of paragraph 121 of the SAC.

122.   Defendants deny the allegations of paragraph 122 of the SAC.

123.   Defendants deny the allegations of paragraph 123 of the SAC.

Rutan & Tucker, LLP
attorneys at law

1063/037539-0004
22507665.2 a08/01/25

-19-

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

124.   Defendants deny that Plaintiffs are entitled to any relief whatsoever by way of the SAC.

125.   Defendants deny the allegations of paragraph 125 of the SAC.

## PLAINTIFFS' PRAYER FOR RELIEF

1.   Defendants deny that Plaintiffs are entitled to any relief whatsoever by way of the SAC.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

1.   Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein fail to state facts sufficient to constitute any claim for relief.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.   Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred by the applicable statue of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.   Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

4.   Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred because Defendants' conduct was reasonable, justified, in good faith, and/or innocent.

/ / /

/ / /

## FIFTH AFFIRMATIVE DEFENSE

### (No Causation)

5. Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred because Plaintiffs' damages, if any, were not caused by Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Intervening Causes)

6. Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred because Plaintiffs' damages, if any, were caused by the intervening and separate conduct of third parties.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

7. Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred because Plaintiffs lack standing.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

8. Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred because Plaintiffs and Defendants lack privity.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel and Waiver)

9. Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred by the doctrines of estoppel and wavier.

/ / /

/ / /

Rutan & Tucker, LLP
*attorneys at law*

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Indispensable Party)

3      10.    Defendants are informed and believe, and based thereon allege, that the

4  SAC and the claims for relief asserted therein are barred by Plaintiffs' failure to

5  name indispensable parties.

6

## ELEVENTH AFFIRMATIVE DEFENSE

7

### (Indemnity)

8      11.    Defendants are informed and believe, and based thereon allege, that the

9  SAC and the claims for relief asserted therein are barred because Plaintiffs'

10  damages, if any, were caused by the superseding conduct of third parties and,

11  accordingly, Defendants are entitled to total or partial offset from said third parties.

12

## TWELFTH AFFIRMATIVE DEFENSE

13

### (Unclean Hands )

14      12.    Defendants are informed and believe, and based thereon allege, that the

15  SAC and the claims for relief asserted therein are barred by the doctrine of unclean

16  hands.

17

## THIRTEENTH AFFIRMATIVE DEFENSE

18

### (Plaintiffs' Conduct)

19      13.    Defendants are informed and believe, and based thereon allege, that the

20  SAC and the claims for relief asserted therein are barred because Plaintiffs'

21  voluntary conduct pertaining to matters alleged in the SAC were the actual and

22  proximate cause of all damages alleged in the Complaint.

23

## FOURTEENTH AFFIRMATIVE DEFENSE

24

### (Contributory Fault and/or Comparative Fault)

25      14.    Defendants are informed and believe, and based thereon allege, that the

26  SAC and the claims for relief asserted therein are barred by the doctrines of

27  contributory fault and/or comparative fault.

28  / / /

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Conduct of Plaintiffs' Other Agents)

15.    Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred because the acts of Plaintiffs' agents with respect to the matters alleged in the SAC were the actual and proximate cause of all damages alleged in the SAC, and Plaintiffs are bound by the acts of those agents.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Fraud)

16.    Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred by the fraud of others, including Plaintiffs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

17.    Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred by the business judgment rule.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Breach)

18.    Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred by Plaintiffs' contractual breaches.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

19.    Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred by Plaintiffs' own failure to mitigate their alleged damages.

/ / /

Rutan & Tucker, LLP
attorneys at law

1

## **TWENTIETH AFFIRMATIVE DEFENSE**

2

### **(Consent)**

3      20.     Defendants are informed and believe, and based thereon allege, that the

4  SAC and the claims for relief asserted therein are barred because Plaintiffs

5  consented to, or otherwise authorized, all of the conduct about which it complains.

6

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

7

### **(Active Tortious Conduct)**

8      21.     Defendants are informed and believe, and based thereon allege, that the

9  SAC and the claims for relief asserted therein are barred by the active and primary

10  tortious conduct, intentional acts, and/or negligent acts of others, including

11  Plaintiffs.

12

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

13

### **(Failure of Conditions Precedent)**

14      22.     Defendants are informed and believe, and based thereon allege, that the

15  SAC and the claims for relief asserted therein are barred by the failure of conditions

16  precedent.

17

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

18

### **(Setoff and Recoupment)**

19      23.     Defendants are informed and believe, and based thereon allege, that the

20  SAC and the claims for relief asserted therein are barred by the doctrines of setoff

21  and recoupment.

22

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

23

### **(Offset)**

24      24.     Defendants are informed and believe, and based thereon allege, that the

25  SAC and the claims for relief asserted therein are barred because Defendants are

26  entitled to a total or partial offset against Plaintiffs' damages, if any.

27  / / /

28  / / /

**Rutan & Tucker, LLP**
*attorneys at law*

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Duty)

25.    Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred because there is not a sufficient relationship between Plaintiffs and Defendants to give rise to Defendants owing any duties to Plaintiffs.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

26.    Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred by the doctrine of frustration of purpose.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Full Performance)

27.    Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred because Defendants fully performed all obligations required of them.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Performance Excused)

28.    Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred because Defendants' obligations, if any, were excused.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Novation)

29.    Defendants are informed and believe, and based thereon allege, that the SAC and the claims for relief asserted therein are barred by the doctrine of novation.

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

1063/037539-0004
22507665.2 a08/01/25

-25-

DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

## RESERVATION OF RIGHTS

Defendants assert the above defenses based on their present knowledge, which is based on their investigation to date and an absence of discovery. Defendants reserve the right to supplement or amend their Answer and to add defenses that may be supported by facts revealed through discovery and/or their investigation.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That the SAC be dismissed in its entirety with prejudice;

2.    That Defendants be awarded their costs of suit incurred herein;

3.    That Defendants be awarded their attorneys' fees incurred herein to the extent allowed by law; and

4.    That the Court grant such other relief as it deems just and proper.


Dated:  August 1, 2025                    RUTAN & TUCKER, LLP


                                          By:____/s/ Alejandro S. Angulo_____
                                              Alejandro S. Angulo
                                              Joelle Leib
                                              Attorneys for Defendants
                                              ANDREW POLSKY, and SEFED