Alejandro S. Angulo (State Bar No. 217823)
aangulo@rutan.com
Kaitlynne N. McKee (State Bar No. 366564)
kmckee@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendants
ANDREW POLSKY, and SEFED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINGSAIL HOLDINGS, LLC, a Washington Corporation, and YUNFEI "KRISTY" BAI, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDREW POLSKY, an individual, and SEFED, a California Corporation, and DOES 1 through 10,<br><br>Defendants. | Case No. 8:23-CV-02398-JWH-DFM<br>Honorable John W. Holcomb<br><br>**DEFENDANTS ANDREW POLSKY AND SEFED'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE NOT PRODUCED DURING DISCOVERY**<br><br>[*Filed concurrently with Declaration of Alejandro S. Angulo and [Proposed] Order*]<br><br>Date: February 20, 2026<br>Time: 9:00 a.m.<br>Ctrm.: 9D<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date Action Filed: August 23, 2024<br>Trial Date: March 16, 2026 |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Rutan & Tucker, LLP
attorneys at law

3127/037539-0004
23331521.1 a01/30/26

-1-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND
SEFED'S MOTION *IN LIMINE* NO. 1

# **TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | RELEVANT FACTUAL BACKGROUND | 2 |
| | A. Plaintiffs' Initial Fraud Theory | 2 |
| | B. Plaintiffs' New Fraud Theory | 4 |
| | C. Defendants' Discovery Efforts Regarding Plaintiffs' Shifting Fraud Theory | 5 |
| |    1. Ms. Bai's July 9, 2025 Deposition | 8 |
| |    2. Ms. Bai's September 9, 2025 Deposition | 9 |
| |    3. Wingsail's November 4, 2025 Deposition | 10 |
| |    4. Wingsail's Attorney-Drafted Interrogatory Answers Are Largely Non-Responsive and Evasive | 12 |
| | D. The Evidence That Defendants' Seek to Exclude | 12 |
| III. | THE COURT SHOULD EXCLUDE ALL ALLEGED FALSE STATEMENTS, FALSE PROMISES, AND OMISSIONS OF FACT THAT PLAINTIFFS DECLINED TO SHARE DURING DISCOVERY | 13 |
| IV. | CONCLUSION | 14 |

Rutan & Tucker, LLP
attorneys at law

3127/037539-0004
23331521.1 a01/30/26

-i-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND
SEFED'S MOTION *IN LIMINE* NO. 1

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Cunningham v. Hamilton Cnty., Ohio*,
    572 U.S. 198 (1999) ............................................................................................. 12

*Goodman v. Staples The Office Superstore, LLC*,
    644 F.3d 817 (9th Cir. 2011) ............................................................................... 13

*R & R Sails, Inc. v. Ins. Co. of Pennsylvania*,
    673 F.3d 1240 (9th Cir. 2012) ............................................................................. 13

*Shoen v. Shoen*,
    5 F.3d 1289 (9th Cir. 1993) ................................................................................. 13

*Torres v. City of Los Angeles*,
    548 F.3d 1197 (9th Cir. 2008) ............................................................................. 13

*United States v. Booth*,
    No. 09-CV-1689-AWI-GSA, 2013 WL 3541615 (E.D. Cal. July 11, 2013) .... 13

**RULES**

Federal Rule of Civil Procedure
    Rule 33 ................................................................................................................. 12
    Rule 33(b)(3) ........................................................................................................ 12
    Rule 37(a)(3) ........................................................................................................ 12
    Rule 37(c) ........................................................................................................ 1, 13
    Rule 37(c)(1) ........................................................................................................ 13

Federal Rule of Evidence 37(c)(1) ............................................................................. 1

Local Rule 7-3 ............................................................................................................ 1

Rutan & Tucker, LLP
attorneys at law

3127/037539-0004
23331521.1 a01/30/26

-ii-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND
SEFED'S MOTION *IN LIMINE* NO. 1

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, on February 20, 2026, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 9D of the above-referenced court, located at 411 W. Fourth Street, Santa Ana, California, Defendants Andrew Polsky and SEFED (collectively, "Defendants") will, and hereby do, move the Court *in limine* for an order excluding evidence not produced during discovery.

Defendants bring this Motion pursuant to Federal Rule of Evidence 37(c)(1) on the grounds that evidence withheld from discovery, including documents, must be–and should be–excluded from trial.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Declaration of Alejandro S. Angulo, any relevant paper previously filed in this matter of which the Court may take judicial notice, any oral argument offered at the time of the hearing, and such other and further evidence that may properly be offered.

Pursuant to Local Rule 7-3, on January 22, 2026, counsel for Plaintiffs and Defendants met and conferred regarding the substance of this Motion but were unable to reach a resolution that would eliminate the necessity for a hearing. Angulo Decl., ¶ 11.

Dated: January 30, 2026         RUTAN & TUCKER, LLP

By:   */s/ Alejandro S. Angulo*
     Alejandro S. Angulo
     Attorneys for Defendants
     ANDREW POLSKY, and SEFED

Rutan & Tucker, LLP
attorneys at law

3127/037539-0004
23331521.1 a01/30/26

-1-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND
SEFED'S MOTION *IN LIMINE* NO. 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Andrew Polsky and SEFED (collectively, "Defendants") seek an order, pursuant to Federal Rule of Civil Procedure Section 37(c), precluding the introduction of any alleged false statements, false promises, and omissions of fact that Plaintiffs declined to share during discovery.

As shown below, Plaintiffs Yunfei "Kristy" Bai and Wingsail Holdings, LLC's ("Wingsail", and collectively with Ms. Bai, "Plaintiffs") fraud theory has been a shifting target.  Plaintiffs' initial theory was that Defendants falsely promised to provide Wingsail with an interest Alter Managements, LLC ("Alter") in order to induce an investment into Alter and further, that Wingsail was never provided an interest in Alter. When this theory proved disastrously false (because in truth Wingsail had been provided a membership interest in Alter as reflected in many documents signed by Wingsail and Ms. Bai), Plaintiffs shifted and are now alleging, in short, that Wingsail was in fact provided an interest in Alter, but that Defendants stole that interest through a purported fraudulent scheme.

To understand Plaintiffs' shifting fraud theory, Defendants directed discovery to identify specifically the alleged false statements, false promises, and omissions of facts, including the who, what, when, and how regarding the alleged fraud. Defendants' discovery efforts consisted of two depositions – one of Ms. Bai and one of Wingsail (for whom Ms. Bai was the PMQ) – and a comprehensive set of special interrogatories. Defendants' answers to the interrogatories were anything but a model of clarity in that the answers provided were largely evasive and non-responsive and thus, useless.

Through the depositions, however, Defendants were able to cobble together directly from the Ms. Bai the alleged false statements, false promises, and omissions of facts at issue, which are itemized below in section II.C (and Defendants were able to cobble this information despite counsel's improper conduct at deposition, which

Rutan & Tucker, LLP
attorneys at law

3127/037539-0004
23331521.1 a01/30/26

-1-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND
SEFED'S MOTION *IN LIMINE* NO. 1

included an improper instruction not to answer and coaching of the witness).

To avoid a third shift in Plaintiffs' fraud theory, Defendants now seek an order precluding Plaintiffs from offering into evidence any alleged false statements, false promises, and omissions of fact that Plaintiffs declined to share during the discovery process.

## II. RELEVANT FACTUAL BACKGROUND.

### A. Plaintiffs' Initial Fraud Theory

Plaintiffs' commenced this action by filing a complaint alleging demonstrably false facts in support of Plaintiffs' fraud theory, which allegations also serve as the basis for all claims alleged. (Dkt. No. 1 [Complaint ("Compl."), ¶¶ 87, 97, 107, 117, 126, 139, 149, 162, 170, 176, & 180 [incorporating all allegations into claims alleged].) Plaintiffs' fraud theory at that time was predicated on allegations that Mr. Polsky (a) falsely told to Wingsail that it would receive an ownership interest in Alter Management, LLC ("Alter") to induce Wingsail's investments into Alter; and (b) never intended on giving Wingsail an interest in Alter:

> Polsky . . . engaged in fraud against Wingsail to induce Wingsail to invest nearly $1 Million seed capital in the Alter startup. Polsky represented orally and in writing that Wingsail would own 65% of the Alter shares. . . However, when Mr. Polsky made these representations to induce Wingsail to invest, he never intended on giving Wingsail its shares and interest.

(Dkt. No. 1 [Compl. ¶ 4; *see also*, ¶ 47].) To accomplish this alleged fraud and induce Wingsail's investment in Alter, Plaintiffs also weaved a narrative about how Mr. Polsky allegedly used an unsigned Alter operating agreement that he never intended on getting executed:

> To continue his fraud scheme, on or about December 23, 2018, Polsky sent an email to Chang titled "FINAL VERSIONS" and attached an unsigned document titled "Alter Operating Agreement FINAL.docx." The agreement acknowledged that Wingsail was the sole seed investor in Alter and would be given 65% membership interest in Alter.

Rutan & Tucker, LLP
attorneys at law

3127/037539-0004
23331521.1 a01/30/26

-2-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND
SEFED'S MOTION *IN LIMINE* NO. 1

(Dkt. No. 1 [Compl., ¶ 50].)

> While Polsky agreed to assign the shares of the Alter Entities to Wingsail, as reflected in the Final Alter Operating Agreement he circulated, in reality, he was defrauding Wingsail and Chang, as Polsky never intended on signing the Alter Operating Agreement and giving Wingsail its membership shares ...

(Dkt. No. 1 [Compl., ¶ 56].)

> From mid to late January 2019, whenever Chang and Wingsail would inquire about receiving the signed Alter Operating Agreement, Polsky would string them along and falsely assure them that the Alter Operating Agreement was securely in place …

(Dkt. No. 1 [Compl., ¶ 58].)

> On May 19, 2019, Wingsail and Chang inquired about the Alter Operating Agreement being signed. Polsky continued to string them along ….

(Dkt. No. 1 [Compl., ¶ 59].)

> On May 25, 2019, Wingsail and Chang again inquired about the Alter Operating Agreement being signed. Polsky responded with the same excuses, which Wingsail and Chang continued to rely on…

(Dkt. No. 1 [Compl., ¶ 60].)

> From May 2019 through May 2022, Bai, Chang, and Polsky had several conversations similar to the conversations in the preceding paragraphs, and Polsky continued to defraud Wingsail and Chang into believing that the Alter Operating Agreement was securely in place…

(Dkt. No. 1 [Compl., ¶ 60].) These allegations are demonstrably false because in truth, the Alter operating agreement was fully executed on July 22, 2019, with an effective date of July 27, 2018, which provided Wingsail with a 65% membership interest in Alter. (Angulo Decl., ¶ 3, Ex. A [Trial Ex. No. 3].) Specifically, it was signed by Wingsail's manager, Mr. Chang. (*Ibid.*)

Rutan & Tucker, LLP
attorneys at law

3127/037539-0004
23331521.1 a01/30/26

-3-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND SEFED'S MOTION *IN LIMINE* NO. 1

Further, Ms. Bai and Wingsail also acknowledge that Wingsail had been provided a 65% interest in Alter in a Loan And Pledge Agreement (the "Loan Agreement") through which Wingsail pledged its interest in Alter to secure a loan. (Angulo Decl., ¶ 4, Ex. B [Trial Ex. No. 7].) Specifically, the Loan Agreement contains the following recital confirming Wingsail's interest in Alter:

> …[Wingsail] holds all right, title, and interest in and to a membership interest in Alter Management, LLC, a California limited liability company (the "Company"), free and clear of liens and encumbrances of all kinds (the "Membership Interest");

(*Ibid*.) Importantly, the Loan Agreement is signed by Ms. Bai and Wingsail's manager, Mr. Chang. (*Ibid*.)[1]

### B. Plaintiffs' New Fraud Theory

On August 23, 2024, Wingsail and Ms. Bai filed a first amended complaint ("FAC") (Dkt. No. 46), which they amended on January 13, 2025 through a second amended complaint ("SAC") (Dkt. No. 64.). In the SAC, Wingsail and Bai now allege that Mr. Polsky undertook a string of wrongful actions to prevent Wingsail from keeping its interest in Alter (as opposed to never having provided Wingsail with an interest in Alter). (Dkt. No. 64 [SAC, ¶ 3].) To accomplish this alleged scheme, Wingsail and Bai allege that (a) SEFED provided a loan to Wingsail secured by Wingsail's interest in Alter; (b) Wingsail repaid the SEFED loan; (c) Defendants never informed Wingsail that it was in default of the SEFED Loan;

---

[1] Plaintiffs' initial counsel withdrew from this matter when the truth came to light. (*See*, Dkt. Nos. 25 & 30.) In a separate action entitled Polsky v. Chang, Case No. 8:23-cv-00225-JWH-ADS (the "Polsky Case"), Mr. Chang filed a *verified* second amended cross-complaint alleging the same fraud theory that Plaintiffs alleged here in their initial complaint. (*See*, Dkt. No. 64 in Polsky Case [Verified SAC, ¶¶ 4, 107, 108, 111, 113, 114, 119, and 121 – 124].) The same attorneys that represented Plaintiffs here were then also representing Mr. Chang in the Polsky Case. Those attorneys withdrew from continuing to represent Mr. Chang in that matter as well. (Dkt. Nos. 66 & 68 in Polsky Case.) And relatedly, the Polsky Case has been remanded to state court where it remains pending. (Dkt. No. 122 in Polsky Case.)

Rutan & Tucker, LLP
attorneys at law

3127/037539-0004
23331521.1 a01/30/26

-4-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND
SEFED'S MOTION *IN LIMINE* NO. 1

1  (d) Defendants caused Wingsail's manager, Mr. Chang, to sign a document entitled
2  "Agreement to Accept Collateral In Full Satisfaction of Obligations" (the
3  "Satisfaction Agreement") through which Wingsail transferred it interest in Alter to
4  SEFED in lieu of repaying the loan; (e) Mr. Chang was not aware of the effect of the
5  Satisfaction Agreement; and (f) Defendants suppressed the fact that Wingsail had
6  transferred its interest in Alter to SEFED pursuant to the Satisfaction Agreement.
7  (Dkt. No. 64 [SAC, ¶ 15, 17, 20, & 25].)[2]

### C. Defendants' Discovery Efforts Regarding Plaintiffs' Shifting Fraud Theory

To flesh out Plaintiffs' shifting fraud theory, Defendants, through discovery sought to identify the precise alleged false statements, false promises, and alleged omissions of fact at issue (whatever they may be). To that end, Defendants sought this information in three depositions and through interrogatories. First, Ms. Bai was deposed on July 9, 2025. (Angulo Decl., ¶ 5, Ex. C [Bai Dep., July 9, 2025]) Second, Ms. Bai was deposed again as an individual on September 9, 2025. (Angulo Decl., ¶ 6, Ex. D [Bai Dep., Sep. 9, 2025].) Third, Ms. Bai was deposed as Wingsail's Person Most Knowledgeable on November 4, 2025. (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep., Nov. 4, 2025].) Lastly, interrogatories were issued on July 28, 2025, which attorney-drafted responses were largely evasive and non-responsive. (Angulo Decl., ¶ 8, Ex. F [Mr. Polsky's Spec. Rogs, Set 1]; Ex. G [Ms. Bai's Resp. To Rog Nos. 2, 3, 4, 8, and 10 – 13]; & Ex. H [Supp. Resp. To Rog Nos. 3, 4, 5, 8, 10, 11, 12, , 3, 4, 8, and 10 – 13].)

---

[2] Perhaps stating the obvious, Plaintiffs' new fraud theory is significantly different that Plaintiffs' initial fraud theory that was predicated on the allegation that Wingsail was never provided an interest in Alter at all. Now, Plaintiffs allege that Wingsail in fact received an interest in Alter as promised, but that it was divested of that interest through a purported fraudulent scheme spearheaded by Mr. Polsky. Defendants will show at trial that as of March 2020 (outside the applicable statute of limitations), Wingsail and Ms. Bai were, in truth, fully aware that (a) Wingsail had transferred its interest in Alter to SEFED; (b) the SEFED loan had not been paid in full; and that (c) Wingsail's interest in Alter was transferred to SEFED in lieu of repaying the loan.

Rutan & Tucker, LLP
attorneys at law

3127/037539-0004
23331521.1 a01/30/26

-5-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND
SEFED'S MOTION IN LIMINE NO. 1

Defendants were able to cobble together the alleged false statements, false promises, and omissions of fact at issue through Ms. Bai and Wingsail's depositions. As shown below – and according to Ms. Bai and Wingsail's sworn deposition testimony – the alleged false statements and omissions of fact are as follows:

> *Alleged false promises/statements of facts*:

- Wingsail would receive a membership interest in Alter (Angulo Decl., ¶¶ 6 & 7, Ex. D [Bai Dep. p., 164:3-6, Sep. 9, 2025]; Ex. E [Wingsail Dep. pp., 63:21-23, 69:21-24, and 73:2-4, Nov. 4, 2025]);
- Mr. Polsky would return Wingsail's investment in Alter (Angulo Decl., ¶¶ 6 & 7, Ex. D [Bai Dep. pp. 165:8-17 & 167:5-9, Sep. 9, 2025]; Ex. E [Wingsail Dep. pp. 63:24-64:1; 65:14-16; & 74:19-21]);
- Mr. Polsky owes Ms. Bai money (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep., p. 65:22-23]);
- That Wingsail's investment would be returned with an eight percent interest rate (Angulo Decl., ¶¶ 6 & 7, Ex. D [Bai Dep., p. 167:18-25, Sep. 9, 2025]; Ex. E [Wingsail Dep. p. 140:15-19])
- That the money SEFED provided pursuant to its loan to Wingsail was from Mr. Polsky's child's fund account (Angulo Decl., ¶¶ 5 & 6, Ex. C [Bai Dep., p. 68:13-25, July 9, 2025]; Ex. D [Bai Dep. 169:1-5, Sep. 9, 2025]);
- Mr. Polsky would not take Ms. Bai's membership interest in Alter (Angulo Decl., ¶¶ 6 & 7, Ex. D [Bai Dep., p. 168:5-6, Sep. 9, 2025; Ex. E [Wingsail Dep. 65:23-24; 132:1-3, & 141:3-7, Nov. 4, 2025]);
- Alter was doing well after Wingsail had transferred its interest in Alter to SEFED to satisfy the SEFED loan (Angulo Decl., ¶¶ 5 – 7, Ex. C [Bai Dep. 66:2-4; 67:14-15, July 9, 2025]; Ex. D [Bai Dep. 171:1-4, Sep. 9, 2025]; Ex. E [Wingsail Dep. 67:8-12, Nov. 4, 2025]);
- Mr. Polsky would manage Wingsail's financials (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. 68:4-5;70:1-4; 73:21-22; 77:9-1; 81:15-18, Nov. 4, 2025]);
- Mr. Polsky would help Ms. Bai apply for her E-2 Visa (Angulo Decl., ¶¶ 6 & 7, Ex. D [Bai Dep. 164:6-7; 167:4,

Rutan & Tucker, LLP
attorneys at law

3127/037539-0004
23331521.1 a01/30/26

-6-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND
SEFED'S MOTION *IN LIMINE* NO. 1

Sep. 9, 2025]; Ex. E, [Wingsail Dep. 68:6-7; 139:4-7, Nov. 4, 2025]);

- That when Wingsail pays $200,000, $100,000 of that would be used to pay off the SEFED loan (Angulo Decl., ¶¶ 5-7, Ex. C [Bai Dep. 67:4-6, July 9, 2025]; Ex. D [Bai Dep. 169:1-5, Sep. 9, 2025]; Ex. E [Wingsail Dep. 156:3-8, Nov. 4, 2025]);
- That Alter had no money (Angulo Decl., ¶¶ 6 & 7, Ex. D [Bai Dep. 173:1-3, Sep. 9, 2025]; Ex. E [Wingsail 151:20-23, Nov. 4, 2025]); and
- That Mr. Polsky told Ms. Bai's CPA he is the owner of Wingsail (Angulo Decl., ¶ 6, Ex. D [Bai Dep. 171:25-172:2, Sep. 9, 2025]).

➢ *Alleged Omissions Of Fact*:

- That Mr. Polsky withheld from Ms. Bai Wingsail and Alter's financial information, including their banking information (Angulo Decl., ¶¶ 6 & 7, Ex. D [Bai Dep. 171:22-24, Sep. 9, 2025]; Ex. E [Wingsail Dep. 145:11-16; 146:8-10;. 151:14-17]);
- That Mr. Polsky withheld from Ms. Bai that Wingsail had borrowed money from another person in addition to SEFED (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. 146:19-21, Nov. 4, 2025]);
- That Mr. Polsky withheld the fact that Wingsail's membership interest in Alter had been transferred to SEFED (Angulo Decl., ¶¶ 5 & 7, Ex. C [Bai Dep. 65:24-66:1; 67:17-19, July 9, 2025]; Ex. E [Wingsail Dep. 67:10-12; 146:22-24; 148:2-4, Nov. 4, 2025]);
- That Mr. Polsky never caused SEFED to return Wingsail's interest in Alter (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. 132:13-14; 148:2-4, Nov. 4, 2025]);
- That Mr. Polsky withheld an unidentified transaction between Alter's owners (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. 151:20-22, Nov. 4, 2025]); and
- That Mr. Polsky withheld from Mr. Bau the version of the Alter Operating Agreement under which Alter was operating (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. 152:10-13, Nov. 4, 2025]).

///

///

Rutan & Tucker, LLP
attorneys at law

3127/037539-0004
23331521.1 a01/30/26

-7-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND
SEFED'S MOTION *IN LIMINE* NO. 1

### 1. Ms. Bai's July 9, 2025 Deposition

Ms. Bai's first deposition hit some roadblocks that made it unnecessarily difficult to get to the truth. Specifically, Ms. Bai's counsel issued at least one improper instruction when asked about Mr. Polsky's alleged lies at issue:

> Q. What are the things you believe Mr. Polsky's lied to you are at issue in this case?
>
> MR. BUUS: Object on the grounds it's vague, ambiguous, overbroad, burdensome, harassing and I'm going to instruct her not to answer.
>
> MR. ANGULO: I'm sorry, on what grounds?
>
> MR. BUUS: On those grounds that this is an improper contention question at a deposition?
>
> MR. ANGULO: Okay. All right. Well, we'll have to deal with that.
>
> BY MR. ANGULO:
>
> Q: Are you going to follow your attorney's instruction and not answer this question about identifying the lies you believe are at issue in this litigation?
>
> MR. BUUS: And just to be clear, she will be testifying as to his lies, but just not on a wholesale basis where she's unreeling every single thing that has happened in the past, I'm just not gonna allow that.
>
> THE WITNESS: I understand what my attorney just stated, I'm going to follow his instructions.

(Angulo Decl., ¶ 5, Ex. C, [Bai Dep. 64:20-65:15, July, 9, 2025].)

Ms. Bai was also coached to only answers questions that she was comfortable answering:

> Q: Okay. What are the things that you think – what are the lies you believe Mr. Polsky made to you?
>
> MR BUUS: Vague, ambiguous, overbroad, burdensome,

Rutan & Tucker, LLP
attorneys at law

3127/037539-0004
23331521.1 a01/30/26

-8-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND
SEFED'S MOTION *IN LIMINE* NO. 1

harassing. You're basically asking her to unreel her entire Complaint. I don't believe that's proper, but to the extent she feels comfortable answering, I'll allow it.

(Angulo Decl., ¶ 5, Ex. C, [Bai Dep. 63:25-64:6, July 9, 2025].)

> Q: Okay. Has Mr. Polsky ever lied to you about anything related to Alter Management, LLC that you're aware of?
>
> MR. BUUS: Objection. Vague, ambiguous, overbroad, burdensome and harassing. To the extent you feel comfortable, you can answer.

(Angulo Decl., ¶ 5, Ex. C [Bai Dep. 65:17-23, July 9, 2025].)

> Q: What are the other frauds that you're referring to?
>
> MR. BUUS: Objection. Vague, ambiguous, overbroad, burdensome and harassing. If you feel comfortable answering, go ahead.

(Angulo Decl., ¶ 5, Ex. C, [Bai Dep. 66:7-11, July 9, 2025].)

Despite these challenges, Ms. Bai identified the following false statements and/or omissions of fact during this deposition:

- o That the money SEFED provided pursuant to its loan to Wingsail was from Mr. Polsky's child's fund account (Angulo Decl., ¶ 5, Ex. C [Bai Dep. 68:13-25, July 9, 2025]);
- o Alter was doing well after Wingsail had transferred its interest in Alter to SEFED to satisfy the SEFED loan (Angulo Decl., ¶ 5, Ex. C [Bai Dep. 66:2-4; 67:14-15, July 9, 2025]);
- o That when Wingsail pays $200,000, $100,000 of that would be used to pay off the SEFED loan (Angulo Decl., ¶ 5, Ex. C [Bai Dep. 67:4-6, July 9, 2025]); and
- o That Mr. Polsky withheld the fact that Wingsail's membership interest in Alter had been transferred to SEFED (Angulo Decl., ¶ 5, Ex. C [Bai Dep. 65:24-66:1; 67:17-19, July 9, 2025]).

### 2. Ms. Bai's September 9, 2025 Deposition

Ms. Bai's second did not hit major roadblocks like in her first deposition. At her second deposition, Ms. Bai identified various false statements and/or omissions of fact during this deposition:

Rutan & Tucker, LLP
attorneys at law

3127/037539-0004
23331521.1 a01/30/26

-9-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND
SEFED'S MOTION IN LIMINE NO. 1

- o Wingsail would receive a membership interest in Alter (Angulo Decl., ¶ 6, Ex. D [Bai Dep. p., 164:3-6, Sep. 9, 2025]);
- o Mr. Polsky would return Wingsail's investment in Alter (Angulo Decl., ¶ 6, Ex. D [Bai Dep. pp. 165:8-17 & 167:5-9, Sep. 9, 2025]);
- o That Wingsail's investment would be returned with an eight percent interest rate (Angulo Decl., ¶ 6, Ex. D [Bai Dep., p. 167:18-25, Sep. 9, 2025]);
- o That the money SEFED provided pursuant to its loan to Wingsail was from Mr. Polsky's child's fund account (Angulo Decl., ¶ 6, Ex. D [Bai Dep. 169:1-5, Sep. 9, 2025]);
- o Mr. Polsky would not take Ms. Bai's membership interest in Alter (Angulo Decl., ¶ 6, Ex. D [Bai Dep., p. 168:5-6, Sep. 9, 2025]);
- o Alter was doing well after Wingsail had transferred its interest in Alter to SEFED to satisfy the SEFED loan (Angulo Decl. ¶ 6, Ex. D [Bai Dep. 171:1-4, Sep. 9, 2025])
- o Mr. Polsky would help Ms. Bai apply for her E-2 Visa (Angulo Decl., ¶ 6, Ex. D [Bai Dep. 164:6-7; 167:4, Sep. 9, 2025]);
- o That when Wingsail pays $200,000, $100,000 of that would be used to pay off the SEFED loan (Angulo Decl., ¶ 6, Ex. D [Bai Dep. 169:1-5, Sep. 9, 2025])
- o That Alter had no money (Angulo Decl., ¶ 6, Ex. D [Bai Dep. 173:1-3, Sep. 9, 2025]);
- o That Mr. Polsky told Ms. Bai's CPA he is the owner of Wingsail (Angulo Decl., ¶ 6, Ex. D [Bai Dep. 171:25-172:2, Sep. 9, 2025]); and
- o That Mr. Polsky withheld from Ms. Bai Wingsail and Alter's financial information, including their banking information (Angulo Decl., ¶ 6, Ex. D [Bai Dep. 171:22-24, Sep. 9, 2025]).

### 3. Wingsail's November 4, 2025 Deposition

Ms. Bai was deposed as Wingsail's Person Most Knowledgeable on November 4, 2025 during which she identified various false statements and/or omissions:

- o Wingsail would receive a membership interest in Alter (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. pp., 63:21-23, 69:21-24, and 73:2-4, Nov. 4, 2025]);
- o Mr. Polsky would return Wingsail's investment in Alter (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. pp. 63:24-64:1; 65:14-16; & 74:19-21]);

Rutan & Tucker, LLP
attorneys at law

3127/037539-0004
23331521.1 a01/30/26

-10-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND
SEFED'S MOTION IN LIMINE NO. 1

- o  Mr. Polsky owes Ms. Bai money (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep., p. 65:22-23]);
- o  That Wingsail's investment would be returned with an eight percent interest rate (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. p. 140:15-19]);
- o  Mr. Polsky would not take Ms. Bai's membership interest in Alter (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. 65:23-24; 132:1-3, & 141:3-7, Nov. 4, 2025]);
- o  Alter was doing well after Wingsail had transferred its interest in Alter to SEFED to satisfy the SEFED loan (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. 67:8-12, Nov. 4, 2025]);
- o  Mr. Polsky would manage Wingsail's financials (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. 68:4-5;70:1-4; 73:21-22; 77:9-1; 81:15-18, Nov. 4, 2025]);
- o  Mr. Polsky would help Ms. Bai apply for her E-2 Visa (Angulo Decl., ¶ 7, Ex. E, [Wingsail Dep. 68:6-7; 139:4-7, Nov. 4, 2025]);
- o  That when Wingsail pays $200,000, $100,000 of that would be used to pay off the SEFED loan (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. 156:3-8, Nov. 4, 2025]);
- o  That Alter had no money (Angulo Decl., ¶ 7, Ex. E [Wingsail 151:20-23, Nov. 4, 2025]);
- o  That Mr. Polsky withheld from Ms. Bai Wingsail and Alter's financial information, including their banking information (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. 145:11-16; 146:8-10;. 151:14-17]);
- o  That Mr. Polsky withheld from Ms. Bai that Wingsail had borrowed money from another person in addition to SEFED (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. 146:19-21, Nov. 4, 2025]);
- o  That Mr. Polsky withheld the fact that Wingsail's membership interest in Alter had been transferred to SEFED (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. 67:10-12; 146:22-24; 148:2-4, Nov. 4, 2025]); That Mr. Polsky never caused SEFED to return Wingsail's interest in Alter (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. 132:13-14; 148:2-4, Nov. 4, 2025]);
- o  That Mr. Polsky withheld an unidentified transaction between Alter's owners (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. 151:20-22, Nov. 4, 2025]); and
- o  That Mr. Polsky withheld from Mr. Bau the version of the Alter Operating Agreement under which Alter was operating (Angulo Decl., ¶ 7, Ex. E [Wingsail Dep. 152:10-13, Nov. 4, 2025]).

Rutan & Tucker, LLP
attorneys at law

3127/037539-0004
23331521.1 a01/30/26

-11-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND
SEFED'S MOTION *IN LIMINE* NO. 1

### 4. Wingsail's Attorney-Drafted Interrogatory Answers Are Largely Non-Responsive and Evasive

On July 28, 2025, Mr. Polsky issued special interrogatories to Ms. Bai seeking, among other things, (a) an itemization of all false statements and false promises at issue, including when, how, and where the alleged false statements were made; and (b) an itemization of what information was withheld from Plaintiffs. (Angulo Decl., ¶ 8, Ex. F [Mr. Polsky's Spec. Rogs, Set 1].) In responding to the questions about the false statements, false promises, and omissions of fact, Ms. Bai provided the *same* answer to many of the interrogatories such that each answer contained information that was not responsive to the question posed rendering the answer evasive and non-responsive. (*Id*., ¶ 9, Ex. G [Ms. Bai's Resp. To Rog Nos. 2, 3, 4, 8, and 10 – 13].)³ Ms. Bai's supplemental responses fared no better; that is, Ms. Bai provided the *same* answer to many interrogatories such that each answer contained information that was not responsive to the question posed rendering the answer evasive and non-responsive. (*Id*., ¶ 10, Ex. H [Supp. Resp. To Rog Nos. 3, 4, 5, 8, 10, 11, 12, , 3, 4, 8, and 10 – 13].)

### D. The Evidence That Defendants' Seek to Exclude

While Plaintiffs' certainly have the right to litigate at trial those false statement, false promises, and omissions of fact shared during discovery, Plaintiffs do not have the right to sandbag Defendants at trial by offering false statement, false promises, and omissions of fact that Plaintiffs did not meaningfully share during discovery. Thus, Defendants seek to exclude from trial any false statement, false promises, and omissions of fact other than those shared during Ms. Bai's depositions as itemized above in Section II.C.

---

³ Federal Rule of Civil Procedure Rule 33(b)(3) requires interrogatory responses to be "answered separately and fully in writing under oath." (Fed. R. Civ. P. 33; *see also*, *Cunningham v. Hamilton Cnty., Ohio*, 572 U.S. 198, 206 (1999) [Federal Rule of Civil Procedure 37(a)(3) treats "evasive or incomplete disclosure, answer, or response" as equivalent to a failure to "a failure to disclose, answer, or respond."])

3127/037539-0004
23331521.1 a01/30/26

-12-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND SEFED'S MOTION *IN LIMINE* NO. 1

Rutan & Tucker, LLP
attorneys at law

### III. THE COURT SHOULD EXCLUDE ALL ALLEGED FALSE STATEMENTS, FALSE PROMISES, AND OMISSIONS OF FACT THAT PLAINTIFFS DECLINED TO SHARE DURING DISCOVERY.

It is axiomatic that evidence withheld from discovery, including documents, must be–and should be–excluded from trial:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). The burden is on the party facing exclusion to prove the delay was substantially justified or harmless. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008); *see also R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). Accordingly, "[t]he party seeking Rule 37(c) sanctions is not required to articulate how it is prejudiced by the lack of disclosure." *United States v. Booth*, No. 09-CV-1689-AWI-GSA, 2013 WL 3541615, at *9 (E.D. Cal. July 11, 2013) (citing *Torres*, 548 F.3d at 1213).

Here, Plaintiffs identified the alleged at issue false statements, false promises, and omissions of fact at Ms. Bai's depositions, which is the best evidence of alleged fraud at issue. While normally answers to interrogatories may suffice for disclosure purposes, that is not the case when, like here, a party provides an evasive and non-responsive answer to a direct interrogatory. <u>Shoen v. Shoen</u>, 5 F.3d 1289, 1297 (9th Cir. 1993) (holding that written interrogatories are not an adequate substitute for a deposition when the goal is discovery of a witness' recollection of conversations).

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

3127/037539-0004
23331521.1 a01/30/26

-13-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND
SEFED'S MOTION *IN LIMINE* NO. 1

1  Thus, Plaintiffs should be barred from introducing any alleged false
2  statement, false promises, and omissions of fact that Ms. Bai declined to share at her
3  depositions.

## IV. CONCLUSION

For the reasons stated above, the Court should grant this motion and issue an order prohibiting Plaintiffs from offering any alleged false statements, false promises, and omissions of fact other than those itemized in Section II.C above.

Dated:  January 30, 2026          RUTAN & TUCKER, LLP

                                  By:   */s/ Alejandro S. Angulo*
                                        Alejandro S. Angulo
                                        Attorneys for Defendants
                                        ANDREW POLSKY, and SEFED

Rutan & Tucker, LLP
attorneys at law

3127/037539-0004
23331521.1 a01/30/26

-14-

Case No. 8:23-CV-02398-JWH-DFM
DEFENDANTS ANDREW POLSKY AND
SEFED'S MOTION *IN LIMINE* NO. 1