Alejandro S. Angulo (State Bar No. 217823)
aangulo@rutan.com
Kaitlynne N. McKee (State Bar No. 366564)
kmckee@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendants
ANDREW POLSKY, and SEFED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WINGSAIL HOLDINGS, LLC, a Washington Corporation, and YUNFEI "KRISTY" BAI, an individual,

Plaintiffs,

vs.

ANDREW POLSKY, an individual, and SEFED, a California Corporation, and DOES 1 through 10,

Defendants.

Case No. 8:23-CV-02398-JWH-DFM
Honorable John W. Holcomb

**DEFENDANTS ANDREW POLSKY AND SEFED'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE THAT CONTRADICTS RECITALS**

[*Filed concurrently with Declaration of Alejandro S. Angulo and [Proposed] Order*]

Date: February 20, 2026
Time: 9:00 a.m.
Ctrm.: 9D

**DEMAND FOR JURY TRIAL**

Date Action Filed: August 23, 2024
Trial Date: March 16, 2026

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, on February 20, 2026, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 9D of the above-referenced court, located at 411 W. Fourth Street, Santa Ana, California, Defendants Andrew Polsky and SEFED (collectively, "Defendants") will, and hereby do, move the Court *in limine* for an order excluding evidence that contradicts recitals.

Defendants bring this Motion pursuant to California Evidence Code Section 622 on the grounds that the recitals contained in the agreements between the parties are conclusively presumed to be true and Plaintiffs may not offer evidence that contradicts them at trial.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Declaration of Alejandro S. Angulo, any relevant paper previously filed in this matter of which the Court may take judicial notice, any oral argument offered at the time of the hearing, and such other and further evidence that may properly be offered.

Pursuant to Local Rule 7-3, on January 22, 2026, counsel for Plaintiffs and Defendants met and conferred regarding the substance of this Motion but were unable to reach a resolution that would eliminate the necessity for a hearing. Angulo Decl., ¶ 4.

Dated: January 30, 2026

RUTAN & TUCKER, LLP

By: */s/ Alejandro S. Angulo*
Alejandro S. Angulo
Attorneys for Defendants
ANDREW POLSKY, and SEFED

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By way of this Motion In Limine No. 2 ("MIL No. 2") Defendants Andrew Polsky and SEFED ("Defendants') seek an order excluding all evidence that contradicts the recitals contained in three agreements to which Wingsail Holdings, LLC ("Wingsail") is a party: (1) a "Loan and Security Agreement" (the "Mallin Loan Agreement") between and Jordan Mallin; (2) a Loan and Pledge Agreement (the "Loan And Pledge Agreement") between Wingsail and SEFED; and (3) an "Agreement to Accept Collateral in Full Satisfaction of Obligations" (the "Satisfaction Agreement") between Wingsail and SEFED. (Angulo Decl., ¶ 3, Exs. A [Trial Ex. No. 41, B [Trial Ex. No. 7], and C [Trial Ex. No. 15.)

California law is clear: "the facts recited in a written instrument are conclusively presumed to be true as between the parties thereto…" (Cal. Evid. Code § 622; *Golden Gate Way, LLC v. Enercon Servs., Inc*., 572 F. Supp. 3d 797 (N.D. Cal. 2021) [applying California Evidence Code § 622 as a rule of substantive law]; *Feldman v. Allstate Ins. Co.,* 322 F.3d 660, 666 (9th Cir. 2003) ["State evidence rules that are 'intimately bound up' with the state's substantive decision making must be given full effect by federal courts sitting in diversity."]; and Fed. R. Evid. 302 ["In a civil case, state law governs the effect of a presumption regarding a claim or defense for which state law supplies the rule of decision."].)

This motion became necessary when, during the required meeting counsel, Plaintiffs' attorney represented that Plaintiffs would be seeking to offer evidence that contradicts the recitals. (Angulo Decl., ¶ 2.) This MIL No. 2 should be granted for the reasons set forth below.

/ / /

/ / /

/ / /

/ / /

## II. RELEVANT FACTUAL BACKGROUND

There are several relevant agreements that will be admitted into evidence, either by stipulation or otherwise. All of those agreements contain recitals. Below, the agreements are identified, including the recitals stated therein.

### A. The Wingsail And Mr. Mallin Loan Agreement

On April 10, 2019, Wingsail and Mr. Mallin entered into the Mallin Loan Agreement through which Wingsail borrowed $150,000 from Mr. Mallin. (Angulo Decl., ¶ 3, Ex. A [Trial Ex. No. 41].) The Mallin Loan Agreement contains the following recitals:

> In order to fund operations of Alter Management, LLC, of which [Wingsail] is an equity holder and financier, [Wingsail] desires to borrow funds and obtain financial accommodations from [Mr. Mallin].
>
> Lender is willing to provide financing and provide other terms and conditions set forth herein and in the other documents executed and delivered in connection herewith.

(*Ibid.*)

### B. The SEFED And Wingsail Loan And Pledge Agreement

On August 16, 2019, Wingsail and SEFED entered into the Loan And Pledge Agreement through which Wingsail (a) borrowed $100,000 from SEFED secured against Wingsail's membership intertest in Alter Management, LLC; and (b) agreed to repay the loan by August 31, 2019. (Angulo Decl., ¶ 3, Ex. B [Trial Ex. 7].) The Loan and Pledge Agreement contains the following two recitals, among other recitals not relevant to the motion:

> … [Wingsail] holds all right, title, and interest in and to a membership interest in Alter Management, LLC, a California limited liability company (the Company), free and clear of liens and encumbrances of all kinds (the Membership Interest);
>
> …[Wingsail] desires that [SEFED] loan to [Wingsail] the sum of One Hundred Thousand Dollars ($100,000) (Loan to

> Pledgor) pursuant to a promissory note of even date (the Promissory Note)…

(*Ibid.*)

### C. **The Agreement To Accept Collateral In Full Satisfaction Of Obligations**

As of April 2020, Wingsail had not repaid SEFED's loan in full. Thus, on April 6, 2020, Wingsail and SEFED entered into the Satisfaction Agreement through which Wingsail transferred its interest in Alter to satisfy SEFED's loan. (Angulo Decl., ¶ 3, Ex. C [Trial Ex. No. 15].) The Satisfaction Agreement contains the following relevant recitals:

> [Wingsail] is indebted and obligated to SEFED pursuant to a Promissory Note in the principal amount of $100,000 dated August 16, 2019, and a related Loan and Pledge Agreement dated August 16, 2019, (collectively, the "Loan Documents"); and
>
> … pursuant to the Loan Documents, [Wingsail] is the holder of a security interest in and a lien on all of the Membership Interest held by Wingsail in Alter Management, LLC (the "Collateral");
>
> …[Wingsail] is in default of its obligations to SEFED under the Loan Documents; and
>
> …[Wingsail] and SEFED have agreed that SEFED shall accept the Collateral in full satisfaction of [Wingsail's] indebtedness and obligations under the Loan Documents;

(Angulo Decl., ¶ 3, Ex. C [Trial Ex. No. 15].)

/ / /

/ / /

/ / /

/ / /

/ / /

## III. ALL EVIDENCE THAT CONTRADICTS THE RECITALS SHOULD BE EXCLUDED.

California law is clear: "the facts recited in a written instrument are conclusively presumed to be true as between the parties thereto…" (Cal. Evid. Code § 622; *Golden Gate Way, LLC v. Enercon Servs., Inc.*, 572 F. Supp. 3d 797 (N.D. Cal. 2021) [applying California Evidence Code § 622 as a rule of substantive law]; *Feldman v. Allstate Ins. Co.,* 322 F.3d 660, 666 (9th Cir. 2003) ["State evidence rules that are 'intimately bound up' with the state's substantive decision making must be given full effect by federal courts sitting in diversity."]; and Fed. R. Evid. 302 ["In a civil case, state law governs the effect of a presumption regarding a claim or defense for which state law supplies the rule of decision."].)

Here, Plaintiffs seek to introduce evidence at trial that directly contradicts the recitals contained in the Alter Operating Agreement, the Loan and Pledge Agreement, and the Satisfaction Agreement. Because contract recitals are presumed to be true, Plaintiffs should be barred from introducing any evidence at trial that contradicts the recitals set forth above in agreements to which Wingsail is a party.

## IV. CONCLUSION

For the reasons stated above, the Court should grant this motion and issue an order prohibiting Plaintiffs from offering any evidence that contradicts the recitals contained in the Mallin Loan Agreement, the Loan And Pledge Agreement, and the Satisfaction Agreement.

Dated: January 30, 2026

RUTAN & TUCKER, LLP

By: */s/ Alejandro S. Angulo*
Alejandro S. Angulo
Attorneys for Defendants
ANDREW POLSKY, and SEFED