Alejandro S. Angulo (State Bar No. 217823)
aangulo@rutan.com
Kaitlynne N. McKee (State Bar No. 366564)
kmckee@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendants
ANDREW POLSKY, and SEFED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINGSAIL HOLDINGS, LLC, a Washington Corporation, and YUNFEI "KRISTY" BAI, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDREW POLSKY, an individual, and SEFED, a California Corporation, and DOES 1 through 10,<br><br>Defendants. | Case No. 8:23-CV-02398-JWH-DFM<br>Honorable John W. Holcomb<br><br>**DEFENDANTS ANDREW POLSKY AND SEFED'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE SETTLEMENT DISCUSSIONS**<br><br>[*Filed concurrently with Declaration of Alejandro S. Angulo and [Proposed] Order*]<br><br>Date: February 20, 2026<br>Time: 9;00 a.m.<br>Ctrm.: 9D<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date Action Filed: August 23, 2024<br>Trial Date: March 16, 2026 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, on February 20, 2026, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 9D of the above-referenced court, located at 411 W. Fourth Street, Santa Ana, California, Defendants Andrew Polsky and SEFED (collectively, "Defendants") will, and hereby do, move the Court *in limine* for an order excluding settlement discussions.

Defendants bring this Motion pursuant to Federal Rules of Evidence 408 and 403 on the grounds that Trial Exhibit Nos. 18, 25, and 26 constitute inadmissible settlement discussions. Introduction of the statements made by Mr. Polsky in these exhibits without the introduction of MCAP's settlement proposal would be unfairly prejudicial to Defendants and would mislead the jury.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Declaration of Alejandro S. Angulo, any relevant paper previously filed in this matter of which the Court may take judicial notice, any oral argument offered at the time of the hearing, and such other and further evidence that may properly be offered.

Pursuant to Local Rule 7-3, on January 22, 2026, counsel for Plaintiffs and Defendants met and conferred regarding the substance of this Motion but were unable to reach a resolution that would eliminate the necessity for a hearing. Angulo Decl., ¶ 4.

Dated: January 30, 2026

RUTAN & TUCKER, LLP

By: */s/ Alejandro S. Angulo*
Alejandro S. Angulo
Attorneys for Defendants
ANDREW POLSKY, and SEFED

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By way of this Motion In Limine No. 3 ("MIL No. 3") Defendants Andrew Polsky and SEFED ("Defendants') seek an order excluding evidence of settlement discussions between MCAP Holdings, LLC ("MCAP"), a company jointly owned by Defendant Andrew Polsky and Max Chang (who is also Plaintiff Wingsail Holdings, LLC's manager) regarding Wingsail Holding, LLC's ("Wingsail") investment into Alter Management, LLC ("Alter").

The parties agree that an email transmitting MCAP's settlement proposal to Alter is an inadmissible settlement communication. (*See*, Angulo Decl., ¶ 2, Ex. A [email transmitting settlement proposal].) Nevertheless, Plaintiffs seeks to offer into evidence discussions regarding these settlement discussions, which discussions appear at Trial Ex. Nos. 18, 25, & 26. (*Id.*, ¶ 3, Exs. C, D, & E.). The parties settlement discussions regarding MCAP's settlement proposal regarding Wingsail's investment in Alter are plainly inadmissible settlement discussions. (Fed. R. Evid. 408.) Thus, MIL No. 3 should be granted for the reasons explained below.

## II. RELEVANT FACTUAL BACKGROUND.

On January 16, 2026, the parties participated in the required meet of counsel pursuant to Local Rule 16-2. (Angulo Decl., ¶ 2.) During that meeting the parties discussed and agreed that a settlement offer MCAP transmitted to Wingsail on April 16, 2021 is an inadmissible settlement communication Federal Evidence Rule 408. (*Ibid.*) In that settlement proposal, MCAP proposed paying Wingsail the money that it had invested in Alter. (*Id.*, ¶ 2, Ex. A [Email transmitting settlement proposal].) Despite agreeing that the settlement proposal is an inadmissible settlement communication, Plaintiffs nevertheless advised that they would seek to introduce communications regarding that settlement proposal. (*Ibid.*) The Trial Exhibits at issue here are Trial Exhibit Nos. 18, 25, and 26. (*Ibid.*)

/ / /

Trial Exhibit No. 18 consists of text message exchanges between Mr. Polsky and Ms. Bai spanning from October 23, 2019 to November 15, 2023. (Angulo Decl., ¶ 3, Ex. B [Trial Ex. No. 18].) Various statements made within this text string pertain to MCAP's settlement proposal (Defendants have highlighted those portions of Trial Exhibit No. 18 they seek to exclude). (*Ibid*.) For instance, Mr. Polsky states "So we have to do two things for you…Have to pay you back, and get you your E2 if you want it." (*Ibid*.) He also states that he has "always been committed to getting you your money back and your E2 (if you decide you want it)." (*Ibid*.) All of these communications pertain the MCAP's settlement proposal of which Mr. Polsky is a member.

Trial Exhibit No. 25 is an email from Mr. Polsky to Mr. Chang dated March 27, 2021. (Angulo Decl., ¶ 3, Ex. B [Trial Ex. No. 25].) In the email, Mr. Polsky tells Mr. Chang he has an adjustment to make to the MCAP proposed settlement agreement, namely that a section of the proposed settlement agreement was written incorrectly as it would retain Wingsail's interest in Alter *in addition to* having to pay Wingsail its investment in Alter. This communication plainly pertains to MCAP's settlement proposal to Alter. (*Ibid*.)

Trial Exhibit No. 26 is an email from Mr. Polsky to Mr. Chang dated July 1, 2021. (Angulo Decl., ¶ 3, Ex. C [Trial Ex. No. 26].) The email states "After we implement what we put into the agreement to her, this is what it looks like. Are you cool with him sending?" and attaches a copy of Wingsail's 2020 financials. (*Ibid*.) This email communication between Mr. Polsky and Mr. Chang is directly related to drafting the settlement agreement that MCAP proposed. (*Ibid*.)

On January 22, 2026, the parties met and conferred regarding this MIL No. 3 and were unable to resolve the evidentiary dispute regarding Trial Exhibit Nos. 18, 25, and 26. (Angulo Decl., ¶ 4.)

/ / /

/ / /

## III. ALL SETTLEMENT COMMUNICATIONS, BOTH ORAL AND WRITTEN, SHOULD BE EXCLUDED FROM TRIAL.

### A. The Statements Included In Trial Exhibit Nos. 18, 25, and 26 Constitute Inadmissible Settlement Negotiations

Federal Rule of Evidence 408 precludes the introduction of compromise offers *and negotiations* from being introduced as evidence to disprove the validity, amount, or liability of a claim:

> (a) Prohibited Uses. Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

(Fed. R. Evid. 408.) *McCown v. City of Fontana*, 565 F.3d 1097, fn. 4 (9th Cir. 2009) [noting that courts refrain from referencing proposed settlement agreements under Federal Rule of Evidence 408, unless both parties seek to introduce evidence of the settlement and discussions related to it]; *see also*, *Affiliated Mfrs., Inc. v., Aluminum Co. Of America*, 56 F.3d 521, 529 [excluding memorandum and testimony of the same under Rule 408 as inadmissible settlement discussions].)

Here, Trial Exhibits 18, 25, and 26 contain discussions pertaining to MCAP's settlement proposal, including the terms of that settlement proposal. While the parties agree that MCAP's settlement proposal is an inadmissible settlement discussion, Plaintiffs nevertheless seek to introduce discussions pertaining to MCAP

and Wingsail's settlement efforts leading up to and made after MCAP's settlement proposal was transmitted to Alter. Thus, any discussions pertaining to MCAP's are also inadmissible settlement discussions and accordingly, Trial Exhibit Nos. 18, 25, and 26 should be excluded from trial.

**B. <u>The Probative Value Of Trial Exhibit Nos. 18, 25, and 26 Is Substantially Outweighed By The Dangers Of Unfair Prejudice And Misleading The Jury</u>**

Furthermore, Federal Rule of Evidence 403 allows the Court to exclude evidence if its probative value is outweighed by the risks of unfair prejudice and misleading the jury. (Fed. R. Evid. 403.)

Here, any introduction of the statements made by Mr. Polsky in these exhibits without the introduction of MCAP's settlement proposal would be unfairly prejudicial. These statements, without context, suggest that Mr. Polsky himself was responsible for repaying Wingsail for the purchase of its interest in Alter. As explained above, the settlement proposal plainly makes clear that *MCAP* made the proposal, not Mr. Polsky, which proposal makes clear that, if anything, MCAP recognized that any obligation to pay Wingsail belonged solely to MCAP. Similarly, the introduction of these settlement discussions – without the introduction of MCAP's settlement proposal for context – will like confuse or mislead (or both) the jury into unfairly believing that Mr. Polsky was somehow liable to either Plaintiff and/or that he admits to being liable to Plaintiffs.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

The statements contained in Trial Exhibit Nos. 18, 25, and 26 constitute inadmissible settlement discussions, and the probative value of such statements is substantially outweighed by the dangers of unfair prejudice to Defendants and misleading the jury. Thus, all evidence regarding these statements should be excluded.

Dated: January 30, 2026

RUTAN & TUCKER, LLP

By: */s/ Alejandro S. Angulo*
Alejandro S. Angulo
Attorneys for Defendants
ANDREW POLSKY, and SEFED