William L. Buus (SBN 180059)
*wbuus@buuslaw.com*
BUUS LAW GROUP APC
3 Pointe Drive, Suite 110
Brea, CA 92821
Telephone:  (949) 825-6140
Facsimile:  (949) 825-6141

Attorneys for Plaintiffs
WINGSAIL HOLDINGS, LLC and
YUNFEI "KRISTY" BAI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINGSAIL HOLDINGS, LLC, a Washington Corporation, and YUNFEI "KRISTY" BAI, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> ANDREW POLSKY, an individual, and SEFED, a California Corporation, and DOES 1 through 10, <br><br> Defendants. | Case No.: 8:23-CV-02398-JWH-DFM <br><br> PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW |

## I.    CLAIMS

**(a)**    Plaintiffs WINGSAIL HOLDINGS, LLC and YUNFEI "KRISTY" BAI provide this summary statement of the claims they wish to pursue at trial:

**<u>Claim 1:</u>**  Defendant Andrew Polsky breached fiduciary duties owed to Plaintiffs Wingsail Holdings, LLC and Yunfei "Kristy" Bai by failing to exercise reasonable care;

**<u>Claim 2:</u>**  Defendant Andrew Polsky breached fiduciary duties owed to Plaintiffs Wingsail Holdings, LLC and Yunfei "Kristy" Bai breaching his duty of undivided loyalty;

**<u>Claim 3:</u>**  Defendant Andrew Polsky constructively defrauded

1

Plaintiffs Wingsail Holdings, LLC and Yunfei "Kristy" Bai;

**Claim 4:**  Defendant Andrew Polsky defrauded Plaintiffs Wingsail Holdings, LLC and Yunfei "Kristy" Bai by concealment;

**Claim 5:**  Defendant Andrew Polsky defrauded Plaintiffs Wingsail Holdings, LLC and Yunfei "Kristy" Bai by making a false promise;

**Claim 6:**  Defendants Andrew Polsky and SEFED converted Plaintiffs' personal property;

**Claim 7:**  Defendants must return money given by Plaintiffs for the use and benefit of Plaintiffs (Money Had and Received);

**Claim 8:**  Defendant received stolen property (Penal Code § 496); and,

**Claim 9:**  Defendants must provide an accounting to Plaintiffs with respect to investments made by Defendants on behalf of Plaintiffs.

   (b)    The elements required to establish each of the claims described above are as follows:

**Claim 1: Breach of Fiduciary Duty (Failure to Use Reasonable Care)**

   1.    Defendant Andrew Polsky was Plaintiffs' manager;

   2.    Defendant Andrew Polsky acted on Plaintiffs' behalf for purposes of managing the business and financial affairs of Plaintiff Wingsail Holdings as described in the Management and Investments Agreement;

   3.    Defendant Andrew Polsky failed to act as a reasonably careful manager would have acted under the same or similar circumstances;

   4.    Plaintiffs were harmed; and,

   5.    Defendant Andrew Polsky's conduct was a substantial factor in causing Plaintiffs' harm.

**Claim 2: Breach of Fiduciary Duty (Breach of Duty of Undivided Loyalty)**

   1.    Defendant Andrew Polsky was Plaintiffs' manager;

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

2.      Defendant Andrew Polsky knowingly acted against Plaintiffs' interests and/or acted on behalf of a party whose interests were adverse to Plaintiff in connection with his management of the business and financial affairs of Plaintiff Wingsail Holdings, LLC as described in the Management and Investments Agreement;

3.      Plaintiffs did not give informed consent to Defendant Andrew Polsky's conduct;

4.      Plaintiffs were harmed; and,

5.      Defendant Andrew Polsky's conduct was a substantial factor in causing Plaintiffs' harm.

## Claim 3: Constructive Fraud

1.      Defendant Andrew Polsky was Plaintiffs' manager;

2.      Defendant Andrew Polsky acted on Plaintiffs' behalf for purposes of managing the business and financial affairs of Plaintiff Wingsail Holdings as described in the Management and Investments Agreement;

3.      Defendant Andrew Polsky knew, or should have known, certain information relating to those business and financial affairs;

4.      Defendant Andrew Polsky misled Plaintiffs by failing to disclose this information and/or by providing Plaintiffs with information that was inaccurate or incomplete;

5.      Plaintiffs were harmed:

6.      Defendant Andrew Polsky's conduct was a substantial factor in causing Plaintiffs' harm.

## Claim 4: Fraud by Concealment

1.      Defendant Andrew Polsky was Plaintiffs' manager and he intentionally failed to disclose certain facts to Plaintiffs;

2.      Plaintiffs did not know of the concealed facts;

3.      Defendant Andrew Polsky intended to deceive Plaintiffs by

3

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

concealing facts;

4.      Had the omitted information been disclosed, Plaintiffs reasonably would have behaved differently;

5.      Plaintiffs were harmed;

6.      Defendant Andrew Polsky's concealment was a substantial factor in causing Plaintiffs' harm.

## Claim 5: Fraud by False Promise

1.      Defendants Andrew Polsky and/or SEFED made a promise to Plaintiffs;

2.      Defendants did not intend to perform this promise when they made it;

3.      Defendants Andrew Polsky and/or SEFED intended that Plaintiffs rely on this promise;

4.      Plaintiffs reasonably relied on Defendants' promise;

5.      Defendants did not perform the promised act;

6.      Plaintiffs were harmed; and,

7.      Plaintiffs' reliance on Defendants' promise was a substantial factor in causing their harm.

## Claim 6: Conversion

1.      Plaintiffs owned, possessed, and/or had a right to possess certain personal property;

2.      Defendants Andrew Polsky and/or SEFED substantially interfered with Plaintiffs' property by knowingly or intentionally refusing to return the personal property after Plaintiffs demanded its return;

3.      Plaintiffs did not consent;

4.      Plaintiffs were harmed; and,

5.      Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

///

4

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## Claim 7: Money Had and Received

1.    Defendants Andrew Polsky and/or SEFED received money that was intended to be used for the benefit of Plaintiffs;

2.    The money was not used for the benefit of Plaintiffs; and,

3.    Defendants have not given the money to Plaintiffs.

## Claim 8: Theft (Penal Code § 496)

1.    Defendants Andrew Polsky and/or SEFED received money or property that was stolen or that was obtained by theft, or they withheld or aided in withholding the money or property from Plaintiffs; and,

2.    Defendants knew the money or property was stolen or obtained by theft.

## Claim 9: Accounting

1.    Defendants Andrew Polsky and/or SEFED were in a fiduciary relationship with Plaintiffs that requires an accounting; and,

2.    Some balance is due Plaintiffs that can only be ascertained by an accounting.

(c)    Key evidence in support of Plaintiffs' claims are as follows:

## All Claims

Because all claims will be supported by the same evidence, Plaintiffs describe the key evidence in support of all of those claims:

- Management and Investments Agreement dated July 31, 2018;
- Membership Interest Option Agreement dated July 31, 2018;
- Alter Operating Agreement dated July 22, 2019;
- Email and text communications between Max Chang and Andrew Polsky;
- Email communications between Max Chang and Michael Castanon;
- Promissory Note dated August 16, 2019;

5

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

- Loan and Pledge Agreement dated August 16, 2019;
- Email and text communications between Kristy Bai and Andrew Polsky;
- Wire receipt dated October 24, 2019;
- Agreement to Accept Collateral dated April 6, 2020;
- Email communications between Peter Meehan and Andrew Polsky;
- Email and text communications between Max Chang and Kristy Bai;
- Wingsail Operating Agreement dated August 8, 2018;
- Email communications between Adam Minow and Andrew Polsky;
- Corporate records of Wingsail Holdings LLC; and,
- Oral testimony of Kristy Bai, Andrew Polsky, Max Chang, and Adam Minow.

**(d)-(e)**       Not applicable.

**(f)**      Plaintiffs are currently not certain what affirmative defenses Defendants will be pursuing at trial.  Nevertheless, the same evidence described above would undoubtedly be used to oppose any such affirmative defenses.

**(g)**      Not applicable.

**(h)**      Plaintiffs have not filed any motions in limine.  Defendants have filed five motions in limine which Plaintiffs will be opposing.  Defendants' first motion in limine seeks the exclusion of evidence not produced during discovery, but fails to identify what evidence is at issue and appears to be an unlawful attempt to limit Plaintiff Yunfei Kristy Bai's trial testimony.  Defendants' second motion in limine seeks the exclusion of evidence that contradicts contractual recitals, but fails to recognize that the contracts at issue were entered into through their own fraudulent conduct and/or breaches of fiduciary duties.  Defendants' third motion in limine

6

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

seeks the exclusion of texts in which Defendant Andrew Polsky admits to owing Plaintiffs money and promises to pay them, under the guise that they were "settlement discussions," when they were not.  Defendants' fourth motion in limine seeks to exclude evidence of highly relevant evidence concerning Defendants' application for Paycheck Protection Program funds, which would explain their fraudulent conduct and breaches of fiduciary duties.  Defendants' fifth motion in limine seeks to exclude highly relevant communications on the ground that they constitute "hearsay," but those communications will be admitted under several exceptions to the hearsay rule.  As such, Defendants' motions in limine are meritless and should be denied.

**(i)**     Plaintiffs do not believe that this case involves any pure issues of law, such as the interpretation of any governing stateute.

## II.     BIFURCATION OF ISSUES

Plaintiffs do not seek a bifurcation of issues.

## III.     JURY TRIAL

Claims 1 through 8 are triable to a jury.  A timely demand for jury trial was made by Plaintiffs in the operative complaint filed on January 13, 2025.  Claim 9 (Accounting) is an equitable claim that is triable to the Court.  Because all claims will be supported by the same evidence that will be presented at trial, Plaintiffs request that all claims be tried simultaneously.

## IV.     ATTORNEY'S FEES

Plaintiffs' claims arise from a Management and Investments Agreement dated July 31, 2018, a Membership Interest Option Agreement dated July 31, 2018, and the Operating Agreement of Alter Management, LLC, which all contain

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

attorney's fees provisions entitling the prevailing party in any action to interpret or enforce those agreements to an award of attorney's fees incurred in such action. (Cal. Civ. Code § 1717.)

## V.    ABANDONMENT OF ISSUES

Plaintiffs do not abandon any claims pled in their operative complaint filed January 13, 2025.

Dated:        May 21, 2026                BUUS LAW GROUP APC


 /s/ William L. Buus

By: William L. Buus
Counsel for Plaintiffs
WINGSAIL HOLDINGS, LLC and
YUNFEI "KRISTY" BAI

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) years and am not a party to the within action.  My business address is that of 3 Pointe Drive, Suite 110, Brea, California 92821.

I hereby certify that on May 21, 2026, I electronically filed the foregoing PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW with the Clerk of the Court using ECF which will send notification and a copy of such filing to the following persons:

Alejandro S. Angulo, Esq.
*aangulo@rutan.com*
Joelle Leib, Esq.
*jleib@rutan.com*
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Tel.: 714-641-5100
Fax: 714-546-9035

Attorneys for Defendants ANDREW POLSKY and SEFED

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 21, 2026, at Brea, California.

*/s/ William L. Buus*

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW