William L. Buus (SBN 180059)
*wbuus@buuslaw.com*
BUUS LAW GROUP APC
3 Pointe Drive, Suite 110
Brea, CA 92821
Telephone: (949) 825-6140
Facsimile: (949) 825-6141

Attorneys for Plaintiffs
WINGSAIL HOLDINGS, LLC and
YUNFEI "KRISTY" BAI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINGSAIL HOLDINGS, LLC, a Washington Corporation, and YUNFEI "KRISTY" BAI, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDREW POLSKY, an individual, and SEFED, a California Corporation, and DOES 1 through 10,<br><br>Defendants. | Case No.: 8:23-CV-02398-JWH-DFM<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE THAT CONTRADICTS RECITALS<br><br>Date: June 8, 2026<br>Time: 2:00 p.m.<br>Ctrm: 9D |

## I. **INTRODUCTION**

Defendants wish to prevent Plaintiffs from introducing evidence that would, together with other evidence, expose Defendants' breaches of fiduciary duties and fraudulent conduct. They are attempting to invoke a statute (i.e., California Evidence Code § 622) that creates a conclusive presumption that certain factual recitals are true. But Defendants quote only a portion of the statutory language in their motion and thereby omit a very critical limitation to the application of that presumption, and they also fail to mention that the presumption does not apply to persons who are not parties to the agreements or to claims for fraud.

As will be shown below, the statutory presumption does not apply. First, the

recitals sought by Defendants to be conclusively established relate to purported consideration given under the agreement and, therefore, they are statutorily exempted from the application of the rule. Second, Plaintiff YUNFEI "KRISTY" BAI did not sign any of the subject contracts and, therefore, the statutory presumption does not apply to her. But more importantly, the statutory presumption does not apply where, as here, Plaintiffs are claiming Defendants breached their fiduciary duties and defrauded Plaintiff and that the subject contracts were instruments of that fraud. Therefore, Defendants' motion should be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff YUNFEI "KRISTY" BAI (hereinafter "Ms. Bai") is a citizen of China who presently resides in Canada and who is the sole owner of Plaintiff WINGSAIL HOLDINGS, LLC (hereinafter "Wingsail"), a Washington limited liability company. Defendant ANDREW POLSKY (hereinafter "Mr. Polsky") is the sole owner and officer of Defendant SEFED (hereinafter "SEFED"), a California corporation. Mr. Polsky and an individual named Maxwell Chang (hereinafter "Mr. Chang") owned and operated an investment company named MCAP Holdings, LLC ("MCAP"), a California limited liability company.

This matter centers on Plaintiffs' contractual relationship with MCAP pursuant to which Plaintiffs invested money to form and start a business named Alter Management, LLC (hereinafter "Alter"), a California limited liability company. Alter was created to provide, and currently provides, treatment services for individuals suffering from mental illnesses and/or drug/alcohol addiction. It owns and operates several treatment facilities throughout Southern California.

Specifically, on July 31, 2018, MCAP and Wingsail entered into a Management and Investments Agreement under which MCAP agreed to assume management over Wingsail. Mr. Polsky was an owner and agent of MCAP who participated in the management of, and in making managerial decisions for,

Wingsail.

MCAP and Mr. Polsky, acting as the managing agents on behalf of Wingsail, procured a sixty-five percent (65%) membership interest in Alter as a business investment and as a means to permit Ms. Bai, Wingsail's sole owner, to obtain an E2 United States Visa. Because Wingsail was the majority owner of Alter, MCAP and Mr. Polsky also assumed all managerial duties over Alter.

In mid-August of 2019, after Plaintiffs had made $731,840 in capital contributions to Alter, Mr. Polsky informed Ms. Bai that Alter needed an additional $200,000 immediately for its business operations. Ms. Bai informed Mr. Polsky that she wasn't able to send the money as quickly as Mr. Polsky wanted due to the time it would take her to send money internationally, but promised to do what she could. During those discussions, Mr. Polsky offered to loan $100,000 to Wingsail through SEFED so that Wingsail could make an immediate $100,000 capital contribution to Alter and, in return, Wingsail would agree to repay the loan with interest and make an additional capital contribution to Alter in the future. Mr. Polsky proposed that Wingsail repay the loan by August 31, 2019, but Ms. Bai informed Mr. Polsky that she didn't believe that was possible. He assured her over the telephone on or about August 16, 2019, that he would not strictly enforce that payment due date. He then prepared a Promissory Note and Loan and Pledge Agreement (Exhibit "B"), which was executed on August 16, 2019, by Mr. Polsky on behalf of SEFED and Mr. Chang, another principal at MCAP, on behalf of Wingsail. Ms. Bai did not sign those documents.

After that date, Mr. Polsky and Ms. Bai communicated both in text exchanges and in telephone conversations in which Mr. Polsky inquired into the status of the funds, and Ms. Bai promised to pay $200,000 in due time. Not once during any of those text exchanges, or during any telephone conversations during that time frame, did Mr. Polsky inform Ms. Bai that Wingsail was in default under the Promissory Note that Mr. Polsky and Mr. Chang signed and/or that SEFED

intended to exercise any rights granted to it under the Loan and Pledge Agreement that Mr. Polsky and Mr. Chang signed.

On October 24, 2019, Ms. Bai transferred $200,000 to Wingsail, which Ms. Bai understood would be used repay the loan SEFED made to Wingsail and to infuse additional capital into Alter. At that time, Bai believed she had satisfied her payment obligations under the Promissory Note. Mr. Polsky never told her otherwise.

Mr. Polsky now contends that the $200,000 was used to fully repay a $150,000 loan that an individual named Jordan Mallin extended to Wingsail (Exhibit "A"), and to *partially* repay the $100,000 SEFED loan. Despite that contention, Mr. Polsky never informed Ms. Bai of any loan by Jordan Mallin and never informed her that the $200,000 she paid would be used to repay any such loan. Importantly, that alleged loan by Jordan Mallin was made during the time MCAP and Mr. Polsky were managing Wingsail's business and finances and any documentation relating to that loan was not signed by Ms. Bai, but rather Mr. Polsky and/or Mr. Chang. Nevertheless, Jordan Mallin is believed to be a friend of Mr. Polsky and therefore, if any such loan was made, Mr. Polsky would likely have been involved in the negotiation, funding and/or repayment of any such loan.

Furthermore, unbeknownst to Wingsail and Ms. Bai, and without their knowledge and/or consent, on April 6, 2020, Mr. Polsky on behalf of SEFED and Mr. Chang on behalf of Wingsail executed an Agreement to Accept Collateral in Full Satisfaction of Obligations (Exhibit "C"), in which SEFED agreed to waive full repayment of the amount SEFED loaned to Wingsail and, in return, Wingsail assigned the entirety of its membership interests in and to Alter to SEFED (not just a portion of it to satisfy any remaining loan obligation). Mr. Polsky failed to inform both Wingsail and Bai that he intended to enter into this transaction.

From that point for several years, Ms. Bai and Mr. Polsky continued to communicate via text and, during that time frame, Mr. Polsky never specifically

informed Ms. Bai that Wingsail defaulted under the Promissory Note or that SEFED appropriated for itself Wingsail's entire 65% ownership position in Alter. Instead, Mr. Polsky repeatedly promised to Ms. Bai that he would return her capital contributions, but he never did. To this day, Mr. Polsky and SEFED have failed and refused, and continue to fail and refuse, to either restore Wingsail's membership interest in Alter or to repay the capital Plaintiffs invested into Alter.

MCAP and Mr. Polsky remained Wingsail's manager until September 26, 2021, when they resigned.

On December 18, 2023, Ms. Bai and Wingsail filed this lawsuit against Mr. Polsky and SEFED, essentially claiming that Mr. Polsky had wrongfully appropriated for himself and his company (SEFED) Wingsail's 65% membership interest in Alter and also failed to return all or any part of the $931,820 Ms. Bai and Wingsail invested in that company. The Second Amended Complaint, filed January 13, 2025, contains counts for breach of fiduciary duty, constructive fraud, fraud by concealment, fraud by false promise, conversion, theft, money had and received, and accounting.

## III. ARGUMENT

### A. THE EVIDENTIARY PRESUMPTION CREATED BY CALIFORNIA EVIDENCE CODE SECTION 622 DOES NOT APPLY TO PERSONS WHO ARE NOT PARTIES TO THE CONTRACTS. SUCH AS MS. BAI. DOES NOT APPLY TO THE MULTIPLE CLAIMS OF FRAUD AND FIDUCIARY BREACHES PRESENTED HERE. AND DOES NOT APPLY TO FACTUAL RECITALS RELATING TO CONSIDERATION.

California Evidence Code section 622 creates a presumption that facts recited in a contract, except recitals as to consideration, are to be conclusively presumed. It provides as follows: "The facts recited in a written instrument are conclusively presumed to be true as between the parties thereto, or their successors in interest; but this rule does not apply to the recital of a consideration." (Cal. Evid. Code § 622.)

But this rule has well-established limits. For example, the presumption

applies as between parties to the contract and not to persons not parties to the contract. (*Citizens Bus. Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 625.) Also, the presumption does not bar an assertion of fraud or other grounds for rescission of a contract. (*Id.*) It also does not apply to situations not involving arm's length negotiations. (*Marriage of Clarke & Akel*, 19 Cal.App.5th 914, 921.)

In the present case, Defendants argue that Plaintiffs should not be permitted to introduce any evidence to contradict certain statements made in the alleged loan agreement between Jordan Mallin and Wingsail (Exhibit "A"), whereby Jordan Mallin allegedly lent $150,000 to Wingsail. The recitals Defendants wish conclusively presumed are the following:

> A. In order to fund operations of Alter Management, LLC, of which [Wingsail] is an equity holder and financier, [Wingsail] desires to borrow funds and obtain financial accommodations from [Mr. Mallin].
>
> B. Lender is willing to provide financing and provide other terms and conditions set forth herein and in the other documents executed and delivered in connection herewith.

(Exhibit "A.")

First, these recitals relate to consideration (i.e., the borrowing of funds on terms and conditions set forth in the document) and, by the very language of California Evidence Code section 622, the statutory presumption does not apply. Furthermore, Ms. Bai was not involved in the negotiation of the alleged agreement and did not sign and is therefore not a party to the alleged agreement and, therefore, the presumption does not apply to her. In fact, she disputes this alleged agreement's genuineness and validity. Defendants will likely argue, however, that these recitals are nevertheless binding upon Wingsail since it was a party to the agreement, but there is a major problem with that argument. Mr. Polsky claims that the signature of Max Chang, MCAP's other representative, is the signature of Wingsail itself, but Plaintiffs claim that this document was one of several

documents Defendants used to perpetrate their fraudulent scheme (as described above) to receive nearly one million dollars in capital contributions from Plaintiffs, strip Plaintiffs of their ownership interests in Alter, and then retain and never repay the amounts Plaintiffs' paid for that investment.

Defendants also argue that Plaintiffs should not be permitted to introduce any evidence to contradict certain statements made in the Loan and Pledge Agreement (Exhibit "B"), whereby SEFED lent Wingsail $100,000 for an additional capital contribution to Alter. The recitals Defendants wish conclusively presumed are the following:

> WHEREAS [Wingsail] holds all right, title, and interest in and to a membership interest in Alter Management, LLC, a California limited liability company (the Company), free and clear of liens and encumbrances of all kinds (the Membership Interest);
>
> WHEREAS [Wingsail] desires that [SEFED] loan to [Wingsail] the sum of One Hundred Thousand Dollars ($100,000) (Loan to Pledgor) pursuant to a promissory note of even date (the Promissory Note) . . . .

Again, these recitals relate to the purported consideration given under the agreement (i.e., the membership interest being pledged and the loan) and therefore the statutory presumption does not apply. Also, again, Ms. Bai did not sign and is therefore not a party to the agreement and therefore the presumption does not apply to her. And the presumption does not apply to Wingsail either because this was yet another document signed by MCAP representative, Mr. Chang, at the behest of Mr. Polsky, and then used by Defendants to perpetrate their fraudulent scheme as described above.

Finally, Defendants argue that Plaintiffs should not be permitted to introduce any evidence to contradict certain statements made in the Agreement to Accept Collateral in Full Satisfaction of Obligations (Exhibit "C"), whereby SEFED

allegedly acquired Wingsail's entire ownership interest in Alter for no consideration. The recitals Defendants wish conclusively presumed are the following:

> WHEREAS Wingsail is indebted and obligated to SEFED pursuant to a Promissory Note in the principal amount of $100,000 dated August 16, 2019, and a related Loan and Pledge Agreement dated August 16, 2019, (collectively, the "Loan Documents"); and
>
> WHEREAS, pursuant to the Loan Documents, [Wingsail] is the holder of a security interest in and a lien on all of the Membership Interest held by Wingsail in Alter Management, LLC (the "Collateral");
>
> WHEREAS the [Wingsail] is in default of its obligations to SEFED under the Loan Documents; and
>
> WHEREAS [Wingsail] and SEFED have agreed that SEFED shall accept the Collateral in full satisfaction of [Wingsail's] indebtedness and obligations under the Loan Documents.

(Exhibit "C".)

Again, these recitals relate to the purported consideration (i.e., the loan amount being satisfied and the membership interest being acquired) given under the agreement and therefore the statutory presumption does not apply. Also, again, Ms. Bai did not sign and is therefore not a party to the agreement so the presumption does not apply to her. And the presumption does not apply to Wingsail either because this was yet another document signed by MCAP representative, Mr. Chang, at Mr. Polsky's behest without Mr. Bai's knowledge, and then used by Defendants to perpetrate their fraudulent scheme as described above.

///

///

///

## IV. CONCLUSION

For reasons set forth above, Defendants' Motion in Limine Number Two should be denied in its entirety.

Dated: May 22, 2026

BUUS LAW GROUP APC

*/s/ William L. Buus*

By: William L. Buus
Counsel for Plaintiffs
WINGSAIL HOLDINGS, LLC and
YUNFEI "KRISTY" BAI

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and am not a party to the within action. My business address is that of 3 Pointe Drive, Suite 110, Brea, California 92821.

I hereby certify that on May 22, 2026, I electronically filed the foregoing PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE THAT CONTRADICTS RECITALS with the Clerk of the Court using ECF which will send notification and a copy of such filing to the following persons:

Alejandro S. Angulo, Esq.
aangulo@rutan.com
Joelle Leib, Esq.
jleib@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Tel.: 714-641-5100
Fax: 714-546-9035

Attorneys for Defendants ANDREW POLSKY and SEFED

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 22, 2026, at Brea, California.

*/s/ William L. Buus*