William L. Buus (SBN 180059)
*wbuus@buuslaw.com*
BUUS LAW GROUP APC
3 Pointe Drive, Suite 110
Brea, CA 92821
Telephone: (949) 825-6140
Facsimile: (949) 825-6141

Attorneys for Plaintiffs
WINGSAIL HOLDINGS, LLC and
YUNFEI "KRISTY" BAI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINGSAIL HOLDINGS, LLC, a Washington Corporation, and YUNFEI "KRISTY" BAI, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDREW POLSKY, an individual, and SEFED, a California Corporation, and DOES 1 through 10,<br><br>Defendants. | Case No.: 8:23-CV-02398-JWH-DFM<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE SETTLEMENT DISCUSSIONS<br><br>Date: June 8, 2026<br>Time: 2:00 p.m.<br>Ctrm: 9D |

**I. <u>INTRODUCTION</u>**

Defendants wish to suppress certain text messages sent by Defendant ANDREW POLSKY to Plaintiff YUNFEI "KRISTY" BAI in which he acknowledged that he owed money to Plaintiffs and promised to pay that money to Plaintiffs, under the guise that they are inadmissible offers to compromise under Rule 408 of the Federal Rules of Evidence. But as will be shown below, those acknowledgements and promises were unprompted and unconditional admissions and offers and are therefore not offers to compromise by definition. Therefore, Defendants' Motion in Limine Number 3 should be denied in its entirety.

///

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff YUNFEI "KRISTY" BAI (hereinafter "Ms. Bai") is a citizen of China who presently resides in Canada and who is the sole owner of Plaintiff WINGSAIL HOLDINGS, LLC (hereinafter "Wingsail"), a Washington limited liability company. Defendant ANDREW POLSKY (hereinafter "Mr. Polsky") is the sole owner and officer of Defendant SEFED (hereinafter "SEFED"), a California corporation.

Mr. Polsky and an individual named Maxwell Chang (hereinafter "Mr. Chang") owned and operated an investment company named MCAP Holdings, LLC ("MCAP"), a California limited liability company.

This matter centers on Plaintiffs' contractual relationship with MCAP pursuant to which Plaintiffs invested money to form and start a business named Alter Management, LLC (hereinafter "Alter"), a California limited liability company. Alter was created to provide, and currently provides, treatment services for individuals suffering from mental illnesses and/or drug/alcohol addiction. It owns and operates several treatment facilities throughout Southern California.

Specifically, on July 31, 2018, MCAP and Wingsail entered into a Management and Investments Agreement under which MCAP agreed to assume management over Wingsail. Mr. Polsky was an owner and agent of MCAP who participated in the management of, and in making managerial decisions for, Wingsail.

MCAP and Mr. Polsky, acting as the managing agents on behalf of Wingsail, procured a sixty-five percent (65%) membership interest in Alter as a business investment and as a means to permit Ms. Bai, Wingsail's sole owner, to obtain an E2 United States Visa. Because Wingsail was the majority owner of Alter, MCAP and Mr. Polsky also assumed all managerial duties over Alter.

As part of the investment, Ms. Bai and Wingsail made nearly one million dollars ($1,000,000) in capital contributions to Alter. Through a series of

fraudulent conduct and breaches of fiduciary duty not pertinent to the present motion, Mr. Polsky stripped Plaintiffs of their ownership interest in Alter and failed to return all or any portion of the capital contributions they made.

On December 18, 2023, Ms. Bai and Wingsail filed this lawsuit against Mr. Polsky and SEFED, essentially claiming that Mr. Polsky had wrongfully appropriated for himself and his company (SEFED) Wingsail's 65% membership interest in Alter and also failed to return all or any part of the $931,820 Ms. Bai and Wingsail invested in that company. The Second Amended Complaint, filed January 13, 2025, contains counts for breach of fiduciary duty, constructive fraud, fraud by concealment, fraud by false promise, conversion, theft, money had and received, and accounting.

Central to this motion is a series of text messages that Mr. Polsky sent to Ms. Bai, in which he acknowledged that he owed her money and promised to pay her back (see Exhibit "B"). One series of text messages were exchanged on October 7, 2020 (Exhibit "B," Bates AP004085 to AP004087), in which Mr. Polsky responded to a text from Ms. Bai, inquiring into the financial status of Alter by texting the following:

On October 7, 2020, Ms. Bai sent a text to Mr. Polsky, asking, in essence, for a status. In response, Polsky texted the following messages to Ms. Bai:

- "Business is going ok"
- "The business is producing additional revenue opportunities that we are working to capitalize on"
- "Raising money now so we can fund other facilities to pick up those dollars that are slipping by"
- "This will make the existing business more profitable so we can return capital to you hopefully sooner than later"
- "So we have to do two things for you"
- "Have to pay you back, and get you your E2 if you want it"

- “Technically on paper I am owed your money but everyone . . . knows I’m not putting any of that in my pocket.”
- “So once we start returning money to me, it will go to you”
- “It’s a lot of money I know and if I were you I’d feel strange that some guy in another country is promising to pay me back.”
- “I have no intention of keeping your money. I want to do more business with you in the future when you’re not trying to get your immigration, and your goal is to make money.”

Also, on February 3, 2021, Ms. Bai and Mr. Polsky had another text exchange, in which Polsky made the following statements (Exhibit “B,” Bates AP00488):

- “Hi Kristy. I just got off the phone with Max. He explained the situation. I’ve always been committed to getting you your money back and your E2 (if you decide you want it). We’ve always worked well together and I Know we can come up with a solution that works for all of us.”
- “As I’ve always told you, you will be paid before I make any profit. That hasn’t changed.”
- “We’ll figure this out.”

And, in yet another text message from Polsky to Bai on November 15, 2023, Mr. Polsky stated to Ms. Bai that “[t]he commitments I’ve made to you in the past I still intend to keep.” (Exhibit “B,” Bates AP004091.)

Defendants wish to suppress these highly relevant acknowledgments that Defendants owe Plaintiffs money and promises to return Plaintiffs’ capital contributions, arguing that these were settlement communications under Rule 408 of the Federal Rules of Evidence. They are not settlement communications,

however, because they constitute admissions that Defendants owe Plaintiffs money and constitute unprompted, unconditional promises to return Plaintiffs' capital contributions into Alter. Because they are not offers to "compromise a disputed claim," the motion to exclude these text messages should be denied.

## III. ARGUMENT

### A. THE MOTION SHOULD BE DENIED BECAUSE THE TEXT MESSAGES ARE UNPROMPTED. UNCONDITIONAL ACKNOWLEDGMENTS OF INDEBTEDNESS AND PROMISES TO PAY AND ARE THEREFORE NOT OFFERS TO COMPROMISE A DISPUTED CLAIM.

Rule 408 of the Federal Rules of Evidence makes offers to compromise disputes claims inadmissible for the purpose of establishing liability. This exclusionary rule applies when a party offers "a valuable consideration in compromising or attempting to compromise [a disputed] claim." (Fed.R.Evid. 408(a)(1).) Therefore, not all communications between parties to a dispute fall within the scope of Rule 408 since it bars evidence that a party offered consideration "in compromising or attempting to compromise a claim." Fed.R.Evid. 408(a)(1). As such, payments offered without the purpose of reaching a compromise are not covered by the rule.

Therefore, courts have recognized that unconditional offers, which do not require claimants to abandon or modify their claims, are not settlement offers protected by Rule 408. (*Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 909 (2d Cir.1997) (unconditional offer that did "not require the employee to abandon ... his suit" not barred under Rule 408); *Hiram Ricker & Sons v. Students Int'l Meditation Soc.*, 501 F.2d 550, 553 (1st Cir. 1974) (holding that a piece of paper handed by defendant to plaintiff pre-litigation and containing what defendant thought was owed to plaintiff was not a conditional offer intended to forestall costs of litigation); *EMA Fin., LLC v. NFusz, Inc.*, 509 F. Supp. 3d 18, 27 (S.D.N.Y. 2020) (holding that prelitigation emails exchanged between business personnel did not contain offers to compromise a disputed claim but were rather statements of their

respective positions); *Fiebelkorn v. IKON Office Solutions, Inc.,* 668 F.Supp.2d 1178, 1187 (D.Minn.2009) (holding that a letter to former employee offering payment for "unpaid commissions" not compromise offer barred by Rule 408); *Kerns v. Logicworks Sys. Corp.*, 2015 WL 3403097, at *4-5 (D.N.J. 2015) (holding that a letter sent by defendant to plaintiff containing what defendant believed was owed to plaintiff was admissible because it did not condition payment on any release or modification of claims by the plaintiff); *Maltbie v. Bank of Am.,* 2013 WL 6078945, at *4 (W.D.Mich. 2013) (holding that a loan modification offer was not barred by Rule 408 because it "was not made as part of settlement negotiations, nor did it require the [Plaintiffs] to settle or compromise any claims"); *Saadi v. Maroun*, 2009 WL 3736121, at *3 (M.D. Fla. 2009) (holding that a unilateral concession in a phone call message admissible because it was not an offer to compromise the dispute in that it was not made conditional upon plaintiff dropping the lawsuit); *E.E.O.C. v. Autozone, Inc.*, 2008 WL 5245579, at *1 (D. Ariz. 2008) (holding that an unconditional offer to reinstate an employee not excludable as an offer to compromise a disputed claim); *Madrigal v. Treasure Island Corp.*, 2008 WL 11389168, at *2 (D. Nev. 2008) (holding that defendant's offer to pay the medical expenses associated with an injury suffered by a child on defendant's premises was not conditional and was, therefore, not an offer to compromise).

The statements made by Mr. Polsky to Ms. Bai were unprompted, unconditional acknowledgements that he owed Plaintiffs money as well as offers to return they capital they invested in Alter. They were certainly not made conditional upon a release of any claims Plaintiffs may have had at that time. As such, they were not offers to compromise a disputed claim and are therefore not excludable under Rule 408 of the Federal Rules of Evidence.

As an aside, Defendants attempt to create a false context for those text exchanges, by attempting to connect them with other communications that do involve settlement communications (Exhibits "A," "C," and "D.") But the text

exchanges contained in Exhibit "B" are not contemporaneous with the emails of Exhibits "A," "C," and "D," with several text exchanges in Exhibit "B" occurring months before and months after the dates of those emails. More importantly, the text exchanges do not reference those emails or any settlement agreement, and are completely untethered from the emails of Exhibits "A," "C," and "D."

**B. THE MOTION SHOULD BE DENIED BECAUSE THE TEXT MESSAGES ARE HIGHLY RELEVANT AND THEIR ADMISSION WILL NOT CAUSE "UNFAIR" PREJUDICE TO DEFENDANTS.**

As a last-ditch effort, Defendants request the Court to exclude this highly relevant evidence under Rule 403 of the Federal Rules of Evidence. That rule provides as follows: "The court may exclude relevant evidence if its probative value is *substantially outweighed* by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (Fed.R.Evid. 403.)

A showing of mere prejudice is insufficient, and the party asserting the objections must show that the evidence's relevance is "substantially outweighed" by a danger of "undue" prejudice. (*Id.*; *United States v. Allen*, 341 Fed.3d 870, 886 (9th Cir. 2003).) "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, and emotional one." (*Id.*, citing Fed.R.Evid. 403, advisory committee notes.) Hence, a court's application of Rule 403 should be cautious and sparing, and should be reserved for situations where the evidence is "of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." (*Sidibe v. Sutter Health*, 103 Fed.4th 675, 691 (9th Cir. 2024).)

Here, the text messages sent by Mr. Polsky in which he acknowledged owing Plaintiffs money and promising to repay them are highly relevant and probative. While the evidence is prejudicial to Defendants' defense to this action, it is not "unfairly" prejudicial in the sense that it will unduly inflame the jury or

cause them to respond to it in some inappropriately emotional way. The jury is given the task to decide the factual issues presented in this case, and they should therefore have all relevant evidence before them including Mr. Polsky's texts to Ms. Bai.

**IV. CONCLUSION**

Defendants' attempt to re-cast unprompted, conditional acknowledgements of indebtedness and promises to repay Plaintiffs as offers to compromise should be rejected by the Court, and Defendants' Motion in Limine Number Three should be denied in its entirety.

Dated: May 22, 2026

BUUS LAW GROUP APC

*/s/ William L. Buus*

By: William L. Buus
Counsel for Plaintiffs
WINGSAIL HOLDINGS, LLC and
YUNFEI "KRISTY" BAI

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and am not a party to the within action. My business address is that of 3 Pointe Drive, Suite 110, Brea, California 92821.

I hereby certify that on May 22, 2026, I electronically filed the foregoing PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE SETTLEMENT DISCUSSIONS with the Clerk of the Court using ECF which will send notification and a copy of such filing to the following persons:

Alejandro S. Angulo, Esq.
aangulo@rutan.com
Joelle Leib, Esq.
jleib@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Tel.: 714-641-5100
Fax: 714-546-9035

Attorneys for Defendants ANDREW POLSKY and SEFED

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 22, 2026, at Brea, California.

*/s/ William L. Buus*