William L. Buus (SBN 180059)
*wbuus@buuslaw.com*
BUUS LAW GROUP APC
3 Pointe Drive, Suite 110
Brea, CA 92821
Telephone:   (949) 825-6140
Facsimile:   (949) 825-6141

Attorneys for Plaintiffs
WINGSAIL HOLDINGS, LLC and
YUNFEI "KRISTY" BAI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINGSAIL HOLDINGS, LLC, a Washington Corporation, and YUNFEI "KRISTY" BAI, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> ANDREW POLSKY, an individual, and SEFED, a California Corporation, and DOES 1 through 10, <br><br> Defendants. | Case No.: 8:23-CV-02398-JWH-DFM <br><br> PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE HEARSAY DOCUMENTS <br><br> Date:          June 8, 2026 <br> Time:          2:00 p.m. <br> Ctrm:          9D |

## I.    **INTRODUCTION**

In Defendants' Motion *in Limine* No. 5, Defendants seek the wholesale exclusion of four exhibits on grounds of hearsay (Ex. Nos. 22, and 27-29). Defendants argue that these exhibits should be excluded because they constitute hearsay pursuant to FRCP 801.  However, Defendants do not address any of the non-hearsay purposes for the exhibits, nor do they show how all of the relevant exceptions to the hearsay rule cannot apply.  Defendants' presentation is, in short, inadequate and plainly fails.  These exhibits are admissible for a non-hearsay purpose, because they are not offered for the truth of their content, but to show Defendant's participation in the matters related to Wingsail's formation and

1

management, a topic which Defendant ANDREW POLSKY (hereinafter "Polsky") has denied.  Therefore, Defendants' Motion *in Limine* should be denied.

## II.    <u>ARGUMENT</u>

### A.    PLAINTIFFS INTEND TO USE THE DOCUMENTS FOR NON-HEARSAY PURPOSES.

FRCP 801 defines hearsay as "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  (Fed. R. Evid. 801.)   However, statements or exhibits may be admitted for non-hearsay purposes, such as demonstrating knowledge, explaining subsequent actions, or providing context for conduct.  (See e.g., *United States v. Payne*, 944 F.2d 1458, 1472 (1991)).

Further, under Rule 803, several types of evidence are not excluded by the hearsay rule including statements which show the declarant's then existing state of mind (Rule 803(3)), and records which qualify as business records. (Rule 803(6)).

Defendants argue that the following four exhibits should not be admitted at trial on hearsay grounds.  More specifically, Defendants argue that all of the exhibits are inadmissible because under FRCP 801, these exhibits are inadmissible because they are offered for the truth of the matter asserted within each of the exhibits.  Defendants offer no other justification for the argument that these exhibits should be deemed inadmissible and simply assume (without analysis) that Plaintiffs are offering these exhibits merely for the truth of the matters asserted therein.  Defendants are wrong.

**Exhibits 22, 27, 28, and 29:**

The first three exhibits are all emails from Adam Minow, who was Wingsail's accountant, to Mr. Polsky.  Exhibit No. 22 is an email dated January 17, 2019, from Mr. Minow to Defendant Polsky, which describes a "kick-off meeting" for Wingsail and a meeting with bookkeepers.  Exhibit No. 27 is also an email

2

dated August 23, 2021, from Mr. Minow to Defendant Polsky, concerning modifications to Alter's operating agreement.  Exhibit No. 28 is another email exchange between Mr. Minow and Defendant Polsky regarding how a note from MCAP to Wingsail should be classified on Wingsail's tax return. Lastly, Exhibit 29 is an email dated May 17, 2023, from Deja Bryant to Mr. Polsky, which requests information about Wingsail from Polsky.

These exhibits are admissible because they are not being offered to prove the truth of the matters therein.  Instead, Plaintiffs are seeking to admit these emails into evidence to prove that Mr. Polsky regularly received emails like these, that other people considered him knowledgeable concerning these matters and requested information from him, that Mr. Polsky was personally involved in setting up and the handling and management of Wingsail's business and investments. Defendant Polsky has repeatedly attempted to claim that he had no involvement with the formation and management of Wingsail, and that it was Mr. Chang's responsibility.  Thus, these emails show that this is not the case.  These emails are therefore being offered not only to impeach Mr. Polsky's prior statements, but also to show his knowledge of and ongoing involvement with Wingsail's operations.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion *in Limine* No. 5 in its entirety.

Dated:        May 22, 2026              BUUS LAW GROUP APC

 */s/ William L. Buus*

By: William L. Buus
Counsel for Plaintiffs
WINGSAIL HOLDINGS, LLC and
YUNFEI "KRISTY" BAI

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE HEARSAY DOCUMENTS

## **PROOF OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) years and am not a party to the within action.  My business address is that of 3 Pointe Drive, Suite 110, Brea, California 92821.

I hereby certify that on May 22, 2026, I electronically filed the foregoing PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE HEARSAY DOCUMENTS with the Clerk of the Court using ECF which will send notification and a copy of such filing to the following persons:

Alejandro S. Angulo, Esq.
aangulo@rutan.com
Joelle Leib, Esq.
jleib@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Tel.: 714-641-5100
Fax: 714-546-9035

Attorneys for Defendants ANDREW POLSKY and SEFED

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 22, 2026, at Brea, California.

*/s/ William L. Buus*

4

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE HEARSAY DOCUMENTS