William L. Buus (SBN 180059)
*wbuus@buuslaw.com*
BUUS LAW GROUP APC
3 Pointe Drive, Suite 110
Brea, CA 92821
Telephone: (949) 825-6140
Facsimile: (949) 825-6141

Attorneys for Plaintiffs
WINGSAIL HOLDINGS, LLC and
YUNFEI "KRISTY" BAI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINGSAIL HOLDINGS, LLC, a Washington Corporation, and YUNFEI "KRISTY" BAI, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDREW POLSKY, an individual, and SEFED, a California Corporation, and DOES 1 through 10,<br><br>Defendants. | Case No.: 8:23-CV-02398-JWH-DFM<br><br>JOINT AGREED PROPOSED JURY INSTRUCTIONS |

Plaintiffs and Defendants hereby jointly submit the following agreed proposed jury instructions to be read to the jury at trial in the above-captioned matter (Exhibit "A").

| | |
|---|---|
| Model Instruction No. 1.2[1] | Duty of Jury (Court Reads and Provides Written Set of Instructions at the Beginning of Trial) |
| Model Instruction 1.3 | Duty of Jury (Court Reads Instructions at the Beginning of Trial but Does Not Provide Written |

[1] "Model Instruction" as used herein refers to the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit.

| | |
|---|---|
| | Copies) |
| Model Instruction 1.4 | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) |
| Model Instruction 1.5 | Claims and Defenses |
| Model Instruction 1.6 | Burden of Proof – Preponderance of the Evidence |
| Model Instruction 1.7 | Burden of Proof – Clear and Convincing Evidence |
| Model Instruction 1.8 | Two or More Parties – Different Legal Rights |
| Model Instruction 1.9 | What is Evidence |
| Model Instruction 1.10 | What is Not Evidence |
| Model Instruction 1.11 | Evidence for Limited Purpose |
| Model Instruction 1.12 | Direct and Circumstantial Evidence |
| Model Instruction 1.13 | Ruling on Objections |
| Model Instruction 1.14 | Credibility of Witnesses |
| Model Instruction 1.15 | Conduct of the Jury |
| Model Instruction 1.16 | Publicity During Trial |
| Model Instruction 1.17 | No Transcript Available to Jury |
| Model Instruction 1.18 | Taking Notes |
| Model Instruction 1.19 | Questions to Witnesses by Jurors During Trial |
| Model Instruction 1.20 | Bench Conferences and Recesses |
| Model Instruction 1.21 | Outline of Trial |
| Model Instruction 2.0 | Cautionary Instructions |
| Model Instruction 2.2 | Stipulations of Fact |
| Model Instruction 2.4 | Judicial Notice |
| Model Instruction 2.5 | Deposition in Lieu of Live Testimony |
| Model Instruction 2.9 | Foreign Language Testimony |
| Model Instruction 2.12 | Use of Interrogatories |
| Model Instruction 2.13 | Use of Requests for Admission |

| | |
|---|---|
| Model Instruction 2.15 | Charts and Summaries Not Received in Evidence |
| Model Instruction 2.16 | Charts and Summaries Received in Evidence |
| Model Instruction 3.1 | Duty to Deliberate |
| Model Instruction 3.2 | Consideration of Evidence – Conduct of the Jury |
| Model Instruction 3.3 | Communication with Court |
| Model Instruction 3.4 | Readback or Playback |
| Model Instruction 3.5 | Return of Verdict |
| Model Instruction 3.7 | Deadlocked Jury |
| Model Instruction 3.8 | Continuing Deliberations After Juror is Discharged |
| Model Instruction 3.9 | Post-Discharge Instruction |
| Model Instruction 4.1 | Corporations and Partnerships – Fair Treatment |
| Model Instruction 4.2 | Liability of Corporations – Scope of Authority Not in Issue |
| Model Instruction 4.4 | Agent and Principal – Definition |
| Model Instruction 4.5 | Agent – Scope of Authority Defined |
| Model Instruction 4.7 | Ratification |
| Model Instruction 4.8 | Act of Agent is Act of Principal – Scope of Authority Not in Issue |
| Model Instruction 4.10 | Principal Sued but Not Agent – No Issue as to Agency or Authority |
| Model Instruction 5.3 | Damages – Mitigation |
| Model Instruction 5.5 | Punitive Damages |
| CACI 370[2] | Common Count: Money Had and Received |
| CACI 430 | Causation: Substantial Factor |
| CACI 1901 | Concealment |

[2] "CACI" as used herein refers to the Judicial Council of California Civil Jury Instructions.

| | |
|---|---|
| CACI 1902 | False Promise |
| CACI 1923 | Damages – "Out of Pocket" Rule |
| CACI 1930 | Receiving Stolen Property – Civil Liability – Essential Elements (Pen. Code § 496(c)) |
| CACI 2100 | Conversion – Essential Factual Elements |
| CACI 2102 | Presumed Measure of Damages for Conversion (Civ. Code, § 3336) |
| CACI 3703 | Legal Relationship Not Disputed |
| CACI 3935 | Prejudgment Interest (Civ. Code, § 3288) |
| CACI 4100 | "Fiduciary Duty" Explained |
| CACI 4101 | Failure to Use Reasonable Care – Essential Factual Elements |
| CACI 4102 | Duty of Undivided Loyalty – Essential Factual Elements |
| CACI 4111 | Constructive Fraud (Civ. Code, § 1573) |

The parties have met and conferred and agree that some instructions will need to be revised based upon the evidence presented and admitted at trial and on that basis, reserve the right to modify the instructions to conform to proof at trial.

Dated: October 23, 2026 BUUS LAW GROUP APC

*/s/ William L. Buus*

By: William L. Buus
Counsel for Plaintiffs
WINGSAIL HOLDINGS, LLC and
YUNFEI "KRISTY" BAI

Dated: October 23, 2026 RUTAN & TUCKER, LLP

*/s/ Alejandro S. Angulo*

By: Alejandro S. Angulo
Counsel for Defendants
ANDREW POLSKY and SEFED

**L.R. 5-4.3.4(a)(2) CERTIFICATION**

Pursuant to Local Rule 5-4.3.4(a)(2), the undersigned certifies that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ William L. Buus*

William L. Buus

# EXHIBIT A

**MMJI[1] 1.2 Duty of Jury**
**(Court Reads and Provides Written Set of Instructions at the Beginning of Trial)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

---

1 Manual of Model Jury Instructions (9th Circuit).

## MMJI 1.3 Duty of Jury (Court Reads Instructions at the Beginning of Trial but Does Not Provide Written Copies)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**MMJI 1.4 Duty of Jury**
**(Court Reads and Provides Written Instructions at End of Case)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

*or*

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## MMJI 1.5 Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs Wingsail Holdings, LLC ("Wingsail") and Yunfei "Kristy" Bai("Ms. Bai") assert that Defendant Andrew Polsky ("Mr. Polsky") acted as a manager of their business and financial affairs and interests and in doing so breached certain fiduciary duties he owed to them. The plaintiffs also claim that Mr. Polsky and SEFED committed fraud, stole plaintiffs' personal property, and wrongfully retained plaintiffs' money. Wingsail and Ms. Bai claim that these wrongful acts caused them to suffer monetary losses. The plaintiffs have the burden of proving these claims.

The defendants Mr. Polsky and SEFED deny Ms. Bai and Wingsail's claims. Mr. Polsky and SEFED claim that that Wingsail, with Ms. Bai's prior knowledge and approval, transferred Wingsail's interest in a company named Alter Management, LLC pursuant to an agreement entitled "Agreement to Accept Collateral In Full Satisfaction Of Obligations" to resolve Wingsail's failure to fully repay a loan it received from SEFED. Mr. Polsky and SEFED also contend that this lawsuit was not filed within the time set by law. Mr. Polsky and SEFED allege the following affirmative defenses (in no particular order): consent, waiver, novation, good faith, lack of privity, failure to mitigate, estoppel, statute of limitations, laches, and standing. The defendants have the burden of proof on these affirmative defenses.

The plaintiffs deny defendants' affirmative defenses.

**MMJI 1.6 Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## MMJI 1.7 Burden of Proof—Clear and Convincing Evidence

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**MMJI 1.8 Two or More Parties—Different Legal Rights**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

## MMJI 1.9 What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I [may instruct] [have instructed] you to accept as proved.

## MMJI 1.10 What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**MMJI 1.11 Evidence for Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]

## MMJI 1.12 Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**MMJI 1.13 Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**MMJI 1.14 Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**MMJI 1.15 Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.
>
> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other

way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result, requiring the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the [clerk] [bailiff] signed by any one or more of you.

## MMJI 1.16 Publicity During Trial

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

## MMJI 1.17 No Transcript Available to Jury

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

## MMJI 1.18 Taking Notes

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## MMJI 1.19 Questions to Witnesses by Jurors During Trial

When attorney have finished their examination of a witness, you may ask questions of the witness if you so wish. To do so, please raise your hand when I ask whether any member of the jury has any questions. If the rules of evidence do not permit a particular question, I will advise you. After your questions, if any, the attorneys may ask additional questions.

**MMJI 1.20 Bench Conferences and Recesses**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

# MMJI 1.21 Outline of Trial

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## MMJI 2.1 Cautionary Instructions

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

## MMJI 2.3 Stipulations of Fact

The parties have agreed to certain facts [to be placed in evidence as Exhibit __ ] [that will be read to you]. You must therefore treat these facts as having been proved.

**MMJI 2.4 Judicial Notice**

The court has decided to accept as proved the fact that [*state fact*].You must accept this fact as true.

## MMJI 2.5 Deposition in Lieu of Live Testimony

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**MMJI 2.9 Foreign Language Testimony**

You will hear testimony of a witness who will be testifying and has testified in the Mandarin Chinese language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness, or a party based solely on the use of an interpreter to assist that witness or party.

## MMJI 2.12 Use of Interrogatories

Evidence might be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## MMJI 2.13 Use of Requests for Admission

Evidence might be presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

**MMJI 2.15 Charts and Summaries Not Received in Evidence**

Certain charts and summaries not admitted into evidence might be shown to you to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## MMJI 2.16 Charts and Summaries Received in Evidence

Certain charts and summaries might be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**MMJI 3.1 Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## MMJI 3.2 Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.
>
> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any

information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

## MMJI 3.3 Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## MMJI 3.4 Readback or Playback

Because a request has been made for a readback of the testimony of a witness who testified at trial, it is being provided to you, but you are cautioned that all readbacks run the risk of distorting the trial because of overemphasis of one portion of the testimony. Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible. Excerpts may be read depending on the length of the testimony. The readback playback could contain errors. The readback cannot reflect matters of demeanor, tone of voice, and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony read cannot be considered in isolation but must be considered in the context of all the evidence presented.

**MMJI 3.5 Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**MMJI 3.7 Deadlocked Jury**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

## MMJI 3.8 Continuing Deliberations After Juror is Discharged

One or some of your fellow jurors have been excused from service and will not participate further in your deliberations. You should not speculate about the reason the they are no longer present.

You should continue your deliberations with the remaining jurors. Do not consider the opinions of the excused jurors as you continue deliberating. All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

**MMJI 3.9 Post-Discharge Instruction**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.

## MMJI 4.1 Corporations and Partnerships—Fair Treatment

All parties are equal before the law and a corporation and limited liability company are entitled to the same fair and conscientious consideration by you as any party.

**MMJI 4.2 Liability of Corporations—Scope of Authority Not in Issue**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

## MMJI 4.4 Agent and Principal—Definition

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal.

## MMJI 4.5 Agent—Scope of Authority Defined

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

## MMJI 4.7 Ratification

A principal who ratifies the acts of someone who was acting as the principal's agent is responsible for the acts of that agent, provided that the principal made a conscious and affirmative decision to approve the relevant acts of the agent while in possession of full and complete knowledge of all relevant events.

**MMJI 4.8 Act of Agent is Act of Principal—Scope of Authority Not in Issue**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

**MMJI 5.3 Damages—Mitigation**

Wingsail and Ms. Bai have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The Mr. Polsky and/or SEFED have the burden of proving by a preponderance of the evidence:

First, that the Wingsail or Ms. Bai failed to use reasonable efforts to mitigate damages; and

Second, the amount by which damages would have been mitigated.

**MMJI 5.5 Punitive Damages**

If you find for either plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant conduct. You may not, however, set the amount of any punitive damages to punish the defendant for harm to anyone other than the plaintiff in this case. In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

You may impose punitive damages against one or more of the defendants and not others and may award different amounts against different defendants.

## CACI[1] 4100 "Fiduciary Duty" Explained

A manager owes what is known as a fiduciary duty to the person or company being managed. A fiduciary duty imposes on a manager a duty to act with the utmost good faith in the best interests of the person or company being managed.

[1] Judicial Council of California Civil Jury Instructions

**CACI 4101 Failure to Use Reasonable Care—Essential Factual Elements**

Plaintiff Wingsail Holdings and Ms. Bai claim that they were harmed by Defendants Andrew Polsky's breach of the fiduciary duty to use reasonable care. To establish this claim, Plaintiffs must prove all of the following:

1. That Defendant Andrew Polsky was Plaintiffs Wingsail Holdings and/or Ms. Bai's's manager;

2. That Defendant Andrew Polsky acted on Plaintiffs Wingsail Holdings and/or Ms. Bai's behalf for purposes of managing the business and financial affairs of Plaintiff Wingsail Holdings;

3. That Defendant Andrew Polsky failed to act as a reasonably careful manager would have acted under the same or similar circumstances;

4. That Plaintiffs Wingsail Holdings and/or Ms. Bai were harmed; and

5. That Defendant Andrew Polsky's conduct was a substantial factor in causing Plaintiffs Wingsail Holdings and/or Ms. Bai's harm.

**CACI 4102 Duty of Undivided Loyalty—Essential Factual Elements**

Plaintiffs Wingsail Holdings and Ms. Bai claim that they were was harmed by Defendant Andrew Polsky's breach of the fiduciary duty of loyalty. A manager owes the person or company being managed undivided loyalty. To establish this claim, Plaintiffs must prove all of the following:

1. That Defendant Andrew Polsky was Plaintiffs Wingsail Holdings and/or Ms. Bai's manager;

2. That Defendant Andrew Polsky knowingly acted against Plaintiff Wingsail Holdings and/or Ms. Bai's interests in connection with his management of the business and financial affairs of Plaintiff Wingsail Holdings or acted on behalf of a party whose interests were adverse to Plaintiffs Wingsail Holdings and/or Ms. Bai in connection with his management of the business and financial affairs of Plaintiff Wingsail Holdings.

3. That Plaintiffs Wingsail Holdings and/or Ms. Bai did not give informed consent to Defendant Andrew Polsky's conduct;

4. That Plaintiffs Wingsail Holdings and/or Ms. Bai were harmed; and

5. That Defendant Andrew Polsky's conduct was a substantial factor in causing Plaintiffs Wingsail Holdings and/or Ms. Bai's harm.

**CACI 4111 Constructive Fraud (Civ. Code, § 1573)**

Plaintiffs Wingsail Holdings and Ms. Bai claim that they were harmed because Defendant Andrew Polsky misled them by failing to provide Plaintiffs with complete and accurate information. To establish this claim, Plaintiffs must prove all of the following:

1. That Defendant Andrew Polsky was Plaintiffs Wingsail Holdings and/or Ms. Bai's manager;

2. That Defendant Andrew Polsky acted on Plaintiffs Wingsail Holdings and/or Ms. Bai's behalf for purposes of managing the business and financial affairs of Plaintiff Wingsail Holdings;

3. That Defendant Andrew Polsky knew, or should have known, certain information about the business and financial affairs of Plaintiff Wingsail Holdings ;

4. That Defendant Andrew Polsky misled Plaintiffs Wingsail Holdings and/or Ms. Bai by failing to disclose this information and/or by providing Plaintiffs with information that was inaccurate or incomplete;

5. That Plaintiffs Wingsail Holdings and/or Ms. Bai were harmed; and

6. That Defendant Andrew Polsky's conduct was a substantial factor in causing Plaintiffs Wingsail Holdings and/or Ms. Bai's harm.

**CACI 1901 Concealment**

Plaintiffs Wingsail Holdings and Ms. Bai claim that they were harmed because Defendant Andrew Polsky concealed certain information. To establish this claim, Plaintiffs must prove all of the following:

1. That Defendant Andrew Polsky was Plaintiffs Wingsail Holdings and/or Ms. Bai's manager and he intentionally failed to disclose certain facts to Plaintiffs Wingsail Holdings and/or Ms. Bai;

2. That Plaintiffs Wingsail Holdings and/or Ms. Bai did not know of the concealed facts;

3. That Defendant Andrew Polsky intended to deceive Plaintiffs Wingsail Holdings and/or Ms. Bai by concealing the facts;

4. That had the omitted information been disclosed, Plaintiffs Wingsail Holdings and/or Ms. Bai reasonably would have behaved differently;

5. That Plaintiffs Wingsail Holdings and/or Mr. Bai were harmed; and

6. That Defendant Andrew Polsky's concealment was a substantial factor in causing Plaintiffs Wingsail Holdings and/or Ms. Bai's harm.

**CACI 1902 False Promise**

Plaintiffs Wingsail Holdings and Ms. Bai claim they were harmed because Defendants Andrew Polsky and/or SEFED made a false promise. To establish this claim, Plaintiffs must prove all of the following:

1. That Defendants Andrew Polsky and/or SEFED made a promise to Plaintiffs Wingsail Holdings and/or Ms. Bai;

2. That Defendants Andrew Polsky and/or SEFED did not intend to perform this promise when they made it;

3. That Defendants Andrew Polsky and/or SEFED intended that Plaintiffs Wingsail Holdings and/or Ms. Bai rely on this promise;

4. That Plaintiffs Wingsail Holdings and/or Ms. Bai reasonably relied on Defendants Andrew Polsky and/or SEFED's promise;

5. That Defendants Andrew Polsky and/or SEFED did not perform the promised act;

6. That Plaintiffs Wingsail Holdings and/or Ms. Bai were was harmed; and

7. That Plaintiffs Wingsail Holdings and/or Ms. Bai's reliance on Defendants Andrew Polsky and/or SEFED's promise was a substantial factor in causing their harm.

**CACI 1930 Receiving Stolen Property—Civil Liability—Essential Factual Elements (Pen. Code, § 496(c))**

Plaintiffs Wingsail Holdings and Ms. Bai claim damages based on Defendants Andrew Polsky's and/or SEFED's receiving stolen property. To establish this claim, Plaintiffs must prove all of the following:

1. That Defendants Andrew Polsky and/or SEFED received property that was stolen;

2. That Defendants Andrew Polsky and/or SEFED knew the property was stolen at the time they received the property;

3. That Plaintiffs were harmed; and

4. That Defendants Andrew Polsky's and/or SEFED's conduct was a substantial factor in causing Plaintiffs' harm.

Property is stolen if it was obtained by theft. Property is obtained by theft if a person takes possession of property owned by someone else, without the owner's consent, and with the intent either to permanently deprive the owner of that property or to deprive the owner of a major portion of the value or enjoyment of the property for an extended period of time.

**CACI 1923 Damages—"Out of Pocket" Rule**

If you decide that Plaintiffs Wingsail Holdings and/or Ms. Bai have proved their claim against Defendants Andrew Polsky and/or SEFED for failure to disclose and/or false promise, you also must decide how much money will reasonably compensate Plaintiffs for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that Defendants Andrew Polsky and/or SEFED was a substantial factor in causing, even if the particular harm could not have been anticipated.

Plaintiffs Wingsail Holdings and Ms. Bai must prove the amount of their damages. However, Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

To decide the amount of damages you must determine the value of what Plaintiffs Wingsail Holdings and/or Ms. Bai gave and subtract from that amount the value of what they received.

Plaintiffs Wingsail Holdings and Ms. Bai may also recover amounts that they reasonably spent in reliance on Defendants Andrew Polsky and/or SEFED'sfailure to disclose and/or false promise if those amounts would not otherwise have been spent.

**CACI 2100 Conversion—Essential Factual Elements**

Plaintiffs Wingsail Holdings and Ms. Bai claim that Defendants Andrew Polsky and/or SEFED wrongfully exercised control over their personal property. To establish this claim, Plaintiffs must prove all of the following:

1. That Plaintiffs Wingsail Holdings and/or Ms. Bai owned certain personal property;

2. That Defendants Andrew Polsky and/or SEFED substantially interfered with Plaintiffs Wingsail Holdings and/or Ms. Bai's property by knowingly or intentionally refusing to return the personal property after Plaintiffs Wingsail Holdings and/or Ms. Bai demanded its return.

3. That Plaintiffs Wingsail Holdings and/or Ms. Bai did not consent;

4. That Plaintiffs Wingsail Holdings and/or Ms. Bai were harmed; and

5. That Defendants Andrew Polsky and/or SEFED's conduct was a substantial factor in causing Plaintiffs Wingsail Holdings and/or Ms. Bai's harm.

**CACI 2102. Presumed Measure of Damages for Conversion (Civ. Code, § 3336)**

If you decide that Ms. Bai and Wingsail have proved their conversion claim against Mr. Polsky and SEFED, you also must decide how much money will reasonably compensate Ms. Bai and Wingsail for the harm. This compensation is called "damages."

Ms. Bai and Wingsail must prove the amount of their damages. However, they do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following claimed by Ms. Bai and Wingsail: The fair market value of Wingsail's interest in Alter Management, LLC at the time Mr. Polsky and SEFED wrongfully exercised control over it.

"Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1. That there is no pressure on either one to buy or sell; and
2. That the buyer and seller know all the uses and purposes for which the interest in Alter Management, LLC is reasonably capable of being used.

**CACI 370 Common Count: Money Had and Received**

Plaintiffs Wingsail Holdings and Ms. Bai claim that Defendants Andrew Polsky and SEFED owe them money. To establish this claim, Plaintiffs Wingsail Holdings and Ms. Bai must prove all of the following:

1. That Defendants Andrew Polsky and/or SEFED received money that was intended to be used for the benefit of Plaintiffs Wingsail Holdings and/or Ms. Bai;

2. That the money was not used for the benefit of Plaintiffs Wingsail Holdings and/or Ms. Bai; and

3. That Defendants Andrew Polsky and/or SEFED have not given the money to Plaintiffs Wingsail Holdings and/or Ms. Bai.

**CACI 3703 Legal Relationship Not Disputed**

In this case Defendant Andrew Polsky was the agent of SEFED.

If you find that Defendant Andrew Polsky was acting within the scope of his agency when the incident occurred, then Defendant SEFED is responsible for any harm caused by Defendant Andrew Polsky's false promise, conversion, and/or receipt of Plaintiffs Wingsail Holdings and/or Ms. Bai's money.

## CACI 430 Causation: Substantial Factor

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**CACI 3935 Prejudgment Interest (Civ. Code, § 3288)**

If you decide that Plaintiffs Wingail Holdings and/or Ms. Bai are entitled to recover damages for past economic loss in one or more of the categories of damages that they claim, then you must decide whether they should also receive prejudgment interest on each item of loss in those categories. Prejudgment interest is the amount of interest the law provides to a plaintiff to compensate for the loss of the ability to use the funds. If prejudgment interest is awarded, it is computed from the date on which each loss was incurred until the date on which you sign your verdict.

Whether Plaintiffs Wingsail Holdings and/or Ms. Bai should receive an award of prejudgment interest on all, some, or none of any past economic damages that you may award is within your discretion. If you award these damages to Plaintiffs, you will be asked to address prejudgment interest in the special verdict form.

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and am not a party to the within action. My business address is that of 3 Pointe Drive, Suite 110, Brea, California 92821.

I hereby certify that on October 23, 2026, I electronically filed the foregoing JOINT AGREED PROPOSED JURY INSTRUCTIONS with the Clerk of the Court using ECF which will send notification and a copy of such filing to the following persons:

Alejandro S. Angulo, Esq.
*aangulo@rutan.com*
Joelle Leib, Esq.
*jleib@rutan.com*
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Tel.: 714-641-5100
Fax: 714-546-9035

Attorneys for Defendants ANDREW POLSKY and SEFED

Executed on October 23, 2026, at Brea, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ William L. Buus*