Alejandro S. Angulo (State Bar No. 217823)
aangulo@rutan.com
Kaitlynne N. McKee (State Bar No. 366564)
kmckee@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendants
ANDREW POLSKY, and SEFED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WINGSAIL HOLDINGS, LLC, a Washington Corporation, and YUNFEI "KRISTY" BAI, an individual,

Plaintiffs,

vs.

ANDREW POLSKY, an individual, and SEFED, a California Corporation, and DOES 1 through 10,

Defendants.

Case No. 8:23-CV-02398-JWH-DFM
Honorable John W. Holcomb

**DEFENDANTS ANDREW POLSKY AND SEFED'S PROPOSED SPECIAL JURY INSTRUCTIONS AND CACI JURY INSTRUCTIONS**

Date Action Filed: August 23, 2024
Final Pretrial Conf.: November 6, 2026
Trial Date: November 30, 2026

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## I. DEFENDANTS MR. POLSKY AND SEFED'S PROPOSED SPECIAL JURY INSTRUCTION.

Defendants propose the following eight (8) special jury instructions:

**Defendants' Proposed Special Jury Instruction No. 1: Recitals**

Facts recited in a written instrument are conclusively presumed to be true as between the parties thereto, or their successors in interest.

**Source:** *See* Cal. Evid. Code § 622; *Golden Gate Way, LLC v. Enercon Servs., Inc.*, 572 F. Supp. 3d 797 (N.D. Cal. 2021) [applying California Evidence Code § 622 as a rule of substantive law]; *Feldman v. Allstate Ins. Co.,* 322 F.3d 660, 666 (9th Cir. 2003) ["State evidence rules that are 'intimately bound up' with the state's substantive decision making must be given full effect by federal courts sitting in diversity."].

**Defendants' Proposed Special Jury Instruction No. 2: Consent**

Mr. Polsky and SEFED contend that Ms. Bai and Wingsail consented to the acts on which their claims are based. To succeed on this defense, Mr. Polsky and SEFED must prove that (1) Wingsail or Ms. Bai assented to the transfer of Wingsail's interest in Alter to SEFED; (2) Wingsail or Ms. Bai's assent was given freely and voluntarily and uninfluenced by fraud, duress, menace, undue influence, physical threat, force, or mistake; and (3) Wingsail or Ms. Bai had the capacity to freely consent to the transfer of Wingsail's interest in Alter to SEFED.

**Source:** Consent to a contract or transfer must be free, mutual, and communicated by each party to the other. Cal. Civ. Code § 1565; *see Architects & Contractors Estimating Services, Inc. v. Smith*, 164 Cal. App. 3d 1001, 1007–08 (1985).

**Defendants' Proposed Special Jury Instruction No. 3: Lack of Privity**

Mr. Polsky and SEFED contend that there are no agreements, express or implied, between Mr. Polsky, on the one hand, and Ms. Bai or Wingsail on the other hand, through which Mr. Polsky undertook a fiduciary obligation.

**Source:** "[B]efore a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *City of Hope National Medical Center v. Genentech, Inc.*, 43 Cal. 4th 375, 386 (2008).

**Defendants' Proposed Special Jury Instruction No. 4: Good Faith**

Mr. Polsky and SEFED contend that they acted in good faith with respect to the transactions on which Ms. Bai and Wingsail's claims are based. To succeed on this defense, Mr. Polsky and SEFED must prove that (1) Mr. Polsky or SEFED accepted property from Wingsail in good faith and (2) Mr. Polsky or SEFED accepted the property for a reasonably equivalent value.

**Source:** *See* Cal. Civ. Code § 3439.08(a)

**<u>Defendants' Proposed Special Jury Instruction No. 5: Laches</u>**

Mr. Polsky and SEFED contend that Ms. Bai And Wingsail's delay in bringing this lawsuit is barred by the doctrine of laches. To succeed on this defense, Mr. Polsky and SEFED must prove that (1) Ms. Bai and Wingsail's delay in bringing this lawsuit was unreasonable or inexcusable and (2) Mr. Polsky or SEFED were prejudiced by that delay.

**Source:** The defense of laches requires unreasonable delay in asserting a right, plus either acquiescence in the act complained of or resulting prejudice to the defendant. *See Conti v. Bd. of Civil Service Commrs.*, 1 Cal. 3d 351, 359 (1969).

**<u>Defendants' Proposed Special Jury Instruction No. 6: Lack of Standing</u>**

Mr. Polsky and SEFED contend that Ms. Bai is not the real party in interest and therefore may not pursue the claims asserted in this action. Every action must be prosecuted in the name of the person or entity that owns or holds the right to be enforced. To succeed on this defense, Mr. Polsky and SEFED must prove one of the following: (1) Ms. Bai does not have an injury in fact, (2) there is no connection between Ms. Bai's claimed injury and the conduct she complains of; or (3) Ms. Bai's claimed injury cannot be redressed by favorable decision.

**Source:** *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)

**<u>Defendants' Proposed Special Jury Instruction No. 7: Failure To Mitigate</u>**

Mr. Polsky and SEFED contend that Ms. Bai and Wingsail failed to take reasonable steps to avoid or reduce their claimed harm. To succeed on this defense, Mr. Polsky and SEFED must prove that (1) Wingsail or Ms. Bai failed to take reasonable steps to mitigate damages after the alleged harm occurred; (2) Wingsail or Ms. Bai's failure to act was unreasonable under the circumstances; and (3) the damages that Wingsail or Ms. Bai claim could have been avoided.

**Source:** *See Agam v. Gavra*, 236 Cal. App. 4th 91 (2015) (The plaintiff "has a duty to take reasonable steps to mitigate those damages and will not be able to recover for any losses that could have been thus avoided."); *State Dep't of Health Servs. v. Superior Ct.*, 31 Cal. 4th 1026 (2003) ("The reasonableness of the [plaintiff's] efforts must be judged in light of the situation existing at the time and not with the benefit of hindsight.") (The plaintiff "by another's wrongful conduct will not be compensated for damages that the injured person could have avoided by reasonable effort or expenditure.").

**<u>Defendants' Proposed Special Jury Instruction No. 8: Estoppel</u>**

Mr. Polsky and SEFED contend that Ms. Bai and Wingsail are estopped from asserting their claims. To succeed on this defense, Mr. Polsky and SEFED must prove that (1) Wingsail's interest in Alter was transferred to SEFED through an agreement to which Wingsail is a party; and (2) Wingsail or Ms. Bai intended Wingsail to enter into an agreement with SEFED to transfer its interest, or SEFED had a right to believe that Wingsail or Ms. Bai intended for Wingsail to enter into a contract with SEFED.

**Source:** <u>*Plaza Freeway Ltd. P'ship v. First Mountain Bank*</u>, 81 Cal. App. 4th 616, 621 (2000) (holding that a party is estoppel from contradicting the material terms contained within a written instrument); *See* Cal. Evid. Code § 622; *Golden Gate Way, LLC v. Enercon Servs., Inc*., 572 F. Supp. 3d 797 (N.D. Cal. 2021) [applying California Evidence Code § 622 as a rule of substantive law]; *Feldman v. Allstate Ins. Co.,* 322 F.3d 660, 666 (9th Cir. 2003) ["State evidence rules that are 'intimately bound up' with the state's substantive decision making must be given full effect by federal courts sitting in diversity."].

## II. DEFENDANTS MR. POLSKY AND SEFED'S PROPOSED SPECIAL JURY INSTRUCTION.

Defendants propose the following CACI jury instructions, the full text of which is attached hereto as Exhibit A:

CACI No. 337: Affirmative Defense – Novation

CACI No. 1925: Affirmative Defense – Statute of Limitations

Dated: October 23, 2026

RUTAN & TUCKER, LLP

By: */s/ Alejandro S. Angulo*
Alejandro S. Angulo
Attorneys for Defendants
ANDREW POLSKY, and SEFED

# EXHIBIT A

## 337. Affirmative Defense—Novation

Instruction
No __1__

| | | | | | |
|---|---|---|---|---|---|
| Request by Plaintiff | | Request by Defendant | | Requested by | |
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | ________________ Judge | | | |

Instruction
No ______

**Mr. Polsky and SEFED claim that the original contract with Wingsail cannot be enforced because the parties substituted the Agreement to Accept Collateral In Full Satisfaction of Obligations for the Loan and Pledge Agreement.**

**To succeed, Mr. Polsky and SEFED must prove that all parties agreed, by words or conduct, to cancel the Loan and Pledge Agreement contract and to substitute the Agreement to Accept Collateral In Full Satisfaction of Obligations in its place.**

**If you decide that Mr. Polsky and SEFED has proved this, then the Loan and Pledge Agreement is not enforceable.**

---

*New September 2003; Revised October 2004*

## 1925. Affirmative Defense—Statute of Limitations—Fraud or Mistake

Instruction No ___2___

| | | | | | |
|---|---|---|---|---|---|
| Request by Plaintiff | | Request by Defendant | | Requested by | |
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | ______________________ Judge | | | |

Instruction No ___2___

**Mr. Polsky and SEFED contend that Ms. Bai and Wingsail's lawsuit was not filed within the time set by law. To succeed on this defense, Mr. Polsky and SEFED must prove that Ms. Bai and Wingsail's claimed harm occurred before April 7, 2020.**

**If Mr. Polsky and SEFED prove that Ms. Bai and Wingsail's claimed harm occurred before April 7, 2020, Ms. Bai and Wingsail's lawsuit was still filed on time if Ms. Bai and Wingsail prove that before that date, they did not discover facts constituting the fraud, and with reasonable diligence could not have discovered those facts.**

---

*New April 2008*