Alejandro S. Angulo (State Bar No. 217823)
aangulo@rutan.com
Kaitlynne N. McKee (State Bar No. 366564)
kmckee@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendants
ANDREW POLSKY, and SEFED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINGSAIL HOLDINGS, LLC, a Washington Corporation, and YUNFEI "KRISTY" BAI, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDREW POLSKY, an individual, and SEFED, a California Corporation, and DOES 1 through 10,<br><br>Defendants. | Case No. 8:23-CV-02398-JWH-DFM<br>Honorable John W. Holcomb<br><br>**DEFENDANTS ANDREW POLSKY AND SEFED'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**<br><br>Date Action Filed: August 23, 2024<br>Final Pretrial Conf.: November 6, 2026<br>Trial Date: November 30, 2026 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## I. OBJECTION TO PLAINTIFF'S SPECIAL INSTRUCTION NO. 1

*First*, Defendants object to this instruction because it is not relevant. The instruction is not supported by the pleadings (and ultimately, will not be supported by substantial evidence at trial). *Gantt v. City of Los Angeles*, 717 F.3d 702, 706-07 (9th Cir. 2013) ("There must be a sufficient evidentiary foundation to support giving the instruction."). Plaintiffs do not allege and have never alleged that MCAP Holding, LLC ("MCAP") engaged in any wrongdoing or is otherwise responsible for any alleged wrongdoing through any agent or otherwise. To the contrary, Plaintiffs have alleged and maintained throughout this litigation that Mr. Polsky and SEFED committed the alleged wrongdoing for their *own* pecuniary gain by fraudulently (allegedly) (a) inducing Wingsail Holdings, LLC ("Wingsail") to invest in Alter Management, LLC ("Alter") and (b) obtaining Wingsail's interest in Alter through a "string of actions." *See* Dkt. 64 (Second Amended Compl., ¶ 3). Indeed, the documentary and testimonial evidence will show that Ms. Bai hired and paid Fu Shen Chang (not MCAP) to act as Wingsail's manager, that Mr. Chang (not MCAP) signed documents and agreements as Wingsail's manager with Ms. Bai's knowledge and approval, that Mr. Chang (not MCAP) managed and maintained Wingsail's financials as its manager, and that Mr. Chang (not MCAP) provided Ms. Bai periodic reports of Wingsail's financials. Further, if Mr. Polsky and SEFED can be held liable for their own alleged tortious misconduct as other jury instructions provide, then whether that misconduct was done as an agent or employee of other person, including MCAP, is immaterial. This is why there is no mention of MCAP in the other proposed jury instructions that pertaining to imposing liability on Mr. Polsky and SEFED.

/ / /

/ / /

/ / /

/ / /

_Second_, and for the same reasons set forth above, the instruction is misleading or confusing. *Cascade Health Sols. v. PeaceHealth*, 515 F.3d 883, 917 (9th Cir. 2008) ("[I]t was well within the district court's discretion to refuse to give the requested instruction because the instruction could have confused the jury.").

Dated: October 23, 2026

RUTAN & TUCKER, LLP

By: *<u>/s/ Alejandro S. Angulo</u>*
Alejandro S. Angulo
Attorneys for Defendants
ANDREW POLSKY, and SEFED