William L. Buus (SBN 180059)
*wbuus@buuslaw.com*
BUUS LAW GROUP APC
3 Pointe Drive, Suite 110
Brea, CA 92821
Telephone: (949) 825-6140
Facsimile: (949) 825-6141

Attorneys for Plaintiffs
WINGSAIL HOLDINGS, LLC and
YUNFEI "KRISTY" BAI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINGSAIL HOLDINGS, LLC, a Washington Corporation, and YUNFEI "KRISTY" BAI, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDREW POLSKY, an individual, and SEFED, a California Corporation, and DOES 1 through 10,<br><br>Defendants. | Case No.: 8:23-CV-02398-JWH-DFM<br><br>PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND PROPOSED VERDICT FORM<br><br>Trial Date: November 30, 2026 |

Plaintiffs WINGSAIL HOLDINGS, LLC and YUNFEI "KRISTY" BAI (hereinafter, collectively, "Plaintiffs") hereby object to jury instructions proposed by Defendants ANDREW POLSKY and SEFED (hereinafter, collectively, "Defendants"), as follows:

///

///

///

///

///

| Defendants' Proposed Special Jury Instruction No. 1: Recitals | Objection |
| --- | --- |
| Facts recited in a written instrument are conclusively presumed to be true as between the parties thereto, or their successors in interest. | This instruction was disclosed by counsel for Defendants at 5:00 p.m. on October 22, 2026, one day before the jury instructions and other pretrial documents were due to be filed. Pursuant to the Court's Scheduling Order (ECF 63), all jury instructions and verdict forms were to be exchanged no later than fourteen (14) days before the L-R 16-2 Meeting of Counsel (which is required to occur at least forty (40) days before the Final Pretrial Conference). As such this proposed instruction is untimely, and given that it was disclosed about twenty-four hours ago, Plaintiffs have not been given a reasonable opportunity to evaluate its applicability and/or propriety.<br>Moreover, this is an incomplete statement of the law and therefore misleading since this evidentiary presumption does not apply to persons who are not parties to the contracts, such as Ms. Bai, does not apply to the multiple claims of fraud and breaches of fiduciary duties presented here, and does |

| | |
|---|---|
| | not apply to factual recitals relating to consideration. These points are presented in detail in opposition to Defendants' Motion in Limine 2, seeking an order to exclude evidence contradicting contractual recitals. Also, this instruction would create jury confusion. As such, it should not be read to the jury at the time of trial. |
| **Defendants' Proposed Special Jury Instruction No. 2: Consent** | **Objection** |
| Mr. Polsky and SEFED contend that Ms. Bai and Wingsail consented to the acts on which their claims are based. To succeed on this defense, Mr. Polsky and SEFED must prove that (1) Wingsail or Ms. Bai assented to the transfer of Wingsail's interest in Alter to SEFED; (2) Wingsail or Ms. Bai's assent was given freely and voluntarily and uninfluenced by fraud, duress, menace, undue influence, physical threat, force, or mistake; and (3) Wingsail or Ms. Bai had the capacity to freely consent to the transfer of Wingsail's interest in Alter to SEFED. | This instruction was disclosed by counsel for Defendants at 5:00 p.m. on October 22, 2026, one day before the jury instructions and other pretrial documents were due to be filed. Pursuant to the Court's Scheduling Order (ECF 63), all jury instructions and verdict forms were to be exchanged no later than fourteen (14) days before the L-R 16-2 Meeting of Counsel (which is required to occur at least forty (40) days before the Final Pretrial Conference). As such this proposed instruction is untimely, and given that it was disclosed about twenty-four hours ago, Plaintiffs have not been given a reasonable |

| | |
|---|---|
| | opportunity to evaluate its applicability and/or propriety.<br><br>Moreover, the defense of "consent" is not a recognized defense to claims of fraud or breaches of fiduciary duty. As such, it should not be read to the jury at the time of trial. |
| **Defendants' Proposed Special Jury Instruction No. 3: Lack of Privity** | **Objection** |
| Mr. Polsky and SEFED contend that there are no agreements, express or implied, between Mr. Polsky, on the one hand, and Ms. Bai or Wingsail on the other hand, through which Mr. Polsky undertook a fiduciary obligation. | This instruction was disclosed by counsel for Defendants at 5:00 p.m. on October 22, 2026, one day before the jury instructions and other pretrial documents were due to be filed. Pursuant to the Court's Scheduling Order (ECF 63), all jury instructions and verdict forms were to be exchanged no later than fourteen (14) days before the L-R 16-2 Meeting of Counsel (which is required to occur at least forty (40) days before the Final Pretrial Conference). As such this proposed instruction is untimely, and given that it was disclosed about twenty-four hours ago, Plaintiffs have not been given a reasonable opportunity to evaluate its applicability and/or propriety. |

| | |
|---|---|
| | This instruction is also unnecessary and duplicative of other jury instructions that define fiduciary relationships (CACI 4100 *et seq.*). As such, it may be given undue weight by the jury. Therefore, this instruction should be read to the jury at trial. |
| **Defendants' Proposed Special Jury Instruction No. 4: Good Faith**<br>Mr. Polsky and SEFED contend that they acted in good faith with respect to the transactions on which Ms. Bai and Wingsail's claims are based. To succeed on this defense, Mr. Polsky and SEFED must prove that (1) Mr. Polsky or SEFED accepted property from Wingsail in good faith and (2) Mr. Polsky or SEFED accepted the property for a reasonably equivalent value. | **Objection**<br>This instruction was disclosed by counsel for Defendants at 5:00 p.m. on October 22, 2026, one day before the jury instructions and other pretrial documents were due to be filed. Pursuant to the Court's Scheduling Order (ECF 63), all jury instructions and verdict forms were to be exchanged no later than fourteen (14) days before the L-R 16-2 Meeting of Counsel (which is required to occur at least forty (40) days before the Final Pretrial Conference). As such this proposed instruction is untimely, and given that it was disclosed about twenty-four hours ago, Plaintiffs have not been given a reasonable opportunity to evaluate its applicability and/or propriety. |

| | |
|---|---|
| | Also, the defense of good faith does not apply in this action. Indeed, the cited source of that instruction – Cal. Civil Code section 3439.08 – relates to actions under the Uniform Voidable Transactions Act. No claim is being brought under that act in this case. Therefore, it is misleading and would only serve to confuse the jury. As such, this jury instruction should not be read to the jury at trial. |
| **Defendants' Proposed Special Jury Instruction No. 5: Laches**<br>Mr. Polsky and SEFED contend that Ms. Bai And Wingsail's delay in bringing this lawsuit is barred by the doctrine of laches. To succeed on this defense, Mr. Polsky and SEFED must prove that (1) Ms. Bai and Wingsail's delay in bringing this lawsuit was unreasonable or inexcusable and (2) Mr. Polsky or SEFED were prejudiced by that delay. | **Objection**<br>This instruction was disclosed by counsel for Defendants at 5:00 p.m. on October 22, 2026, one day before the jury instructions and other pretrial documents were due to be filed. Pursuant to the Court's Scheduling Order (ECF 63), all jury instructions and verdict forms were to be exchanged no later than fourteen (14) days before the L-R 16-2 Meeting of Counsel (which is required to occur at least forty (40) days before the Final Pretrial Conference). As such this proposed instruction is untimely, and given that it was disclosed |

| | |
|---|---|
| | about twenty-four hours ago, Plaintiffs have not been given a reasonable opportunity to evaluate its applicability and/or propriety.<br>Moreover, Plaintiffs' claims for money judgments are actions at law and are therefore not subject to the equitable defense of laches. (*Abbott v. City of Los Angeles*, 50 Cal.2d 438, 461-62 (1958); *Pratali v. Gates*, 4 Cal.App.4th 632, 645 (1992).) As such, this instruction should not be read to the jury at the time of trial. |
| **Defendants' Proposed Special Jury Instruction No. 6: Lack of Standing**<br>Mr. Polsky and SEFED contend that Ms. Bai is not the real party in interest and therefore may not pursue the claims asserted in this action. Every action must be prosecuted in the name of the person or entity that owns or holds the right to be enforced. To succeed on this defense, Mr. Polsky and SEFED must prove one of the following: (1) Ms. Bai does not have an injury in fact, (2) there | **Objection**<br>This instruction was disclosed by counsel for Defendants at 5:00 p.m. on October 22, 2026, one day before the jury instructions and other pretrial documents were due to be filed. Pursuant to the Court's Scheduling Order (ECF 63), all jury instructions and verdict forms were to be exchanged no later than fourteen (14) days before the L-R 16-2 Meeting of Counsel (which is required to occur at least forty (40) days |

| | |
|---|---|
| is no connection between Ms. Bai's claimed injury and the conduct she complains of; or (3) Ms. Bai's claimed injury cannot be redressed by favorable decision. | before the Final Pretrial Conference). As such this proposed instruction is untimely, and given that it was disclosed about twenty-four hours ago, Plaintiffs have not been given a reasonable opportunity to evaluate its applicability and/or propriety.<br>Moreover, the concept of lack of standing is not an affirmative defense; rather it is plaintiff's burden to prove standing. *Kanaan v. Yaqub*, 709 F.Supp.3d 864, 869 (N.D. Cal. 2023). Each of the instruction that have already been agreed upon adopt this concept. Each element of each cause of action requires plaintiff to show entitlement to bring such cause of action. As such, this instruction is an incorrect statement of the law, misleading, and confusing, and should not be read to the jury at the time of trial. |
| **Defendants' Proposed Special Jury Instruction No. 7: Failure to Mitigate**<br>Mr. Polsky and SEFED contend that Ms. Bai and Wingsail failed to take reasonable steps to avoid or reduce their | **Objection**<br>This instruction was disclosed by counsel for Defendants at 5:00 p.m. on October 22, 2026, one day before the jury instructions and other pretrial |

| | |
|---|---|
| claimed harm. To succeed on this defense, Mr. Polsky and SEFED must prove that (1) Wingsail or Ms. Bai failed to take reasonable steps to mitigate damages after the alleged harm occurred; (2) Wingsail or Ms. Bai's failure to act was unreasonable under the circumstances; and (3) the damages that Wingsail or Ms. Bai claim could have been avoided. | documents were due to be filed. Pursuant to the Court's Scheduling Order (ECF 63), all jury instructions and verdict forms were to be exchanged no later than fourteen (14) days before the L-R 16-2 Meeting of Counsel (which is required to occur at least forty (40) days before the Final Pretrial Conference). As such this proposed instruction is untimely, and given that it was disclosed about twenty-four hours ago, Plaintiffs have not been given a reasonable opportunity to evaluate its applicability and/or propriety.<br>Moreover, this instruction is duplicative of Manual of Model Jury Instructions 5.3, to which the parties have already agreed. As such, this proposed instruction is unnecessary, would create juror confusion, and/or would place undue emphasis on this legal defense. Therefore, this instruction should not be read to the jury at trial. |

| **Defendants' Proposed Special Jury Instruction No. 8: Estoppel** | **Objection** |
|---|---|
| Mr. Polsky and SEFED contend that Ms. Bai and Wingsail are estopped from asserting their claims. To succeed on this defense, Mr. Polsky and SEFED must prove that (1) Wingsail's interest in Alter was transferred to SEFED through an agreement to which Wingsail is a party; and (2) Wingsail or Ms. Bai intended Wingsail to enter into an agreement with SEFED to transfer its interest, or SEFED had a right to believe that Wingsail or Ms. Bai intended for Wingsail to enter into a contract with SEFED. | This instruction was disclosed by counsel for Defendants at 5:00 p.m. on October 22, 2026, one day before the jury instructions and other pretrial documents were due to be filed. Pursuant to the Court's Scheduling Order (ECF 63), all jury instructions and verdict forms were to be exchanged no later than fourteen (14) days before the L-R 16-2 Meeting of Counsel (which is required to occur at least forty (40) days before the Final Pretrial Conference). As such this proposed instruction is untimely, and given that it was disclosed about twenty-four hours ago, Plaintiffs have not been given a reasonable opportunity to evaluate its applicability and/or propriety.<br><br>Moreover, this defense is equitable in nature and therefore is not decided by a jury. *C&K Engineering Contractors v. Amber Steel Company, Inc.*, 23 Cal.3d 1, 10-11 (1978). |

| CACI No. 337 (Affirmative Defense – Novation) | Objection |
| --- | --- |
| Mr. Polsky and SEFED claim that the original contract with Wingsail cannot be enforced because the parties substituted the Agreement to Accept Collateral In Full Satisfaction of Obligations for the Loan and Pledge Agreement. To succeed, Mr. Polsky and SEFED must prove that all parties agreed, by words or conduct, to cancel the Loan and Pledge Agreement contract and to substitute the Agreement to Accept Collateral In Full Satisfaction of Obligations in its place. If you decide that Mr. Polsky and SEFED has proved this, then the Loan and Pledge Agreement is not enforceable. | This instruction was disclosed by counsel for Defendants at 5:00 p.m. on October 22, 2026, one day before the jury instructions and other pretrial documents were due to be filed. Pursuant to the Court's Scheduling Order (ECF 63), all jury instructions and verdict forms were to be exchanged no later than fourteen (14) days before the L-R 16-2 Meeting of Counsel (which is required to occur at least forty (40) days before the Final Pretrial Conference). As such this proposed instruction is untimely, and given that it was disclosed about twenty-four hours ago, Plaintiffs have not been given a reasonable opportunity to evaluate its applicability and/or propriety.<br>Moreover, this affirmative defense relates only to breach of contract actions, and is not applicable to tort claims. In fact, this particular CACI instruction is located in the section for breach of contract claims. Defendants will not be able to find a single case in which the defense of novation applies to |

| | |
|---|---|
| | fraud and/or breach of fiduciary duty cases. That is because none exist. As such, this instruction is not applicable and is therefore confusing and should not be read to the jury at the time of trial. |
| **CACI No. 1925 (Affirmative Defense – Statute of Limitations – Fraud or Mistake)**<br>Mr. Polsky and SEFED contend that Ms. Bai and Wingsail's lawsuit was not filed within the time set by law. To succeed on this defense, Mr. Polsky and SEFED must prove that Ms. Bai and Wingsail's claimed harm occurred before April 7, 2020. If Mr. Polsky and SEFED prove that Ms. Bai and Wingsail's claimed harm occurred before April 7, 2020, Ms. Bai and Wingsail's lawsuit was still filed on time if Ms. Bai and Wingsail prove that before that date, they did not discover facts constituting the fraud, and with reasonable diligence could not have discovered those facts. | **Objection**<br>This instruction was disclosed by counsel for Defendants at 5:00 p.m. on October 22, 2026, one day before the jury instructions and other pretrial documents were due to be filed. Pursuant to the Court's Scheduling Order (ECF 63), all jury instructions and verdict forms were to be exchanged no later than fourteen (14) days before the L-R 16-2 Meeting of Counsel (which is required to occur at least forty (40) days before the Final Pretrial Conference). As such this proposed instruction is untimely, and given that it was disclosed about twenty-four hours ago, Plaintiffs have not been given a reasonable opportunity to evaluate its applicability and/or propriety.<br>Moreover, this affirmative |

| | |
|---|---|
| | defense relates only to Plaintiffs' claims for fraud, and does not relate to Plaintiffs' other claims. As such, this instruction is incomplete, inaccurate, and would create undue juror confusion. Therefore, it should not be read to the jury at trial in this matter. |
| **Defendants' Amended Special Verdict Form (ECF No. 129)** | This form was disclosed by counsel for Defendants at 4:07 p.m. on October 23, 2026, at the time it was filed. Pursuant to the Court's Scheduling Order (ECF 63), all jury instructions and verdict forms were to be exchanged no later than fourteen (14) days before the L-R 16-2 Meeting of Counsel (which is required to occur at least forty (40) days before the Final Pretrial Conference). As such this proposed form is untimely, and given that it was disclosed only two hours ago, Plaintiffs have not been given a reasonable opportunity to evaluate its applicability and/or propriety. |

[SIGNATURE ON NEXT PAGE]

Dated: October 23, 2026

BUUS LAW GROUP APC

*/s/ William L. Buus*

By: William L. Buus
Counsel for Plaintiffs
WINGSAIL HOLDINGS, LLC and
YUNFEI "KRISTY" BAI

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and am not a party to the within action. My business address is that of 3 Pointe Drive, Suite 110, Brea, California 92821.

I hereby certify that on October 23, 2026, I electronically filed the foregoing PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND PROPOSED VERDICT FORM with the Clerk of the Court using ECF which will send notification and a copy of such filing to the following persons:

Alejandro S. Angulo, Esq.
aangulo@rutan.com
Joelle Leib, Esq.
jleib@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Tel.: 714-641-5100
Fax: 714-546-9035

Attorneys for Defendants ANDREW POLSKY and SEFED

Executed on October 23, 2026, at Brea, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ William L. Buus*