UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES –
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02398-JWH (DFMx) | April | November 2, 2026 |
| Title | *Wingsail Holdings LLC v. Andrew Polsky et al.* | | |

| | |
|---|---|
| Present: The Honorable | JOHN W. HOLCOMB, U.S. DISTRICT JUDGE |

| | |
|---|---|
| Clarissa Lara | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: ORDER REFERRING PARTIES TO BANKRUPTCY JUDGE SCOTT C. CLARKSON FOR SETTLEMENT CONFERENCE (IN CHAMBERS)**

Pursuant to this Court's Minute Order,[1] the parties are **DIRECTED** to participate in a Settlement Conference with Bankruptcy Judge Scott C. Clarkson. Principals of the parties with full decision-making authority are **DIRECTED** to appear in person at the Settlement Conference. Counsel for the parties are **DIRECTED** forthwith jointly to contact the Chambers of Bankruptcy Judge Scott C. Clarkson regarding the schedule for the Settlement Conference. Attached is a Memorandum from Bankruptcy Judge Clarkson's Chambers regarding some of the logistics for the Settlement Conference.

The deadline for the parties to complete the Settlement Conference is December 30, 2026. Within one court day of the completion of the Settlement Conference, the parties are **DIRECTED** to notify Judge Holcomb's Courtroom

[1] *See* Minute Order re Defendant's Motions *in Limine* [ECF No. 137].

Deputy Clerk, at JWH_Chambers@cacd.uscourts.gov, regarding the result of their settlement efforts.

**IT IS SO ORDERED.**

**JUDGE CLARKSON'S INSTRUCTIONS FOR PRE-TRIAL STIPULATIONS, SETTLEMENT INSTRUCTIONS, REGULAR TRIAL AND EVIDENTIARY HEARING INSTRUCTIONS**

When searching for items on the court's website, visit *www.cacb.uscourts.gov*

## Preface

The parties to an adversary proceeding must carefully read and comply with the following instructions ("PTS Instructions") for preparing a Pre-Trial Stipulation and an Order Approving Pre-Trial Stipulation. Except as explicitly stated below, the PTS Instructions supplement, not supplant, the requirements and procedures in Local Bankruptcy Rule ("LBR") 7016-1(a)--(g), including the timelines therein. The Parties must also read LBRs 7030-1 pertaining to depositions. To be aware of requirements related to trial briefs and exhibits included with a filed document or to be presented at a trial, the parties must also read the documents titled "Judge Clarkson's Procedures Trials and Evidentiary Hearings," and, if applicable, "Judge Clarkson's Procedures for Trial by Declaration," which can be found on Judge Clarkson's page of the court's website, under "Instructions/Procedures."

**NOTICE TO PARTIES:** Any Party that fails to explicitly follow the PTS Instructions may be subject to sanctions pursuant to LBR 1001-1(f) and 7016-1(f), and 11 U.S.C. § 105(a).

## Pre-Trial Instructions

### Required Papers to File or Lodge

1) A model Pre-Trial Stipulation ("Model Pretrial Stipulation") is separately posted on Judge Clarkson's section of the Court's website, and all Pre-Trial Stipulations filed with this Court must comport to the Model Pretrial Stipulation.

2) A model Order re: Pretrial Stipulation ("Model Order re: Pretrial Stipulation") is separately posted on Judge Clarkson's section of the Court's website, and all such orders must comport to the Model Order re: Pretrial Stipulation.

3) The Court allows pretrial stipulations to be either filed or lodged via LOU pursuant to Local Bankruptcy Rule 7016-1(b). If the pretrial stipulation is lodged, however, a Notice of Lodgment must be filed.

### Required Contents for the Pre-Trial Stipulation

1) Each Pre-Trial Stipulation must contain the following:

   a) **Section I** – Underlying Issues of Fact Common to All Claims for Relief:
      i) Only facts fundamental to the adversary proceeding should be included.
      ii) Each fact should be stated in a separate paragraph.
      iii) No legal issues/assertions should be listed in this section. If the Parties find that argument and evidence offered in support of a stated "fact" is repeated in the Claims for Relief section, it is likely a mixed issue of law and fact or a legal conclusion and does not belong in the Underlying Issues of Fact Common to All Claims for Relief section.
      iv) State whether each fact is contested or not contested. Please carefully consider whether facts identified as contested are truly contested. The Court carefully reviews whether the Parties' argument(s) and supporting evidence directly controvert the

asserted fact.

v) For each fact that is not contested, stating "not contested" is adequate. For each contested fact, in separate paragraphs provide a brief statement of each party's argument and supporting evidence including any admissions and proposed witnesses and exhibits. If Defendant does not have evidence to present regarding an asserted fact, Defendant should so state and should elucidate why Plaintiff has failed to meet Plaintiff's burden to establish the fact.

b) **Section II** – Claims for Relief:

i) It is Plaintiff's duty to elucidate each claim for relief and specify the elements which establish the claim.

ii) State whether each element of the claim for relief is contested or not contested. Please carefully consider whether an element identified as contested is truly contested. The Court carefully reviews whether the Parties' argument(s) and supporting evidence are relevant to the element being contested.

iii) For each element that is not contested, stating "not contested" is adequate.

iv) For each contested element, in separate paragraphs, provide a brief statement of each party's argument (including a brief citation of authority supporting the position) and supporting evidence including any admissions and proposed witnesses and exhibits. If Defendant does not have evidence to present regarding an element of a claim for relief, Defendant should so state and should elucidate why Plaintiff has failed to meet Plaintiff's burden to establish that element.

c) **Section III** – Remedies

i) Plaintiff should state each remedy sought in a separate paragraph. If claiming money damages, specifically state the damages claimed and how the damages are calculated.

ii) State whether the remedy claimed is contested or not contested. Please consider that contesting liability does not require contesting damages, and vice versa.

iii) If a remedy is not contested, stating "not contested" is adequate.

iv) If contested, in separate paragraphs provide a brief statement of each party's argument and supporting evidence including any admissions and proposed witnesses and exhibits. If Defendant does not have evidence to present regarding a remedy sought, Defendant should so state and should elucidate why Plaintiff has failed to meet Plaintiff's burden to establish entitlement to the relief claimed.

d) **Section IV** – Affirmative Defenses:

i) It is Defendant's duty to elucidate each affirmative defense and specify the elements which establish the defense.

ii) State whether each element of the affirmative defense is contested or not contested.

iii) For each contested element, in separate paragraphs provide a brief statement of each party's argument (including a brief citation of authority supporting the position) and supporting evidence including any admissions and proposed witnesses and exhibits. If Plaintiff does not have evidence to present regarding a claim for relief, Plaintiff should so state and should elucidate why Defendant has failed to meet Defendant's burden to establish the element of the affirmative defense.

e) **Section V** – Exhibits:
   i) The Parties must attach and state that their exhibits are listed and attached to the Pre-Trial Stipulation in the appropriate Appendix. Plaintiff's exhibits are to be indexed and attached in Appendix 1. Defendant's exhibits are to be indexed and attached in Appendix 2.
   ii) Each Party must identify which exhibits are stipulated to be admitted at trial and which are subject to objection. The failure to object to the admission of exhibits listed on Appendices 1 and 2 shall be deemed a waiver of any objection.
   iii) If there is a dispute as to the admissibility of either party's exhibits for any purpose which cannot be remedied, NOT an evidentiary objection which may be remedied at trial (such as lack of foundation) or which may only be determined at trial (such as relevance or hearsay where there may be a non-hearsay purpose for offering the evidence), the objecting party must file and serve a Motion to Exclude concurrently with the Pre-Trial Stipulation. See Section 2 below.
   iv) Legible copies of each exhibit a party intends to use at trial must be attached to the Pre-Trial Stipulation unless the exhibit is to be used for impeachment purposes only.
   v) If any party is attaching deposition transcripts as an exhibit, please be aware that the Court requires strict compliance with Local Bankruptcy Rule 7030-1(b).

f) **Section VI** – Witnesses to Be Offered by Each Party:
   i) The Parties must use the language in Section VI of the Model Pretrial Stipulation.
   ii) In the appropriate appendix, each party must list the witnesses which the party intends to call to testify at trial.
   iii) For each witness listed, summarize the witness' anticipated testimony and estimate the time needed for the direct and cross examination of the witness. It is important to be as accurate as possible in estimating the time needed as that is what the Court uses to allocate the appropriate amount of trial time.

g) **Section VII** – Rebuttal Testimony and Stipulation:
   i) The Parties must use the language in Section VII of the Model Pretrial Stipulation.

2) **Motions to Exclude**
   a) As a general rule, motions to exclude evidence are only appropriate to object to patently inadmissible or prejudicial evidence.
   b) If there is any dispute as to the admissibility of either party's evidence, the objecting party must file and serve concurrently with the Pre-Trial Stipulation a motion to exclude the subject evidence with a supporting memorandum of points and authorities.
   c) Any response to the motion must be filed and served two court days prior to the pre-trial conference. All objections to admission of exhibits submitted with the Pre-Trial Stipulation will be resolved at the pre-trial conference.

## Settlement Instructions

1) If the Parties are considering settling or are in the process of settling, be advised:
   a) Unless a settlement is reached prior to the pre-trial conference date, a pre-trial stipulation must be timely filed and served. Failure to timely comply may result in sanctions.
   b) A stipulation to continue of the pre-trial conference will rarely be granted if the reason for the continuance is that the parties are "discussing settlement" or "in the process of settling."

2) If the Parties have reached a settlement:
   a) The parties should immediately contact and advise the Judge's law clerk at (714) 338-5460.
   b) The pre-trial conference may be continued to allow for execution and filing the written settlement if the stipulation to continue contains a copy of the settlement or a substantial recitation of its terms.
   c) The stipulation to continue must be filed at least three (3) court days prior to the pre-trial conference and a judge's copy delivered so that it arrives at the judge's chambers at least three (3) court days prior to the pre-trial conference. An order must be submitted with the stipulation to continue.

3) If the adversary is based on 11 U.S.C. §523(c), then the settlement or stipulated judgment must contain an admission of liability under §523(a)(2), (4) or (6) on behalf of Defendant for it not to be treated as a reaffirmation agreement controlled by §524. If no admission is present, then the requirements of §524(c) and (d) must be followed.

## Trial Instructions

1) Trial dates are firm and generally, scheduled trials will not be continued prior to or at trial, except for compelling reasons and in the interest of justice. Motions/stipulations for continuance of the trial must be submitted in writing and in accordance with the local rules concerning continuances, along with a corresponding order. Convenience of the parties or counsel alone ordinarily is not a sufficient reason for a continuance.

2) If the parties reach a settlement prior to trial, they must inform the Court promptly at (714) 338-5460. A written stipulation must be filed, and a proposed order must be lodged at least three (3) court days prior to the trial date. A written settlement may be subject to review as discussed above under "Settlement Instructions".

3) The Parties must comply with Local Bankruptcy Rule 9070-1(a) with respect to identifying and marking trial exhibits, preparing an exhibit register on the form available on the court's website under "Court Forms", and preparing and bringing to the trial adequate exhibit sets for all counsel and the witness. The Court requires four copies and one original of exhibit binders to be delivered to Chambers fourteen (14) days prior to the trial. The failure to submit exhibits will preclude that party from introducing exhibits at trial. All exhibits, even if they are attached to declarations, must be included in the exhibit binders with consecutively numbered pagination and marked with consecutive numbers/ letters. The form of trial exhibits must comply with The Central Guide and Local Rules, including marking each exhibit with the appropriate tags (available on the Court website) and separating each exhibit with tabs. See LBR 9070-1(a). **Evidence: EXHIBIT REGISTER; EXHIBIT TAGS: Plaintiff & Defendant | Central District of California | United States Bankruptcy Court**. Each Exhibit binder may not exceed 1.5 inches in width. In addition, all parties presenting exhibits must prepare an exhibit register in the form of Form B 3024 "EXHIBIT REGISTER AND NOTICE RE DISPOSITION OF EXHIBITS" available on the court's website, www.cacb.uscourts.gov,

under "Court Forms." **<u>The Parties are warned that failure to retrieve exhibits will result in their destruction without further notice thirty days after trial</u>**.

4) Briefs are required for trials. All trial briefs must be filed and served not less than fourteen (14) calendar days in advance of the trial date, with a Judge's Copy served by personal delivery or overnight mail to Chambers suite 5130 on the same date and should comply with the local rules and The Central Guide, including, specifically, Local Bankruptcy Rule 5005-2(d), as well as section 3-02 of The Central Guide. **Chambers: DELIVER a JUDGE'S COPY | Central District of California | United States Bankruptcy Court**.The parties are encouraged to include a brief statement of the pertinent facts in their briefs, with citations to exhibits.

5) Unless otherwise ordered, all witnesses must be physically present at the beginning of trial, or else they may not be allowed to provide testimony.

6) Unless otherwise directed by the Court at trial, opening statements are permissible (but not required). Counsel should be prepared to complete closing arguments as soon as the parties have rested. Post-trial briefs are appropriate only if ordered by the Court.

7) Counsels are to instruct their witnesses to pause briefly before answering the question asked of them, to allow opposing counsel to object. Objections are signaled to the Court by standing prior to the witness' answer.

## <u>Evidentiary Hearings Instructions</u>

1) Briefs are required for evidentiary hearings. In the absence of a specific briefing schedule set by the Court for an evidentiary hearing, briefs must be filed fourteen (14) calendar days prior to the evidentiary hearing. Judge's copies of the briefs should be delivered to Chambers suite 5130 on the same date and should comply with the local rules and the The Central Guide, including, specifically, Local Bankruptcy Rule 5005-2(d), as well as Section 3-02 of The Central Guide.

2) The Parties must comply with Local Bankruptcy Rule 9070-1(a) with respect to identifying and marking trial exhibits, preparing an exhibit register on the form available on the court's website under "Court Forms", and preparing and bringing to the hearing adequate exhibit sets for all counsel and the witness. The Court requires four copies and one original of exhibit binders to be delivered to Chambers suite 5130 fourteen (14) days prior to the evidentiary hearing. The failure to submit exhibits will preclude that party from introducing exhibits at the evidentiary hearing. All exhibits, even if they are attached to declarations, must be included in the exhibit binders with consecutively numbered pagination and marked with consecutive numbers/ letters. The form of evidentiary hearing exhibits must comply with the The Central Guide and Local Rules, including marking each exhibit with the appropriate tags (available on the Court website) and separating each exhibit with tabs. See LBR 9070-1(a). **Evidence: EXHIBIT REGISTER; EXHIBIT TAGS: Plaintiff & Defendant | Central District of California | United States Bankruptcy Court**. Each exhibit binder may not exceed 1.5 inches in width. In addition, all parties presenting exhibits must prepare an exhibit register in the form of Form B 3024 "EXHIBIT REGISTER AND NOTICE RE DISPOSITION OF EXHIBITS" available on the court's website, www.cacb.uscourts.gov, under "Court Forms." **<u>Parties are warned that failure to retrieve exhibits will result in their destruction without further notice thirty days after trial</u>**.